1   David J. Miclean (#115098/miclean@fr.com)
    FISH & RICHARDSON P.C.
2   500 Arguello Street, Suite 500
    Redwood City, California 94063
3   Telephone:  (650) 839-5070
    Facsimile:  (650) 839-5071
4
    Lisa M. Martens (#195824/martens@fr.com)
5   FISH & RICHARDSON P.C.
    12390 El Camino Real
6   San Diego, California 92130
    Telephone:  (858) 678-5070
7   Facsimile:  (858) 678-5099

8   Attorneys for Plaintiff
    APPLE COMPUTER, INC.
9

10              UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12                 (SAN FRANCISCO DIVISION)

13

| | |
|---|---|
| 14  APPLE COMPUTER, INC., | Case No. |
| 15              Plaintiff, | **COMPLAINT FOR:** |
| 16          v. | 1.  Trademark Infringement in Violation of 15 U.S.C. § 1114(1) |
| 17  PODFITNESS, INC., and DOES 1-100, inclusive, | 2.  Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15 U.S.C. § 1125(a) |
| 18              Defendants. | 3.  Trade Dress Infringement in Violation of 15 U.S.C. § 1125(a) |
| 19 | 4.  Trademark Dilution in Violation of 15 U.S.C. § 1125(c) |
| 20 | 5.  Trademark Infringement in Violation of Cal. Bus. & Prof. Code § 14335 *et seq.* |
| 21 | 6.  Trademark Dilution in Violation of Cal. Bus. & Prof. Code § 14330 |
| 22 | 7.  Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* |
| 23 | 8.  Untrue and Misleading Advertising in Violation of Cal. Bus. & Prof. Code §§ 17500 and 17535 |
| 24 | |
| 25 | |
| 26 | |
| 27 | **JURY TRIAL DEMANDED** |
| 28 | |

1

COMPLAINT
Case No. __

Dockets.Justia.com

1    Plaintiff APPLE COMPUTER, INC. hereby states and alleges as follows:

2    **NATURE OF THE ACTION**

3    1.    This action seeks permanent injunctive relief and damages against Defendant's willful

4    infringement and dilution of Plaintiff's famous trademark **IPOD**, under the Lanham Trademark

5    Act of 1946, as amended, Title 15, United States Code, § 1051 et seq. (the "Lanham Act"),  and

6    for infringement, dilution and unfair competition under California Business & Professions Code

7    §§14330, 14335, 17200, 17500 and 17535.

8    2.    APPLE COMPUTER, INC. ("Apple") is a corporation organized under the laws of

9    Delaware, with a business address at 1 Infinite Loop, Cupertino, California, 95014.  Apple is one

10   of the world's leading computer technology companies and the creator of the enormously

11   successful portable handheld media player offered and sold under the trademark **IPOD**.  Apple's

12   worldwide annual sales in 2005 were US$13.9 billion.

13   3.    On information and belief, defendant PODFITNESS, INC. ("Defendant") is a

14   corporation organized under the laws of Nevada, with a business address at 3544 East Danish

15   Road, Sandy, Utah 84093.

16   4.    On information and belief, Defendant is in the business of offering goods and services

17   that involve the use of Apple's ITUNES proprietary digital media player application to create

18   customized digital audio files.  Such files, which feature music and instructional advice from

19   professional fitness trainers, are designed to be played on the consumer's portable media player,

20   particularly the **IPOD** player, to facilitate his or her exercise routine.  Defendant promotes its

21   products and services on the Internet at *http://www.podfitness.com* under the trade name

22   PODFITNESS.COM and uses the trademark and service mark PODFITNESS, and other similar

23   POD-formative marks, detailed below,  in connection with its goods and services.  Defendant's

24   trade name and marks are highly similar to and confusingly similar to Apple's famous trademarks

25   as they are used in the marketplace, and Defendant has intentionally sought to imply an

26   association with Apple in its marketing and advertising.  Unless Defendant is enjoined from

27   continuing to use marks confusingly similar to Apple's famous **IPOD** mark, and any other

28   confusing signs or indicia, to promote its goods and services, the **IPOD** mark will continue to be

2

1  infringed and diluted, thereby destroying the distinctive quality that Apple has developed over the

2  years, to the detriment of Apple and the public.

3  **JURISDICTION AND VENUE**

4      5.   This is a civil action arising under the Lanham Act, Title 15, United States Code,

5  §§1114, 1125(a), (c) and (d) *et seq.* and under the common and statutory laws of California.  This

6  Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction),§

7  1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

8      6.   Personal jurisdiction over the defendant is vested and venue is proper pursuant to 28

9  U.S.C. § 1391 in the United States District Court for the Northern District of California because a

10  substantial part of the events giving rise to the claims herein occurred in this District, and

11  Defendant owns and operates an interactive website that displays and promotes the infringing

12  marks and attempts to establish communication on-line with parties who are interested in

13  Defendant's goods and services, including parties in this District.  On information and belief,

14  Defendant solicits and has done business using Apple's marks, or marks infringing Apple's marks

15  in this State with customers located within this State and in this District and thereby purposefully

16  availed itself of the privilege of doing business in this State and in this District.  The claims

17  alleged herein arise out of or are related to the defendant's forum-related activities and the

18  exercise of jurisdiction herein is otherwise reasonable.  Personal jurisdiction is also proper over

19  the Defendant in that the intentional and wrongful conduct described herein was directed at this

20  District and at Apple, whom Defendant knew to be a resident of this District, and who is a resident

21  of this State, and who suffered damage in this District as a result of Defendant's intentional

22  conduct.

23      7.   Venue is proper in the United States District Court for the Northern District of

24  California pursuant to 28 U.S.C. §§1391(b) and (c) as the claims arise in this District and

25  Defendant, a corporation, is subject to personal jurisdiction in this District.

26  ///

27  ///

28

COMPLAINT
JURY TRIAL DEMANDED

## BACKGROUND

### Apple's Valuable Trademark Rights

8.   In addition to its position as one of the world's most successful and innovative computer technology companies, Apple has spearheaded the digital music revolution through its **IPOD** portable handheld media players and its ITUNES on-line music store.

9.   Since its introduction on October 23, 2001, the **IPOD** player has become an extremely popular and widely recognized consumer product, with over 50 million units sold worldwide.  The **IPOD** player has led digital media player sales in the U.S. for the past several years, garnering tremendous commercial success.

