1  Charles J. Veverka (Application *Pro Hac Vice forthcoming*)
   Robert A. Aycock (Application *Pro Hac Vice forthcoming*)
2  Mark W. Ford (Application *Pro Hac Vice forthcoming*)
   WORKMAN | NYDEGGER
3  1000 Eagle Gate Tower
   60 East South Temple
4  Salt Lake City, UT  84111
   Telephone:    (801) 533-9800
5  Facsimile:    (801) 328-1707

6  William S. Farmer (State Bar No. 46694)
   Jacob Alpren (State Bar No. 235713)
7  COLLETTE ERICKSON FARMER & O'NEILL LLP
   235 Pine Street, Suite 1300
8  San Francisco, CA 94104
   Telephone:    (415) 788-4646
9  Facsimile:    (415) 788-6929

10 Attorneys for Defendant
   PODFITNESS, INC.

11

12                          UNITED STATES DISTRICT COURT

13                         NORTHERN DISTRICT OF CALIFORNIA

14                               SAN FRANCISCO DIVISION

15 | APPLE COMPUTER, INC.,              | Civil Action No. 4:06-cv-05805 SBA

16 |             Plaintiff,

17 |     v.                             | **ANSWER TO COMPLAINT**

18 | PODFITNESS, INC., and DOES 1-100,
   | inclusive                          | Hon. Saundra B. Armstrong
19 |
   |             Defendants.            | Date Action Filed:    September 21, 2006
20 |                                    | Trial Date:           Not Yet Set
                                        | Arbitration Deadline: Not Yet Set
21

22       Defendant, PODFITNESS, INC. ("Defendant" or "Podfitness") answers the Complaint of

23 Plaintiff, APPLE COMPUTER, INC. ("Plaintiff" or "Apple").  For clarity, Podfitness will retain

24 use of the headings contained within Apple's Complaint.  However, Defendant denies the

25 allegations or claims made by Plaintiff in its titles or headings within its Complaint.  Defendant

26 hereby answers as follows:

27

28

                                                1                              ANSWER

## NATURE OF THE ACTION

1. Defendant denies that Podfitness has infringed, willfully or otherwise, or diluted Plaintiff's trademark IPOD under the Lanham Act. Defendant denies that Podfitness has infringed, diluted, or committed unfair competition under any provision of the California Business & Professions Code. Defendant also denies each and every allegation of paragraph 1 not expressly admitted herein.

2. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 2 of the Complaint and on that basis denies each and every such allegation.

3. Defendant admits that Podfitness is a Nevada corporation with business address at 235 West Sego Lily Drive, Sandy, Utah 84070.

4. Defendant admits that Podfitness is in the business of offering goods and services that involve the use of Apple's ITUNES to create customized digital audio files. Defendant admits that the customized audio files feature music and instructional advice, and can be played on portable media players, including the IPOD. Defendant admits that it promotes Podfitness products on the Internet at http://www.podfitness.com and that it uses the PODFITNESS mark and other marks containing the letters "pod" in connection with its goods and services. Defendant denies that any of Podfitness' trade names are confusingly similar to Apple's trademarks or that Podfitness has sought to imply an association with Apple in its marketing and advertising. Defendant denies each and every remaining allegation of paragraph 4 of the Complaint not expressly admitted herein.

## JURISDICTION AND VENUE

5. Defendant denies that the acts and transactions complained of in paragraph 5 of the Complaint give rise to any liability and specifically deny that there is any merit to the claims of Plaintiff. Defendant admits that jurisdiction of this Court may be founded upon 28 U.S.C. §§ 1331, 1338, 1367 and that the Complaint purports to plead a civil action arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c), and (d), *et seq.* and under the common and statutory laws of California.

6. Defendant admits that Podfitness owns and operates an interactive website, and solicits business in California. Defendant denies that Podfitness uses or infringes Apple's trademarks in this or any state. Defendant denies each and every remaining allegation of paragraph 6 of the Complaint not expressly admitted herein.

7. Defendant denies that the acts and transactions complained of in paragraph 7 of the Complaint give rise to any liability and specifically deny that there is any merit to the claims of Plaintiff. Defendant admits the remaining allegations of paragraph 7 of the Complaint.

## BACKGROUND

8. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint and on that basis denies each and every such allegation.

9. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint and on that basis denies each and every such allegation.

10. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint and on that basis denies each and every such allegation.

11. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint and on that basis denies each and every such allegation.

12. Defendant admits that the Complaint alleges that the IPOD player is comprised of a portable and handheld digital electronic device and integrated software for recording, organizing, transmitting, manipulating, and reviewing text, audio and video files and that the IPOD player is promoted and sold for a variety of uses, including entertainment, education, and exercise; however, defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 12 and on that basis denies each and every such allegation.

13. Defendant denies that Apple's "earbuds," purportedly consisting of white circular ear speakers with a gray rim, which are attached to a white cylinder of molded plastic covering

the white wire, are distinctive or unique to Apple. Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 13 of the Complaint and on that basis denies each and every such allegation.

14. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint and on that basis denies each and every such allegation.

15. Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Registration No. 3,089,360 is attached to the Complaint as Exhibit A; however, defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 15 of the Complaint and on that basis denies each and every such allegation.

16. Defendant denies that a copy of USPTO online record for United States Trademark Registration No. 3,089,360 is attached to the Complaint as Exhibit B, and is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 16 of the Complaint and on that basis denies each and every such allegation.

17. Defendant denies that a copy of USPTO online record for United States Trademark Registration No. 3,089,360 is attached to the Complaint as Exhibit C, and is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 17 of the Complaint and on that basis denies each and every such allegation.

18. Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/521,891 is attached as Exhibit D; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 18 of the Complaint and on that basis denies each and every such allegation.

19. Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/532,252 is attached as Exhibit E; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the

remaining allegations of paragraph 19 of the Complaint and on that basis denies each and every such allegation.

20. Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/778,627 is attached as Exhibit F; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 20 of the Complaint and on that basis denies each and every such allegation.

21. Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/653,661 is attached as Exhibit G; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 21 of the Complaint and on that basis denies each and every such allegation.

22. Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/689,534 is attached as Exhibit H; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 22 of the Complaint and on that basis denies each and every such allegation.

23. Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/606,357 is attached as Exhibit I; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 23 of the Complaint and on that basis denies each and every such allegation.

24. Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/833,929 is attached as Exhibit J; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 24 of the Complaint and on that basis denies each and every such allegation.

25.     Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/653,667 is attached as Exhibit K; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 25 of the Complaint and on that basis denies each and every such allegation.

26.     Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/653,669 is attached as Exhibit L; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 26 of the Complaint and on that basis denies each and every such allegation.

27.     Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/521,796 is attached as Exhibit M; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 27 of the Complaint and on that basis denies each and every such allegation.

28.     Defendant admits that a copy of what appears to be USPTO online record for United States Trademark Application Serial No. 78/459,101 is attached as Exhibit N; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 28 of the Complaint and on that basis denies each and every such allegation.

29.     Defendant admits that Apple is using its IPOD mark in commerce on and in connection with portable media players and associated goods and services. Defendant denies that the POD mark is used by consumers and industry publications as a slang term for the IPOD mark and product.

30.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 30 of the Complaint and on that basis denies each and every such allegation.

31. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 31 of the Complaint and on that basis denies each and every such allegation.

32. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 32 of the Complaint and on that basis denies each and every such allegation.

33. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 33 of the Complaint and on that basis denies each and every such allegation.

34. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 34 of the Complaint and on that basis denies each and every such allegation.

35. Defendant admits that Podfitness launched its business in March 2006. Defendant denies each and every remaining allegation of paragraph 35 of the Complaint not expressly admitted herein.

36. Defendant admits that it uses the PODFITNESS mark in association with its downloadable audio files for media players and related services, which it promotes and provides on the Internet through www.podfitness.com. Defendant admits that consumers pay a monthly subscription fee to download Defendant's digital audio files. Defendant admits that the Podfitness digital audio files are customized workout programs created by professional fitness trainers in response to a consumer's stated personal exercise objectives. Defendant denies each and every remaining allegation of paragraph 36 of the Complaint not expressly admitted herein.

37. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 37 of the Complaint and on that basis denies each and every such allegation.

38. Plaintiff's use of the term "logo" is undefined and ambiguous with respect to its legal implication. On that basis, Defendant denies that Podfitness has adopted any "logo."

