David J, Miclean (#115098/miclean@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Lisa M. Martens (#195824/martens@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff
APPLE COMPUTER, INC.

Charles J. Veverka (Pro Hac Vice)
Robert A. Aycock (Pro Hac Vice)
Mark W. Ford (Pro Hac Vice)
WORKMAN / NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

William S. Farmer (#46694)
Jacob Alpren (#235713)
COLLETTE ERICKSON FARMER &
O'NEILL LLP
235 Pine Street, Suite 1300
San Francisco, California 94104
Telephone: (415) 788-4646
Facsimile: (415) 788-6929

Attorneys for Defendant
PODFITNESS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| APPLE COMPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> PODFITNESS, INC., and DOES 1-100, inclusive, <br><br> Defendants. | Case No. C 06-5805 SBA <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER <br><br><br> Hon. Saundra B. Armstrong |

The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, regarded by the producing party as confidential information incorporating proprietary data, know-how, trade secrets, or other valuable commercial information. Accordingly, the parties, by and through their respective attorneys, stipulate and agree to the following terms and conditions of this Stipulated Protective Order ("this Protective Order"), which shall apply to this civil action:

1. For purposes of this Protective Order, "CONFIDENTIAL" information shall mean all information and material which is produced for or disclosed to a receiving party, and which a producing party in good faith considers to constitute or to contain proprietary or confidential material or information which the designating party desires not to be made public, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated in good faith by the producing party in the manner set forth hereafter. The party or nonparty who produces or discloses its own "CONFIDENTIAL" information is not precluded by this Protective Order from disclosing or using that "CONFIDENTIAL" information in any manner as it may deem fit..

2. Documents or tangible items, including electronic information, shall be designated confidential within the meaning of this Protective Order in the following ways:

    (a) In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    (b) In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the caption of such interrogatory answers containing the confidential information the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    (c) In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    (d) In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, and subject to reimbursement of the reasonable cost of reproduction of such files and records for production to the receiving party, the producing party shall mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

3. With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated

in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

4. If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may identify, on the record, the portion of the deposition which counsel believes may contain confidential information. If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order, and the court reporter. Subject to the terms hereof, CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the deposition(s) of:

(a) the present Directors or Officers of the producing party;

(b) present employees of the producing party, to the extent such persons would be entitled to receive such information pursuant to the producing party's internal policies respecting confidentiality;

(c) an author, addressee, or other person indicated as a lawful recipient of a document containing the information;

(d) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information or as a person having knowledge concerning the specific confidential information (without prior disclosure of the specific confidential information). Prior to any disclosure under this subparagraph (d), notice must be given to the producing party of the specific information so that it has a fair opportunity to object to the disclosure. Notice may be given at the time of the deposition. The parties agree to cooperate, and, if necessary, to defer any such disclosure, to allow either party to initiate action, by motion or otherwise, with the Court. The producing party bears the burden of establishing confidentiality;

(e) an independent advisor, consultant or expert otherwise qualified under this Stipulated Protective Order to receive such information; or

(f) any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until thirty (30) business days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) that are to be designated as CONFIDENTIAL or ATTORNEYS'

1  EYES ONLY. The right to make such designation shall be waived unless made within the thirty
2  (30) business day period. Prior to such designation, or prior to the expiration of the thirty (30)
3  business day period, the entire deposition transcript shall be deemed ATTORNEYS' EYES ONLY
4  information. Transcripts of testimony, or portions thereof, containing confidential information
5  shall be filed only under seal as described in paragraph 5.

6      If, during the above-described thirty (30) business day designation period, a party wishes
7  to disclose portions of the deposition transcript to persons not authorized to receive
8  CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the party shall make a written
9  request to opposing counsel. The written request shall identify the portions of the deposition
10 transcript to be disclosed and the person(s) to whom such disclosure is to be made. If no objection
11 is made within ten (10) business days of the written request, counsel for the requesting party shall
12 be free to make such disclosure. If objection is made within the ten (10) business days, then no
13 disclosure shall be made. Any party may bring before the Court the question of whether the
14 requested disclosure may be made. In the resolution of such matter, the objecting party shall have
15 the burden of establishing before the Court the reasons for denying the requested disclosure.