10.  In the past five years, the **IPOD** player has truly become a cultural phenomenon.  As stated by Andy Serwer in a Fortune magazine article dated June 27, 2005, "[i]t's hard to recall any branded recreational product that ever carried the cultural oomph that the iPod now has.  The Hula-Hoop was a fad.…As for the Walkman, the iPod's mobile-music ancestor, it generated massive sales.  But it never impacted behavior or peripheral markets quite the way the iPod has."  As an example of the **IPOD** player's reach, starting in the fall of 2004, Duke University initiated a program in which all incoming freshman were provided **IPOD** players, free of charge, to use as high-tech educational tools to record lectures, capture scientific data and play language-training recordings.

11.  On information and belief, consumers and industry publications have adopted and have used in the marketplace the term "POD" as slang for the mark **IPOD**, to refer to Apple's **IPOD** player.

12.  The **IPOD** player is comprised of a portable and handheld digital electronic device and integrated software for recording, organizing, transmitting, manipulating, and reviewing text, audio and video files.  The **IPOD** player is promoted and sold for a variety of uses, including entertainment, education, and exercise.

13.  Every **IPOD** player is packaged with Apple's stylized and unique white earphones, commonly called earbuds.  Apple's distinctive earbuds consist of white circular ear speakers with a gray rim, which are attached to a white cylinder of molded plastic covering the white wire.

1    Apple's earbuds have been prominently displayed in its advertising for the **IPOD** player, and,

2    most famously, are featured in Apple's popular silhouette advertising campaigns.  As a result of

3    this well-known advertising campaign and the success of the **IPOD** products, the distinctive white

4    earbuds have become associated with Apple and its **IPOD** players.  Such earbuds shall be referred

5    to hereafter as the "Earbud Trade Dress."

6        14.  Since their introduction in October 2001, Apple has continuously and extensively

7    promoted, offered and sold its **IPOD** players, and related goods and services, in interstate

8    commerce under the **IPOD** mark.  The **IPOD** players are available in retail stores and on-line at

9    various websites, including The Apple Store at the URL *http://store.apple.com*.

10        15.  On October 18, 2001, Apple filed United States Trademark Application Serial No.

11    78/089,144 for the **IPOD** mark.  On May 9, 2006, the United States Patent and Trademark Office

12    issued Registration No. 3,089,360 to Apple for **IPOD** for "portable and handheld digital electronic

13    devices for recording, organizing, transmitting, manipulating, and reviewing text, data, and audio

14    files; computer software for use in organizing, transmitting, manipulating, and reviewing text,

15    data, and audio files on portable and handheld digital electronic device."  A true and correct copy

16    of the USPTO online record for Registration No. 3,089,360 is attached hereto as Exhibit A.

17        16.  On October 18, 2001, Apple filed United States Trademark Application Serial No.

18    75/982,871 for **IPOD**.  On April 27, 2004, the United States Patent and Trademark Office issued

19    Registration No. 2,835,698 to Apple for **IPOD** for "portable and handheld digital electronic

20    devices for recording, organizing, transmitting, manipulating, and reviewing audio files; computer

21    software for use in organizing, transmitting, manipulating, and reviewing audio files on portable

22    and handheld digital electronic devices."  A true and correct copy of the USPTO online record for

23    Registration No. 3,089,360 is attached hereto as Exhibit B.

24        17.  On March 29, 2005, Joseph N. Grasso assigned the entire interest in Registration No.

25    2,781,793 to Apple for **IPOD** for "public Internet kiosk enclosure containing computer hardware."

26    A true and correct copy of the USPTO online record for Registration No. 3,089,360 is attached

27    hereto as Exhibit C.

28        18.  On November 23, 2004, Apple filed United States Trademark Application Serial No.

1   78/521,891 for **IPOD** for "printed materials and publications, namely, books, magazines,

2   newsletters, brochures, booklets, pamphlets, manuals, journals, leaflets, greeting cards, and

3   catalogues all relating to computer software, computer hardware, consumer electronics, digital

4   technology, telecommunications, on-line retailing, entertainment, music, movies and video, and

5   multimedia apparatus and instruments; pens and pencils, clipboards, posters, memo pads,

6   binders." This application is based on Application No. 3957768 for **IPOD** in the European Union,

7   and received a priority filing date of July 28, 2004, under Section 44(d) of the Lanham Act. A true

8   and correct copy of the USPTO online record for this application is attached hereto as Exhibit D.

9       19. On December 14, 2004, Apple filed United States Trademark Application Serial No.

10  78/532,252 for **IPOD** for "Educational services in the nature of classes and training services

11  offered in-person and over computer networks in the fields of K-12 education, university-level

12  subjects, topics of general interest, and computer hardware and software applications;

13  entertainment services in the nature of musical, video, audio-video, and textual materials, namely

14  books, plays, pamphlets, brochures, newsletters, journals, and magazines, on the subjects of

15  sporting and cultural activities and a wide range of topics of general interest offered in-person and

16  distributed over computer networks; providing electronic publications for browsing and

17  downloading over computer networks, namely books, pamphlets, brochures, newsletters, journals,

18  and magazines, on the subjects of computer hardware and software applications and a wide range

19  of topics of general interest; editing of audio-tapes; editing of video-tapes; editing of written text;

20  editing of photographic images; videotape editing; digital imaging services; providing

21  information, advice and consultation services relating to all the aforesaid." This application is

22  based on Application No. 3957768 for **IPOD** in the European Union, and received a priority filing

23  date of July 28, 2004, under Section 44(d) of the Lanham Act. A true and correct copy of the

24  USPTO online record for this application is attached hereto as Exhibit E.

25      20. On December 21, 2005, Apple filed United States Trademark Application Serial No.

26  78/778,627 for **IPOD NANO** for "portable and handheld digital electronic devices for recording,

27  organizing, transmitting, manipulating, and reviewing text, data, and audio files; computer

28  software for use in organizing, transmitting, manipulating, and reviewing text, data, and audio

1  files on portable and handheld digital electronic devices." A true and correct copy of the USPTO

2  online record for this application is attached hereto as Exhibit F.

3      21. On June 18, 2005, Apple filed United States Trademark Application Serial No.