Defendant denies that Apple owns any trade dress rights in ear phones. Defendant denies each and every remaining allegation of paragraph 38 of the Complaint not expressly admitted herein.

39. Defendant admits that the following appear or have appeared on the www.podfitness.com website: "Put a Personal Trainer right on your IPOD®," "Customized IPOD Workouts," and "you will need to have ITUNES 6 installed in order to use the PodFitness software." Defendant denies each and every remaining allegation in paragraph 39 of the Complaint not expressly admitted herein.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant admits that Exhibit S appears to be a copy of an advertisement that Podfitness ran in the Wall Street Journal. Defendant denies each and every remaining allegation in paragraph 43 of the Complaint not expressly admitted herein.

44. Defendant admits that neither Steve Jobs nor Apple authorized the use of Jobs' name in Podfitness' advertisements for the PODFITNESS product. Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 44 of the Complaint and on that basis denies each and every such allegation.

45. Defendant denies each allegation in paragraph 45 of the Complaint.

46. Defendant admits that it has entered into a business relationship with the W Hotels. Defendant denies each and every remaining allegation of paragraph 46 of the Complaint not expressly admitted herein.

47. Defendant admits that it has entered into a relationship with Marware, Inc. Defendant denies each and every remaining allegation of paragraph 47 of the Complaint not expressly admitted herein.

48. Defendant admits that there is no affiliation between Podfitness and Apple. Defendant denies each and every remaining allegation of paragraph 48 of the Complaint not expressly admitted herein.

49. Defendant admits the allegations of paragraph 49 of the Complaint.

50. Defendant admits the allegations of paragraph 50 of the Complaint.

51. Defendant admits the allegations of paragraph 51 of the Complaint.

52. Defendant admits the allegations of paragraph 52 of the Complaint.

53. Defendant denies the allegation in paragraph 53 of the Complaint.

54. Defendant admits that Apple's counsel sent a letter dated March 14, 2006, to Jeffrey Hays, alleging that Defendant's use of its Podfitness marks infringed Apple's trademark rights. Defendant admits that in the March 14, 2006, letter, Apple requested that Podfitness cease its use of the marks and its plan to launch the product, and abandon its pending trademark applications. Defendant denies each and every remaining allegation of paragraph 54 of the Complaint not expressly admitted herein.

55. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 55 of the Complaint and on that basis denies each and every such allegation.

56. Defendant admits that it launched the PODFITNESS service. Defendant denies each and every remaining allegation of paragraph 56 of the Complaint not expressly admitted herein.

57. Defendant admits that it continues to use its Podfitness marks. Defendant denies each and every remaining allegation of paragraph 57 of the Complaint not expressly admitted herein.

58. Defendant admits that it is and was aware of the IPOD mark and the Apple business generally. Defendant denies each and every remaining allegation of paragraph 58 of the Complaint not expressly admitted herein.

59. Defendant denies that it infringes or has infringed any Apple mark. Defendant admits that the first use of the Podfitness mark was after Apple's first use of the IPOD mark. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 59 of the Complaint and on that basis denies each and every such allegation.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

61. Defendant denies the allegations of paragraph 61 of the Complaint.

62. Defendant denies the allegations of paragraph 62 of the Complaint.

63. Defendant admits that Podfitness uses and intends to use its marks on goods and services including downloadable music, audio programs and audio files; downloadable music recordings for exercise programs, fitness plans and training systems, on-line retail store services in the field of music, audio programs and audio files; on-line retail store services featuring downloadable pre-recorded music; on-line retail store services in the field of exercise programs, fitness plans and training systems, providing an on-line computer database featuring information regarding exercise programs, fitness plans and training systems; providing an on-line computer database in the field of music, audio programs and audio files for exercise programs, fitness plans and training systems; providing digital music from web sites on the Internet; providing digital music from the Internet; blouses; caps; coats; footwear; gloves; hats; headwear; jackets; jerseys; pants; pullovers; shirts; short-sleeved or long-sleeved t-shirts; shorts; socks; sweaters; t-shirts; tops; and underwear. Defendant denies each and every remaining allegation of paragraph 63 of the Complaint not expressly admitted herein.

64. Defendant admits that Podfitness' promotion and sales of its goods and services are directed to all consumers of portable audio devices, including but not limited to Apple's IPOD. Defendant denies each and every remaining allegation of paragraph 64 of the Complaint not expressly admitted herein.