16     5.    Any document, pleading, or tangible item which contains confidential information
17 that is to be filed or served in this action, shall be filed or served in accordance with the official
18 procedures of the Court, or, if no such procedures are provided by the Court, the document,
19 pleading, or tangible item which contains confidential information shall be filed or served in a
20 sealed envelope marked "CONFIDENTIAL - NOT TO BE OPENED EXCEPT BY ORDER OF
21 THE COURT." Subject to applicable local rules, counsel of record for the parties are hereby
22 authorized to be the persons who may retrieve confidential exhibits and/or other confidential
23 matters filed with the Court upon termination of this litigation without further order of this Court,
24 and are persons to whom such confidential exhibits or other confidential matters may be returned
25 by the Clerk of the Court, if they are not so retrieved. No materials or copies thereof so filed shall
26 be released except by order of the Court, to counsel of record or as otherwise provided for
27 hereunder. Parties shall comply with Local Rule 79-5 - JCS
28

6. Any confidential document, tangible item, or testimonial information produced by any party which contains information proprietary to the producing party and which is particularly sensitive competitive information, may be designated in writing as ATTORNEYS' EYES ONLY. 'For purposes of this Protective Order, ATTORNEYS' EYES ONLY information shall mean all information and material produced for or disclosed to a receiving party, and which a producing party in good faith considers to constitute or to contain trade secrets, proprietary technology, or other confidential research, development, design, financial data, business plans, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which is of a particularly sensitive nature that could cause competitive harm if disclosed to a receiving party. Other categories of ATTORNEYS' EYES ONLY information may exist. The parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good-faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit. The party or nonparty who produces or discloses its own "ATTORNEYS EYES ONLY" information is not precluded by this Protective Order from disclosing or using that "ATTORNEYS EYES ONLY" information in any manner as it may deem fit.

7. Before disclosure of any information subject to this Protective Order is made to any employee or officer of the non-producing party, or to any consultant or expert, and their clerical and support staff, retained by the non-producing party, or to any witness or prospective witness, counsel for the party disclosing the information shall obtain a signed undertaking, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order  The provisions of this paragraph 7 are subject to the provisions of paragraph 8 hereof. In the event of a conflict between the provisions of this paragraph 7 and the provisions of paragraph 8, the provisions of paragraph 8 shall govern.

Further, the person to whom disclosure is to be made must be given a copy of this Protective Order, and the provisions of this Protective Order must be explained to the person to whom disclosure is to be made by an attorney. If the person to whom disclosure is to be made is a consultant or expert, a copy of the signed undertaking, a curriculum vitae of the proposed expert, must be served by facsimile on counsel of record for the producing party at least ten (10) business days before the confidential information is shown to such consultant or expert. If no objection is made to such person receiving confidential information within such ten (10) business day period, then confidential information may be disclosed to such person. If the producing party wishes to object, that party must notify the opposing party in writing within the above stated ten (10) business day period of the objection, upon which the objecting party shall have ten (10) business days to move the Court for an order denying disclosure of the confidential information to such person.

If objection is made, then any party may bring before the Court the question of whether the confidential information may be disclosed to such person. In the resolution of such matter, the objecting party shall have the burden of establishing before the Court the reasons for denying disclosure to such person. All signed undertakings shall be maintained through the conclusion of this action.

8. Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of ATTORNEYS' EYES ONLY documents or information, including summaries thereof, shall be limited to:

(a) outside counsel of record for the parties, including associate attorneys, and paralegal, secretarial, and clerical personnel assisting such counsel;

(b) Judges, Magistrates, law clerks, stenographers, videographers, and clerical personnel of the Court before which this action is pending;

(c) consultants or experts, not employees or officers of the parties, retained by either of the parties to consult or testify in the case pursuant to paragraph 7 above;

(d) mock jurors retained by a party in this action, excluding officers, directors, or employees of a named party, or owners of more than a two-percent interest in a named party, provided, however, that each mock juror executes and that counsel for the receiving party shall

      serve upon opposing counsel an undertaking in the form attached hereto as Appendix A, pursuant to paragraph 7.

  (e)  authors or drafters of the documents or information;

  (f)  translators of foreign language documents or foreign language testimony retained to provide translations of ATTORNEYS' EYES ONLY or CONFIDENTIAL documents or information; and

  (g)  third parties, who are not affiliates of or employed by one of the parties, but are specifically retained to assist the attorneys of record or a party in copying or computer coding or imaging of documents.

The parties agree that any disclosure under this paragraph shall not be deemed to waive any attorney-client privilege or work product immunity that may exist.

  9.  Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to (a) the persons and entities identified in paragraph 8; (b) in-house counsel for the parties; and (c) employees of a party and their support staff who have agreed on their own behalf and on behalf of their support staff to be bound by the provisions of the undertaking set forth in the accompanying Appendix A, pursuant to paragraph 7 above. In the event that an employee identified under the preceding paragraph is no longer employed by a party to this action or undergoes a change in position within the party by virtue of which that individual is no longer performing duties in connection with this action, then that individual shall continue to be bound by this Protective Order.

  10.  If it becomes necessary for counsel for a party receiving CONFIDENTIAL or ATTORNEYS' EYES ONLY information to seek the assistance of any other person, other than those referred to in paragraphs 8 and 9, and to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

  (a)  Counsel for the receiving party shall notify, in writing, counsel for the party producing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information of their desire to disclose such CONFIDENTIAL or ATTORNEYS' EYES ONLY information and shall identify the person(s) to whom they intend to make disclosure;

  (b)  If no objection to such disclosure is made by counsel for the producing party within ten (10) business days of such notification,

counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an undertaking in the form attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this Protective Order.

(c) If the producing party objects to such disclosure, no disclosure shall be made. Any party may bring before the Court the question of whether the particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s). In the resolution of such matter, the producing party shall have the burden of establishing before the Court the reasons for denying disclosure to the designated person(s).

11. If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the producing party may subsequently inform the receiving party of the CONFIDENTIAL or ATTORNEYS' EYES ONLY nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information upon receipt of written notice from the producing party, to the extent the receiving party has not already disclosed this information.

12. If documents or information that are subject to a claim of privilege or the attorney work product doctrine are produced or disclosed in this action through inadvertence, mistake or other error, such documents and information may later be designated "ATTORNEY CLIENT PRIVILEGED" or "ATTORNEY WORK PRODUCT" if such designation is made promptly upon discovery by the disclosing / producing party of the mistaken disclosure or production. In the event such designation is made, no waiver of the privilege or the attorney work product doctrine shall be deemed to have occurred. Upon such designation, the receiving attorney shall promptly make best efforts to collect all copies of the documents and information in question and return such information and documents to the producing party.

13. The restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the

receiving party, its employees, or agents which would be in violation of this order. If such public information is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the receiving party must inform the producing party of the pertinent circumstances before the restrictions of this order will be inapplicable.

14. No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to pretrial discovery in this action, except for the purpose of this action only and in accordance with this and any further order issued by the Court.

15. Acceptance by a party of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession that the information, document or thing is confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by either party by motion or otherwise. In the resolution of such matter, the party asserting confidentiality shall have the burden of establishing before the Court the confidentiality of the information, document, or thing.

16. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

17. Both parties agree that only final versions of expert studies, opinions and/or reports, and the data and results thereof, shall be disclosed to the other party pursuant to this Protective Order. All preliminary drafts of such documents and communications with attorneys relating to or referring to such documents shall not be discoverable.

18. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

19. At the conclusion of this action, including any appeals, all CONFIDENTIAL and ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party. The provisions of this Protective Order insofar as they restrict the disclosure, communication of, and use of, confidential and attorneys' eyes only information produced hereunder shall continue to be binding after the conclusion of this action. Provided, however, nothing in this Order shall prevent trial counsel from retaining a complete set of pleadings, depositions, deposition and trial exhibits and work product which contain confidential information subject to a CONFIDENTIAL and ATTORNEYS' EYES ONLY designation after final conclusion of this litigation.

20. If discovery is sought of a person not a party to this action ("non-party") requiring disclosure of such non-party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the CONFIDENTIAL or ATTORNEYS' EYES ONLY information disclosed by such non-party will be accorded the same protection as the parties' CONFIDENTIAL or ATTORNEYS' EYES ONLY information, and will be subject to the same procedures as those governing disclosure of the parties' CONFIDENTIAL or ATTORNEYS' EYES ONLY information pursuant to this Stipulated Protective Order by agreeing in writing to produce documents pursuant to this Protective Order.

21. Nothing in this protective order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof, relying upon the attorney's examination of confidential information; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose any confidential information.

22. This Protective Order may be amended by the agreement of counsel for the parties in the form of a stipulation, subject to order of Court. Any party for good cause may apply to the Court for a modification of this Protective Order. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by the order of this Court.

| | | |
|---|---|---|
| 1 | Dated: February 2, 2007 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: /s/ David J. Miclean |
| 4 | | David J. Miclean<br>Lisa M. Martens |
| 5 | | |
| 6 | | Attorneys for Plaintiff<br>APPLE COMPUTER, INC. |
| 7 | | |
| 8 | Dated: February 2, 2007 | WORKMAN NYDEGGER |
| 9 | | |
| 10 | | By: /s/ Robert A. Aycock |
| 11 | | Charles J. Veverka<br>Robert A. Aycock |
| 12 | | Mark W. Ford |
| 13 | | Attorneys for Defendant<br>PODFITNESS, INC. |
| 14 | | |

### DECLARATION OF CONSENT

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Robert A. Aycock.

| | | |
|---|---|---|
| 20 | Dated: February 2, 2007 | FISH & RICHARDSON P.C. |
| 21 | | |
| 22 | | By: /s/ David J. Miclean |
| 23 | | David J. Miclean<br>Lisa M. Martens |
| 24 | | |
| 25 | | Attorneys for Plaintiff<br>APPLE COMPUTER, INC. |

**ORDER**

IT IS SO ORDERED.

Dated: February 9, 2007    _____
Honorable Samuel ~~~~~~~~~~~~ Joseph C. Spero
Judge Of The ~~~~~~~~~~~~~~~~~ Court

50397846.doc

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA (OAKLAND) DIVISION | |
| APPLE COMPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> PODFITNESS, INC., and DOES 1-100, inclusive <br><br> Defendants. | Case No. C 06-5805 SBA <br><br> **CONFIDENTIALITY UNDERTAKING RE: STIPULATED PROTECTIVE ORDER** <br><br> Hon. Saundra B. Armstrong |

I, _____ declare that:

My address is _____

My present employer is _____

I have read and reviewed in its entirety the Stipulated Protective Order ("Protective Order") entered in the above captioned action. I agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose to any person, entity, party or agency for any reason, except in accordance with the terms of the Protective Order, any information or materials designated "Confidential" or "Attorneys Eyes Only" pursuant to the terms of the Protective Order, regardless of the form in which I obtain access to such information or materials. I further submit myself to the jurisdiction of this Court for purposes of enforcement of the terms of the Protective Order.

DATED this _____ day of _____, 2007.

_____
(Signature)

_____
(Name)

CONFIDENTIALITY UNDERTAKING      13      [PROPOSED] STIPULATED PROTECTIVE ORDER
                                              Case No. C 06-5805 SBA