4  78/653,661 for **IPOD** for "a full line of electronic and mechanical accessories for portable and

5  handheld digital electronic devices for recording, organizing, transmitting, manipulating, and

6  reviewing text, data, audio and video files; electronic docking stations; stands specially designed

7  for holding portable and handheld digital electronic devices; battery chargers; battery packs;

8  electrical connectors, wires, cables, and adaptors; wired and wireless remote controls for portable

9  and handheld digital electronic devices; headphones and earphones; stereo amplifier and speaker

10  base stations; automobile stereo adapters; audio recorders; radio receivers; radio transmitters;

11  image scanners; video viewers, namely video monitors for portable and handheld digital electronic

12  devices; and, electronic memory card readers; a full line of computer software for portable and

13  handheld digital electronic devices for recording, organizing, transmitting, manipulating, and

14  reviewing text, data, audio, image, and video files; computer application software for recording

15  and organizing calendars and schedules, to-do lists, and contact information; computer game

16  software; and, computer software for clock and alarm clock functionality; carrying cases, sacks,

17  and bags, all for use with portable and handheld digital electronic devices for recording,

18  organizing, transmitting, manipulating, and reviewing text, data, audio, image, and video files." A

19  true and correct copy of the USPTO online record for this application is attached hereto as Exhibit

20  G.

21      22. On August 10, 2005, Apple filed United States Trademark Application Serial No.

22  78/689,534 for **MADE FOR IPOD & Design** for "a full line of electronic and mechanical

23  accessories for portable and handheld digital electronic devices for recording, organizing,

24  transmitting, manipulating, and reviewing text, data, audio and video files; electronic docking

25  stations; stands specially designed for holding portable and handheld digital electronic devices;

26  battery chargers; battery packs; electrical connectors, wires, cables, and adaptors; wired and

27  wireless remote controls for portable and handheld digital electronic devices; headphones and

28  earphones; stereo amplifier and speaker base stations; automobile stereo adapters; audio recorders;

1    radio receivers; radio transmitters; image scanners; video viewers, namely video monitors for

2    portable and handheld digital electronic devices; and, electronic memory card readers; a full line

3    of computer software for portable and handheld digital electronic devices for recording,

4    organizing, transmitting, manipulating, and reviewing text, data, audio, image, and video files;

5    computer application software for recording and organizing calendars and schedules, to-do lists,

6    and contact information; computer game software; and, computer software for clock and alarm

7    clock functionality; carrying cases, sacks, and bags, all for use with portable and handheld digital

8    electronic devices for recording, organizing, transmitting, manipulating, and reviewing text, data,

9    audio, image, and video files." A true and correct copy of the USPTO online record for this

10   application is attached hereto as Exhibit H.

11       23.  On April 11, 2005, Apple filed United States Trademark Application Serial No.

12   78/606,357 for **IPOD SOCKS** for "Cases and bags specifically adapted for carrying computers

13   and consumer electronics, namely, portable and handheld digital electronic devices for recording,

14   organizing, transmitting, manipulating, and reviewing text, data, audio and video files." This

15   application is based on Registration No. 4071271 for **IPOD SOCKS** in the European Union, and

16   received a priority filing date of October 12, 2004, under Section 44(d) of the Lanham Act. A true

17   and correct copy of the USPTO online record for this application is attached hereto as Exhibit I.

18       24.  On March 9, 2006, Apple filed United States Trademark Application Serial No.

19   78/833,929 for **IPOD HI-FI** for "speakers; sound systems comprising remote controls, amplifiers,

20   loudspeakers and components thereof; apparatus for reproduction of sound; apparatus for

21   connecting and charging portable and handheld digital electronic devices for recording,

22   organizing, transmitting, manipulating, and reviewing audio, video and other digital content; parts

23   and fittings for all the aforesaid goods." This application is based on Application No. 300497133

24   for **IPOD HI-FI** in Hong Kong, and received a priority filing date of September 20, 2005, under

25   Section 44(d) of the Lanham Act. A true and correct copy of the USPTO online record for this

26   application is attached hereto as Exhibit J.

27       25.  On June 18, 2005, Apple filed United States Trademark Application Serial No.

28   78/653,667 for **IPOD** for "full line of holders, straps, armbands, and clips for portable and

1  handheld digital electronic devices for recording, organizing, transmitting, manipulating, and

2  reviewing text, data, audio, image, and video files; lanyards for portable and handheld digital

3  electronic devices for recording, organizing, transmitting, manipulating, and reviewing text, data,

4  audio, image, and video files." A true and correct copy of the USPTO online record for this

5  application is attached hereto as Exhibit K.

6      26. On June 18, 2005, Apple filed United States Trademark Application Serial No.

7  78/653,669 for **IPOD** for "full line of clothing, footwear, and headwear." A true and correct copy

8  of the USPTO online record for this application is attached hereto as Exhibit L.

9      27. On November 23, 2004, Apple filed United States Trademark Application Serial No.

10 78/521,796 for **IPOD** for "Retail store services and retail store services provided via

11 communications networks featuring computers, computer software, computer peripherals and

12 consumer electronics, and pre-recorded music, audio-visual and music-related products; product

13 demonstrations provided in-store and via communications networks; information and consultation

14 in connection with all of the foregoing; computerized data storage and retrieval services for digital

15 music, photographs, and audio-visual and text works; information and consultation in connection

16 therewith." This application is based on Application No. 3957768 for IPOD in the European

17 Union, and received a priority filing date of July 28, 2004, under Section 44(d) of the Lanham Act.

18 A true and correct copy of the USPTO online record for this application is attached hereto as

19 Exhibit M.

20     28. On July 29, 2004, Apple filed United States Trademark Application Serial No.

21 78/459,101 for the **POD** mark for "portable and handheld digital electronic devices for recording,

22 organizing, transmitting, manipulating, and reviewing audio files, and peripherals for use

23 therewith; computer software for use in organizing, transmitting, manipulating, and reviewing

24 audio files on portable and handheld digital electronic devices." This application is based on

25 Section 44(e) of the Lanham Act, and claims a priority filing date of January 30, 2004 in reliance

26 on Registration No. 3634623 for **POD** in the European Union. A true and correct copy of the

27 USPTO online record for this application is attached hereto as Exhibit N.

28     29. Apple has used and is using its **IPOD** mark in commerce on and in connection with

COMPLAINT
JURY TRIAL DEMANDED

1  offering and selling its portable handheld media players and associated goods and services

2  continuously since October 2001.  On information and belief, the POD mark has been used by

3  consumers and industry publications as a slang term for the **IPOD** mark and product.