65. Defendant denies the allegations of paragraph 65 of the Complaint.

66. Defendant denies the allegations of paragraph 66 of the Complaint.

67. Defendant denies the allegations of paragraph 67 of the Complaint.

68. Defendant denies the allegations of paragraph 68 of the Complaint.

## FIRST CAUSE OF ACTION

### (Trademark Infringement – 15 U.S.C. § 1114(1))

69. No responsive pleading is required for Paragraph 69 which realleges prior allegations.

70. Defendant admits the allegations of paragraph 70 of the Complaint.

71. Defendant denies that any of the acts alleged in the Complaint constitute an infringement. Defendant admits each and every remaining allegation of paragraph 71 of the Complaint.

72. Defendant denies the allegations of paragraph 72 of the Complaint.

73. Defendant admits that the Podfitness marks are used in interstate commerce, including in this judicial district. Defendant denies each and every remaining allegation of paragraph 73 of the Complaint not expressly admitted herein.

74. Defendant denies that any of the acts alleged in the Complaint constitute an infringement. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 74 of the Complaint and on that basis denies each and every such allegation.

75. Defendant denies the allegations of paragraph 75 of the Complaint.

76. Defendant denies the allegations of paragraph 76 of the Complaint.

77. Defendant denies the allegations of paragraph 77 of the Complaint.

78. Defendant denies the allegations of paragraph 78 of the Complaint.

79. Defendant denies the allegations of paragraph 79 of the Complaint.

80. Defendant denies the allegations of paragraph 80 of the Complaint.

81. Defendant denies the allegations of paragraph 81 of the Complaint.

82. Defendant denies the allegations of paragraph 82 of the Complaint.

83. Defendant denies the allegations of paragraph 83 of the Complaint.

## SECOND CAUSE OF ACTION

### (Trademark Infringement, Unfair Competition, and False Designation of Origin – 15 U.S.C. § 1125(a))

84. No responsive pleading is required for Paragraph 84 which realleges prior allegations.

85. Defendant denies the allegations of paragraph 85 of the Complaint.

86. Defendant denies the allegations of paragraph 86 of the Complaint.

87. Defendant denies the allegations of paragraph 87 of the Complaint.

88. Defendant denies the allegations of paragraph 88 of the Complaint.

89. Defendant denies the allegations of paragraph 89 of the Complaint.

90. Defendant denies the allegations of paragraph 90 of the Complaint.

### THIRD CAUSE OF ACTION

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

91. No responsive pleading is required for Paragraph 91 which realleges prior allegations.

92. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 92 of the Complaint and on that basis denies each and every such allegation.

93. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 93 of the Complaint and on that basis denies each and every such allegation.

94. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 94 of the Complaint and on that basis denies each and every such allegation.

95. Defendant denies the allegations of paragraph 95 of the Complaint.

96. Defendant denies the allegations of paragraph 96 of the Complaint.

97. Defendant denies the allegations of paragraph 97 of the Complaint.

98. Defendant denies the allegations of paragraph 98 of the Complaint.

99. Defendant denies the allegations of paragraph 99 of the Complaint.

100. Defendant denies the allegations of paragraph 100 of the Complaint.

101. Defendant denies the allegations of paragraph 101 of the Complaint.

102. Defendant denies the allegations of paragraph 102 of the Complaint.

### FOURTH CAUSE OF ACTION

### (Trademark Dilution – 15 U.S.C. § 1125(c))

103. No responsive pleading is required for Paragraph 103 which realleges prior allegations.

104. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 104 of the Complaint and on that basis denies each and every such allegation.

105. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 105 of the Complaint and on that basis denies each and every such allegation.

106. Defendant denies the allegations of paragraph 106 of the Complaint.

107. Defendant denies the allegations of paragraph 107 of the Complaint.

108. Defendant denies the allegations of paragraph 108 of the Complaint.

## FIFTH CAUSE OF ACTION

### (Trademark Infringement – Cal. Bus. & Prof. Code § 14335 *et seq.*)

109. No responsive pleading is required for Paragraph 109 which realleges prior allegations.

110. Defendant denies the allegations of paragraph 110 of the Complaint.

111. Defendant denies the allegations of paragraph 111 of the Complaint.

112. Defendant denies that Podfitness' conduct constitutes infringement.

113. Defendant denies the allegations of paragraph 113 of the Complaint.

114. Defendant denies the allegations of paragraph 114 of the Complaint.

## SIXTH CAUSE OF ACTION

### (Trademark Dilution – Cal. Bus. & Prof. Code § 14330)

115. No responsive pleading is required for Paragraph 115 which realleges prior allegations.

116. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 116 of the Complaint and on that basis denies each and every such allegation.