4       30.  On information and belief, since its introduction in 2001, consumers have used

5  Apple's **IPOD** products in connection with their fitness activities.  As a result, for several years,

6  Apple has marketed and sold **IPOD**-compatible protective "sports cases" and arm bands to

7  facilitate the use of the **IPOD** player while exercising.  Apple markets such accessories at The

8  Apple Store (at *http://store.apple.com*) under the slogan, "[k]eep you IPOD secure when you're on

9  the go.  Perfect for riding, running, and working out."

10      31.  In May 2006 Apple announced that it had entered into a collaboration with shoe

11 manufacturer Nike to release a new product, referred to as Nike +**IPOD**, that would allow a

12 runner's shoes to communicate with an **IPOD** player.  The Nike + **IPOD** Sports Kit component of

13 the product is designed to allow an **IPOD** player to function as a personal trainer or coach, and to

14 help the user achieve individualized fitness goals.  The Nike +**IPOD** product is being promoted by

15 Apple and Nike in advertisements, some of which feature Apple's distinctive Earbud Trade Dress

16 next to a running shoe, and is now available in retail stores and on-line at various websites,

17 including The Apple Store at the URL *http://store.apple.com*.

18                    **The Fame of Apple's Trademarks**

19      32.  In the almost five years that Apple has been continuously using the **IPOD** mark in

20 interstate commerce, it has spent hundreds of millions of dollars advertising and promoting its

21 goods and services under the **IPOD** mark in a variety of media, including but not limited to

22 television, radio, a wide variety of general circulation and specialized print media, billboards,

23 trade shows and the Internet.  The goods and services offered by Apple under the **IPOD** mark

24 have been the subject of many thousands of articles in general circulation newspapers and

25 magazines, as well as radio, television and Internet broadcasts.

26      33.  By virtue of the long, continuous and exclusive use by Apple of the **IPOD** mark and

27 the extensive and costly national and international marketing efforts and repeated association of

28 Apple's goods and services with the **IPOD** mark, Apple's mark has become famous all over the

1    world.  As a result, the consuming public in California and nationwide uses the **IPOD** mark to

2    identify Apple's goods and services, and associates the mark with Apple exclusively.  Because of

3    the consistent quality of Apple's goods and services marketed under and in association with the

4    **IPOD** mark, Apple has established considerable good will and reputation with respect to its goods

5    and services.

6        34.  Apple's use of the **IPOD** mark has been exclusive and continuous since long prior to

7    the date of Defendant's first use of its mark.  Furthermore, Apple's **IPOD** mark became famous

8    long before the date of Defendant's first use of the infringing POD-formative marks referenced

9    herein.  The **IPOD** mark is well known and is an asset of immense value to Apple.

10                              **Defendant's Wrongful Conduct**

11       35.  On information and belief, Defendant PodFitness launched its business in March 2006

12   as a direct result of the popularity of the **IPOD** players.  On information and belief, in order to

13   trade on the good will established by Apple in its **IPOD** mark, Defendant intentionally chose the

14   trade name PODFITNESS to deceive and mislead consumers into believing that Defendant's

15   business is somehow affiliated with Apple and Apple's products.  Defendant also engaged in a

16   variety of illegal activities, described below, all for the purpose of creating confusion as to the

17   source of its goods and services in order to profit from the success of the **IPOD** mark.

18       36.  Defendant has adopted and now uses PODFITNESS as a trademark for its

19   downloadable audio files for handheld media players and related services, which it promotes and

20   provides on the Internet through its website located at *www.podfitness.com*.  Consumers pay a

21   monthly subscription fee to download Defendant's digital audio files.  Defendant's digital audio

22   files are customized workout programs created by professional fitness trainers in response to a

23   consumer's stated personal exercise objectives.  The files are then downloaded to the customer's

24   digital media player to be set to music already on the customer's player.  According to the

25   *www.podfitness.com* website, Defendant's consumers must use Apple's ITUNES proprietary

26   digital media player application to facilitate the downloading of Defendant's audio workout files.

27       37.  Defendant's PODFITNESS product is directly competitive with goods and services

28   offered by Apple under its **IPOD** mark, including, but not limited to Nike +**IPOD**.

38.   Defendant has also adopted the following logo (on the left) (herein referred to as the "PODFITNESS.COM Logo") for its products and services, which it promotes on its website and which incorporates an image of white and grey earbuds that are strikingly similar to the Earbud Trade Dress:

 

The Earbud Trade Dress is depicted above on the right.  A captured image of the Defendant's website showing use of the PODFITNESS.COM Logo in commerce is attached hereto as Exhibit O.  A printout of Apple's website showing use of the Earbud Trade Dress in commerce is attached hereto as Exhibit P.

39.   Defendant has also copied and prominently displays Apple's registered **IPOD** mark throughout its *www.podfitness.com* website and particularly on the homepage, including in the tagline: "Put a Personal Trainer right on your IPOD®," and the bold caption: "Customized IPOD Workouts" (although Defendant recently removed both phrases from its home page after communications from Apple).  Defendant repeatedly displays conspicuous photos of the **IPOD** product on the site, and prominently features images of individuals exercising while wearing Apple's well-known Earbud Trade Dress.  (See Exhibit Q for captured images of Defendant's website dated July 27, 2006 and September 20, 2006).  In the "Support" section of the website, Defendant states that "you will need to have [Apple's] ITUNES 6 installed in order to use the PodFitness software."

40.   On information and belief, Defendant has directly copied images of the **IPOD** player from Apple's website at *www.apple.com* to use on its own *www.podfitness.com* website, as shown in the comparison below.  A captured image of Apple's **IPOD** player from Apple's website is depicted below to the right.  (See Exhibit R for a full printout from Apple's website showing images of its **IPOD** players.)  The virtually identical image to the left is taken from Defendant's website (see Exhibit Q for captured images from Defendant's website).

COMPLAINT
JURY TRIAL DEMANDED





41. Defendant uses Apple's registered **IPOD** mark in the metatags of each page on its *www.podfitness.com* website, causing Defendant's website to appear as a "hit" when a query is conducted through a search engine for the phrase "**IPOD** Workout."