117. Defendant denies the allegations of paragraph 117 of the Complaint.

118. Defendant denies the allegations of paragraph 118 of the Complaint.

119. Defendant denies the allegations of paragraph 119 of the Complaint.

## SEVENTH CAUSE OF ACTION

**(Unfair Unlawful and Deceptive Business Practices - Cal. Bus. & Prof. Code § 17200 *et seq.*)**

120. No responsive pleading is required for Paragraph 120 which realleges prior allegations.

121. Defendant denies the allegations of paragraph 121 of the Complaint.

122. Defendant denies the allegations of paragraph 122 of the Complaint.

123. Defendant denies the allegations of paragraph 123 of the Complaint.

124. Defendant denies the allegations of paragraph 124 of the Complaint.

## EIGHTH CAUSE OF ACTION

**(Untrue and Misleading Advertising –**

**Cal. Bus. & Prof. Code §§ 17500 and 17535)**

125. No responsive pleading is required for Paragraph 125 which realleges prior allegations.

126. Defendant denies the allegations of paragraph 126 of the Complaint.

127. Defendant denies the allegations of paragraph 127 of the Complaint.

128. Defendant denies the allegations of paragraph 128 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

There is no likelihood of confusion between Apple's asserted marks and Podfitness' "PODFITNESS," "PODFITNESS.COM," "PODWORKOUT," and "PODPOCKET" marks.

## THIRD AFFIRMATIVE DEFENSE

Apple's purported "IPOD" trademark is not famous as required or otherwise defined in 15 U.S.C. § 1125(c).

## FOURTH AFFIRMATIVE DEFENSE

Defendant's Podfitness marks are not identical or nearly identical to Apple's asserted marks.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's use of the Podfitness marks does not present a likelihood of dilution of distinctiveness of Apple's asserted marks.

### SIXTH AFFIRMATIVE DEFENSE

Apple is estopped from asserting any right to the mark "POD." Apple's application for the "IPOD" trademark (U.S. Trademark Application Serial No. 78/089,144) was initially rejected by a trademark examiner based on other trademark applications, including an application for the mark "POD." To overcome this rejection and obtain registration of the "IPOD" mark, Apple argued that the "POD" mark was "clearly different in appearance and sound from Apple's ["IPOD" mark]." A portion of the prosecution history of U.S. Trademark Application Serial No. 78/089,144 is attached hereto as Exhibit 1.

### SEVENTH AFFIRMATIVE DEFENSE

Apple's earphones do not qualify for trade dress protection. Earphones consisting of white circular ear speakers with a gray rim, which are attached to a white cylinder of molded plastic covering the white wire are not inherently distinctive and are not uniquely associated with a specific source.

### EIGHTH AFFIRMATIVE DEFENSE

No likelihood of confusion exists between Apple's earphones and the earphones depicted on the www.podfitness.com website.

### NINTH AFFIRMATIVE DEFENSE

Apple has suffered no actual damages from any use by Podfitness of any mark.

### TENTH AFFIRMATIVE DEFENSE

Some or all of the clams for relief for trademark infringement pled by the Complaint are barred by one or more of the equitable doctrines of unclean hands, waiver, laches and/or estoppel.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE Podfitness prays:

A. That the Complaint be dismissed, and that Apple take nothing thereby, and

B. Such other and further relief as this Court deems just and appropriate.

DATED: November 13, 2006        Respectfully submitted,

COLLETTE ERICKSON FARMER & O'NEILL LLP


_/s/ William S. Farmer_
William S. Farmer
Jacob Alpren
235 Pine Street, Suite 1300
San Francisco, CA 94104
Telephone: (415) 788-4646

Charles J. Veverka
Robert A. Aycock
Mark W. Ford
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800

Attorneys for Defendant
PODFITNESS, INC.