42. Defendant is also listed as a sponsored link on the search engine *www.google.com* in connection with the keywords "**IPOD** Workout" and "**IPOD** Fitness," causing a link to the *www.podfitness.com* website to appear prominently in the top banner or right margin of the screen in response to a search query for such terms.

43. On March 16, 2006, Defendant ran a full-page advertisement in the Wall Street Journal, which stated in large type:

> Dear Steve Jobs,
> Thanks for the IPOD®.
> Best,
> Jeff Hays
>
> P.S. Wait till you hear what we did with it!
> Call me, 801-990-3238

The bottom of the advertisement prominently displayed the white earbuds shown in the PODFITNESS.COM Logo mark along with the tagline "Your Music. Your Workout. Your Way." Underneath the logo in smaller print, the advertisement read:

1  "If you're not Steve, and would like to download unlimited, customized training sessions

2  mixed with your music, it's only $19.95 per month. For you Steve, it's on the house.

3  www.podfitness.com/steve."

4  A copy of the above-referenced advertisement is attached hereto as Exhibit S.

5  44. It is widely known to the public that Steve Jobs is the CEO of Apple. Neither Steve

6  Jobs, nor Apple, authorized this use of his name in Defendant's advertisements for the

7  PODFITNESS product.

8  45. On information and belief, Defendant used this commercial advertisement for the

9  purpose of misleading and confusing the public about its association with Apple, and to trade on

10  the good will, reputation and fame of Apple, its CEO and its **IPOD** player, and its enormous

11  investment in the **IPOD** mark, and to unjustly enrich itself at the expense of Apple and the public.

12  46. On information and belief, Defendant has entered into an arrangement with the W

13  Hotels whereby guests at the hotels are offered a free subscription to Defendant's services. On

14  information and belief, Defendant has used this commercial opportunity for the purpose of

15  misleading and confusing the public about its association with Apple.

16  47. On information and belief, Defendant has entered into an arrangement with Marware,

17  Inc. in which the parties will collaborate to create fitness products and services involving Apple's

18  **IPOD** player. In a press release dated September 7, 2006, Jeff Hays, Chief Executive Officer of

19  PodFitness, is quoted as follows: "Our partnership with Marware brings together the premier iPod

20  accessory maker and Podfitness, the best way to train with your iPod." On information and belief,

21  Defendant has used this commercial opportunity for the purpose of misleading and confusing the

22  public about its association with Apple.

23  48. Apple has not consented to any of Defendant's uses of its **IPOD** mark or its product

24  images, nor any mark comprised in whole or part of **POD**, nor has Apple sponsored, endorsed or

25  approved the goods or services offered and promoted by Defendant. Nor is there any affiliation

26  between Apple and Defendant.

27  49. On November 29, 2005, Defendant filed Application Serial No. 78/762,928 with the

28  United States Patent and Trademark Office (USPTO) to register the PODFITNESS mark for its

COMPLAINT
JURY TRIAL DEMANDED

products and services in three classes, including the same class of goods for which **IPOD** is

registered, namely:

> Class 9: Downloadable music, audio programs and audio files; downloadable music recordings for exercise programs, fitness plans and training systems

> Class 35: On-line retail store services in the field of music, audio programs and audio files; on-line retail store services featuring downloadable pre-recorded music; on-line retail store services in the field of exercise programs, fitness plans and training systems

> Class 41: Providing an on-line computer database featuring information regarding exercise programs, fitness plans and training systems; providing an on-line computer database in the field of music, audio programs and audio files for exercise programs, fitness plans and training systems; providing digital music from web sites on the Internet; providing digital music from the Internet

(the "PodFitness Goods and Services").

50.   On December 17, 2005, Defendant filed Application Serial No. 78/775,610 with the

USPTO to register the PODFITNESS.COM Logo mark for the PodFitness Goods and Services.

51.   On January 9, 2006, Defendant filed Application Serial No. 78/787,637 with the

USPTO to register the PODPOCKET mark for clothing , namely, "blouses; caps; coats; footwear;

gloves; hats; headwear; jackets; jerseys; pants; pullovers; shirts; short-sleeved or long-sleeved t-

shirts; shorts; socks; sweaters; t-shirts; tops; underwear."

52.   On January 27, 2006, Defendant filed Application Serial No. 78/800,739 with the

USPTO to register the mark PODWORKOUT mark for PodFitness Goods and Services.

53.   Defendant's marks described in paragraphs 49 and 50 will be referred to herein as the

"Infringing Marks."   All of Defendant's above-listed marks in paragraphs 49-52 will be

collectively referred to herein as the "PodFitness Marks."

54. Promptly upon learning of Defendant's use of PODFITNESS as a trade name and

trademark, on March 14, 2006, Apple's counsel sent a letter to Jeffrey Hays, Defendant's

president, notifying him that Defendant's use of the PODFITNESS mark and the depiction of

Apple's Earbud Trade Dress as part of the PODFITNESS.COM Logo mark infringed Apple's

trademark rights and diluted the distinctive quality of Apple's **IPOD** marks.   Apple requested that

Defendant cease its use or intended use of the PodFitness Marks and its plans to launch the

product, which Defendant's website indicated was scheduled for March 21, 2006.   Apple also

1  requested Defendant abandon its pending applications for the PodFitness Marks.

2      55.  On March 20, 2006, Apple's counsel called Mr. Hays and put him on notice again of

3  the unlawfulness of Defendant's actions before it proceeded with its scheduled launch.

4      56.  Shortly thereafter, Defendant proceeded to launch its PODFITNESS service despite

5  notice and knowledge of Apple's concerns.

6      57.  Despite repeated efforts, Apple has been unable to obtain Defendant's agreement to

7  voluntarily cease the infringing and diluting activities, referred to above, and the infringing and

8  diluting conduct continues today.  Defendant's pattern of conduct and its outright refusal to

9  respect Apple's trademark rights confirms Apple's belief that Defendant deliberately and willfully

10 selected and is using marks similar to Apple's famous trademarks to mislead and confuse

11 consumers into believing that Defendant's goods and services are provided, sponsored, or

12 approved by Apple, and to mislead consumers that Defendant is somehow associated with Apple.

13 Defendant is improperly trading on Apple's reputation and good will and its enormous investment

14 in and promotion of the **IPOD** mark, and is diluting the distinctiveness of the **IPOD** mark.

15     58.  Apple, the famous **IPOD** mark, and the business of Apple are known to Defendant

16 and were known to Defendant at the time it adopted the PodFitness Marks and began offering its

17 goods and services under the Infringing Marks.

18     59.  Defendant's first commercial use of the Infringing Marks for its goods and services

19 occurred much later than Apple's first use of the **IPOD** mark for its goods and services, and well

20 after Apple's **IPOD** mark had become famous.

21     60.  Defendant's trademark applications for the PodFitness Marks were all filed

22 subsequent to the application date for Apple's **IPOD** registrations and **POD** application.

23     61.  On information and belief, Defendant adopted the "POD" portion of its mark to make

24 a direct reference to Apple's **IPOD** product, with full knowledge that POD is used as a slang term

25 for **IPOD**.

26     62.  The PodFitness Marks are identical or very similar to Apple's marks, the most

27 prominent element of the PodFitness Marks, "POD," comprising the most prominent element of

28 Apple's **IPOD** mark.  In addition, the dominant element of the PodFitness Marks, "POD," is

1   identical to the "POD" slang term used to refer to the IPOD products.

2       63. Defendant uses, or intends to use, the PodFitness Marks on goods and services that are

3   identical, or at least highly related, to Apple's **IPOD** goods and related services.

4       64. Defendant's promotion and sales of its goods and services under the Infringing Marks

5   are directed to consumers of Apple's **IPOD** products and are conducted through the same channels

6   of trade as are used by Apple to promote and sell its **IPOD** goods and related services.

7       65. Defendant's use of the Infringing Marks and Defendant's actions described herein are

8   likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry, and

9   all channels of trade for Apple's **IPOD** goods and related services.

10       66. Defendant's use of the Infringing Marks and Defendant's actions described herein

11   cause dilution of the famous **IPOD** mark.

12       67. Defendant's use of the Infringing Marks and its actions described herein have been,

13   and continue to be, deliberate, willful, and with disregard to the rights of Apple.

14       68. Defendant's continuing conduct constitutes an ongoing threat to Apple and the public.

15   Apple has sustained and will continue to sustain irreparable injury as a result of Defendant's

16   conduct, which injury is not compensable by the award of monetary damages. Unless Defendant

17   is restrained and enjoined from engaging in its infringing and diluting conduct, Apple will

18   continue to suffer irreparable injury.

19                 **FIRST CAUSE OF ACTION**
          **(Trademark Infringement – 15 U.S.C. § 1114(1))**

20

21       69. Apple incorporates herein by reference each and every allegation in the preceding

22   paragraphs.

23       70. Prior to Defendant's adoption of the PodFitness Marks and use of the Infringing

24   Marks, Defendant either had actual notice and knowledge, or constructive notice (pursuant to 15

25   U.S.C. § 1072), of Apple's ownership and registrations of the **IPOD** mark.

26       71. On information and belief, Defendant was aware of Apple's business and its **IPOD**

27   mark and registrations prior to Defendant's adoption of the PodFitness Marks and use of the

28   Infringing Marks in connection with its business.

72. On information and belief, Defendant deliberately and willfully used and is using the Infringing Marks in an attempt to trade on the enormous goodwill, reputation and selling power established by Apple under the **IPOD** mark, and to create a false impression of association with Apple.

73. On information and belief, Defendant has used the Infringing Marks as trademarks in interstate commerce, including in this judicial district.

74. On information and belief, the goods and services offered and/or sold by Defendant under the Infringing Marks are moving and will continue to move through the same channels of trade, and are being offered and/or sold through the same channels of advertising and to the same consumer groups, as the goods and services that are offered and sold by Apple under the **IPOD** mark.

75. Apple has not consented to Defendant's use of the Infringing Marks.

76. Defendant's unauthorized use of term "POD" as a key component of its Infringing Marks falsely indicates to consumers that Defendant's goods and/or services are in some manner connected with, sponsored by, affiliated with, or related to Apple, and/or the products and services of Apple.

77. Defendant's unauthorized use of the Infringing Marks is also likely to cause consumers to be confused as to the source, nature and quality of the goods and/or services that Defendant is selling in connection with the Infringing Marks.

78. Defendant's unauthorized use of the Infringing Marks, as set forth herein, facilitates the acceptance of Defendant's goods and/or services throughout the marketplace, not based on the quality of the goods and services provided by Defendant, but on the association that the public is likely to make with Apple and the reputation and goodwill associated with Apple's goods and services.

79. Defendant's unauthorized use of the Infringing Marks deprives Apple of the ability to control the quality of the goods and services marketed under the **IPOD** mark, and instead, places Apple's valuable reputation and goodwill into the hands of Defendant, over whom Apple has no control.

1    80.  The aforementioned activities of Defendant are likely to cause confusion or mistake,

2  or to deceive consumers or potential consumers wishing to purchase Apple's products and

3  services, and is also likely to confuse consumers as to an affiliation between Apple and Defendant.

4    81.  The aforementioned acts of Defendant constitute federal trademark infringement in

5  violation of 15 U.S.C. § 1114.

6    82.  The intentional and willful nature of Defendant's acts makes this an exceptional case

7  under 15 U.S.C. § 1117(a).

8    83.  Apple has been, is now, and will be irreparably harmed by Defendant's

9  aforementioned acts of infringement, and unless enjoined by the Court, Defendant will continue to

10  infringe upon the **IPOD** mark.  There is no adequate remedy at law for the harm caused by the acts

11  of infringement alleged herein.

12  **SECOND CAUSE OF ACTION**

**(Trademark Infringement, Unfair Competition, and False**

13  **Designation of Origin – 15 U.S.C. § 1125(a))**

14    84.  Apple incorporates herein by reference each and every allegation in the preceding

15  paragraphs.

16    85.  Apple is informed and believes that Defendant chose its trade name, domain name and

17  the PodFitness Marks, and took the other actions alleged above, to cause confusion or mistake, or

18  to deceive the public as to the origin, sponsorship, association or approval of the goods and

19  services of Defendant, deliberately to pass off Defendant's goods and services as those of Apple,

20  and/or to falsely imply an association with Apple.

21    86.  Defendant's acts as alleged herein constitute, among other things, false designations

22  of origin, false or misleading descriptions of fact, or false or misleading representations of fact

23  which are likely to cause confusion or mistake, or to deceive the public as to the origin,

24  sponsorship, association or approval of the goods and services of Defendant.

25    87.  Defendant's conduct constitutes trademark infringement and unfair competition in

26  violation of 15 U.S.C. § 1125(a).

27    88.  Unless enjoined, Defendant will continue its infringing conduct.

28    89.  As a direct and proximate result of Defendant's infringing conduct, Apple has

COMPLAINT
JURY TRIAL DEMANDED

1 | suffered and will continue to suffer irreparable injury to its business reputation and goodwill for

2 | which no adequate remedy exists at law, and has lost sales and profits in an amount not yet fully

3 | ascertained.

4 |    90.  Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful,

5 | and deliberate entitling Apple to an accounting of Defendant's profits, increased damages, and an

6 | award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

7 | 
8 |

### THIRD CAUSE OF ACTION
### (Trade Dress Infringement - 15 U.S.C. § 1125(a))

9 |    91.  Apple incorporates herein by reference each and every allegation in the preceding

10 | paragraphs.

11 |    92.  Apple is the owner of common law rights throughout the United States in the Earbud

12 | Trade Dress.

13 |    93.  The Earbud Trade Dress has been prominently displayed in Apple's advertising for

14 | the **IPOD** player, and, most famously, is featured in Apple's popular silhouette advertising

15 | campaigns.  As a result of this well-known advertising campaign and the success of the **IPOD**

16 | products, the Earbud Trade Dress has come to be associated exclusively with Apple and its **IPOD**

17 | players.  (See Exhibit P).

18 |    94.  The Earbud Trade Dress has become distinctive of Apple's digital music products and

19 | services, and distinguishes Apple's goods and services from those offered by others.

20 |    95.  The Earbud Trade Dress was distinctive long before Defendant began offering its

21 | services on the *podfitness.com* website in connection with the PODFITNESS.COM Logo.

22 |    96.  The Earbud Trade Dress is non-functional.

23 |    97.  Defendant's unauthorized use of the PODFITNESS.COM Logo, which incorporates

24 | the dominant elements comprising the Earbud Trade Dress, is likely to cause confusion, to cause

25 | mistake, or to deceive as to the source of the goods and services by Defendant, or as to affiliation,

26 | connection, association, sponsorship, or approval of such goods and services.

27 |    98.  Defendant's unauthorized use of the PODFITNESS.COM Logo, which incorporates

28 | the dominant elements comprising the Earbud Trade Dress, is likely to cause the public to believe

COMPLAINT
JURY TRIAL DEMANDED

1    that the goods and services Defendant is offering originate from Apple or are associated with

2    Apple.

3        99.    Defendant's unauthorized use of the PODFITNESS.COM Logo, which incorporates

4    the dominant elements comprising the Earbud Trade Dress, constitutes a commercial use in

5    interstate commerce.

6        100. Defendant's unauthorized use of the PODFITNESS.COM Logo, which incorporates

7    the dominant elements comprising the Earbud Trade Dress, constitutes trade dress infringement in

8    violation of Section 43(a) of the Lanham Act, 15 U.S.C.§ 1125(a).

9        101.    As a direct and proximate result of Defendant's infringing conduct, Apple has

10   suffered and will continue to suffer irreparable injury to its business reputation and goodwill for

11   which no adequate remedy exists at law, and has lost sales and profits in an amount not yet fully

12   ascertained.

13       102.    Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful,

14   and deliberate entitling Apple to an accounting of Defendant's profits, increased damages, and an

15   award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

16                            **FOURTH CAUSE OF ACTION**
                     **(Trademark Dilution – 15 U.S.C. § 1125(c))**
17

18       103.    Apple incorporates herein by reference each and every allegation in the preceding

19   paragraphs.

20       104.    The **IPOD** mark and product have been and continue to be extensively promoted and

21   marketed nationwide.  As a result, the **IPOD** mark has gained strong national public recognition

22   and is eligible for protection against dilution as a distinctive and famous mark.

23       105.    The **IPOD** mark is well known, is of great value to Apple, is recognized and relied

24   upon by the trade and the public as identifying Apple as the source of Apple's goods and services,

25   and serves to distinguish Apple's goods and services from those of others.  Apple's use of the

26   **IPOD** mark has been exclusive and continuous since long prior to the date of Defendant's use of

27   the Infringing Marks.

28       106.    Defendant's use of the Infringing Marks in the advertising and promotion of its

1  goods and/or services dilutes the strength and value of the **IPOD** mark.

2      107.  Without injunctive relief, Apple has no means by which to control the continuing

3  injury to its reputation and goodwill or of the continuing dilution of its trademark.  Apple has been

4  and will continue to suffer irreparable injury for which no adequate remedy exists at law.

5      108.  Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful,

6  and deliberate entitling Apple to an accounting of Defendant's profits, increased damages, and an

7  award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

8                          **FIFTH CAUSE OF ACTION**
   **(Trademark Infringement – Cal. Bus. & Prof. Code §14335 *et seq.*)**
9

10     109.  Apple incorporates herein by reference each and every allegation in the preceding

11  paragraphs.

12     110.  Defendant engaged in the acts as alleged herein to enhance the commercial value of

13  its goods or services.

14     111.  Defendant's acts as alleged herein constitute, among other things, unauthorized use

15  or infringement of Apple's trademark rights under California Business and Professions Code §§

16  14335 *et seq.*

17     112.  Unless enjoined, Defendant will continue its infringing conduct.

18     113.  As a direct and proximate result of Defendant's infringing conduct, Apple has

19  suffered and will continue to suffer irreparable injury to its business reputation and goodwill for

20  which no adequate remedy exists at law and has lost sales and profits in an amount not yet fully

21  ascertained.

22     114.  Because Defendant's actions have been committed willfully, maliciously and

23  intentionally, Apple is entitled to recover Defendant's profits together with Apple's damages,

24  trebled, costs of the action, and reasonable attorneys' fees pursuant to Cal. Bus & Prof. Code

25  §§14320, 14330, and 14340.

26  ///

27  ///

28  ///

## SIXTH CAUSE OF ACTION
### (Trademark Dilution - Cal. Bus. & Prof. Code § 14330)

115.  Apple incorporates herein by reference each and every allegation in the preceding paragraphs.

116.  The **IPOD** mark has been and continues to be extensively promoted and marketed nationwide.  As a result, the **IPOD** mark has gained strong national public recognition and is eligible for protection against dilution as a distinctive and famous mark.

117.  Defendant's use of the Infringing Marks in the advertising and promotion for its goods and/or services dilutes the distinctive quality of the **IPOD** mark.

118.  The above acts by Defendant constitute trademark dilution under California Business & Professions Code § 14330, the analogous statutes of other states, and under California common law.

119.  Without injunctive relief, Apple has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution of its trademark.  Apple has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Apple if it loses the ability to control the use of its **IPOD** mark and the reputation and goodwill attendant thereto through the false and unauthorized use of its trademark.

## SEVENTH CAUSE OF ACTION
### (Unfair Unlawful and Deceptive Business Practices - Cal. Bus. & Prof. Code § 17200 *et seq.*)

120.  Apple incorporates herein by reference each and every allegation in the preceding paragraphs.

121.  Defendant's business practices alleged above are unfair and offend public policy as they were unlawful, unfair, unscrupulous, and substantially injurious to Apple and consumers.

122.  The above acts by Defendant constitute unfair competition and unfair business practices in violation of the Section 17200 *et seq.* of the California Business & Professions Code, prohibiting unfair, unlawful and deceptive business acts.

123.  Pursuant to California Business and Professions Code § 17203, Apple is entitled to enjoin these practices.

COMPLAINT
JURY TRIAL DEMANDED

124.   Without injunctive relief, Apple has no means by which to control Defendant's deceptive and confusing use and advertising of its marks.  Apple is therefore entitled to injunctive relief prohibiting Defendant from continuing such acts of unfair competition, and appropriate restitution remedies, pursuant to California Business and Professions Code § 17203.

**EIGHTH CAUSE OF ACTION**
**(Untrue and Misleading Advertising -**
**Cal. Bus. & Prof. Code §§ 17500 and 17535)**

125.   Apple incorporates herein by reference each and every allegation in the preceding paragraphs.

126.   Defendant's use of Apple's **IPOD** mark and other marks confusingly similar to Apple's **IPOD** mark in advertising constitutes advertising done with the intent to directly or indirectly induce the public to enter into business transactions with Defendant regarding Defendant's services.

127.   Defendant's actions have caused, and are likely to continue to cause confusion and mistake, and to deceive as to the affiliation, connection or association of Defendant and Apple, and as to the origin, sponsorship, or approval of Defendant's goods and services by Apple and/or the origin, sponsorship, or approval of Apple's goods and services by Defendant, to Apple's harm.

128.   In making and disseminating advertising and promotional materials as alleged herein, Defendant knew, or by the exercise of reasonable care should have known, that the statements were untrue and/or misleading and so acted in violation of California Business & Professions Code § 17500 and/or § 17535. Defendant's unlawful actions have caused, and will continue to cause, irreparable harm to Apple unless enjoined.

**PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Apple respectfully requests that this Court enter an Order granting the following relief:

a) For judgment that the **IPOD** and **POD** marks have been and continue to be infringed by Defendant;

b) For judgment that the **IPOD** mark has been and continues to be diluted by Defendant;

c) Permanently enjoining Defendant and each of its agents, employees, servants, officers,

directors, successors in interest, heirs, assigns and all persons, firms or corporations, acting by or under their authority, in active concert or privity or in participation with it, from using the **IPOD** and **POD** marks or any confusingly similar marks in any way or using any word, words, phrases, symbols, logos, or any combination of words or symbol that would create a likelihood of confusion, mistake, or deception therewith, including, without limitation, the PodFitness Marks, in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of Defendant's business, services, and goods;

d) Permanently enjoining Defendant to recall from all its offices and all others, whether persons, firms, or corporations, acting by or under their authority, in active concert or privity or in participation with it, any material containing the **IPOD** or **POD** mark in any way and any word, words, phrases, symbols, logos, any combination of words or symbols that would create a likelihood of confusion, mistake and/or deception therewith, including, without limitation, the PodFitness Marks, in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of Defendant's business, goods and services;

e) Permanently enjoining Defendant, its officers, agents, employees, and all persons acting in concert with them, from infringing the **IPOD** and **POD** marks and/or engaging in further such unlawful acts and from reaping any additional commercial advantage from its misappropriation of the rights of Apple and all affiliated and related companies of Apple in the **IPOD** and **POD** marks and the registrations of these marks;

f) Requiring Defendant to destroy, at its sole and exclusive cost, all materials in its possession or under its control that contain infringements of the **IPOD** and **POD** marks;

g) Ordering the Director of the United States Patent and Trademark Office to order that Defendant is not entitled to any trademark registrations for the PodFitness Marks and any word, words, phrases, symbols, logos, or any combination of words or symbols that would create a likelihood of confusion, mistake, and/or deception therewith, including, without limitation, Defendant's Trademark Application Serial Numbers 78/762,928; 78/775,610;

1    78/800,739; and 78/787,637;

2    h)  Ordering that the <www.podfitness.com> domain name be transferred to Apple;

3    i)  For all actual damages sustained by Apple as the result of Defendant's acts of infringement

4        and/or dilution, together with prejudgment interest, according to proof, pursuant to 15

5        U.S.C. § 1117;

6    j)  For an accounting of the profits of Defendant resulting from their acts of infringement

7        and/or dilution pursuant to 15 U.S.C. § 1117;

8    k)  For enhanced damages pursuant to 15 U.S.C. § 1117;

9    l)  For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by

10       law;

11   m) For Apple's costs of suit, including its reasonable litigation expenses, pursuant to 15

12       U.S.C. § 1117; and

13   **n)**     Granting Apple such additional, other, or further relief as the Court deems proper and just.

14                          **DEMAND FOR JURY TRIAL**

15       Plaintiff demands trial by jury on all issues so triable.

16

17   DATED:  September 21, 2006            Respectfully submitted,

18                                        FISH & RICHARDSON P.C.

19

20                          By:

21                                        David J. Miclean
                                          Lisa M. Martens

22

23                                        Attorneys for Plaintiff
                                          APPLE COMPUTER, INC.

24

25   50373175.doc

26

27

28

COMPLAINT
JURY TRIAL DEMANDED