Larry R. Laycock
Charles J. Veverka
Robert A. Aycock
Mark W. Ford
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:  (801) 328-1707
Email: llaycock@wnlaw.com

William S. Farmer (State Bar No. 46694)
Jacob Alpren (State Bar No. 235713)
COLLETTE ERICKSON FARMER & O'NEILL LLP
235 Pine Street, Suite 1300
San Francisco, CA 94104
Telephone:  (415) 788-4646
Facsimile:   (415) 788-6929
Email: wfarmer@collette.com

Attorneys for Defendant
PODFITNESS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE COMPUTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PODFITNESS, INC., and DOES 1-100, inclusive<br><br>Defendants. | Civil Action No. 4:06-cv-05805 SBA<br><br>**NOTICE OF MOTION AND MOTION TO STAY**<br><br>Date:   May 1, 2007<br>Time:   1:00 pm<br>Courtroom:  3, 3rd Floor<br>Judge: Hon. Saundra B. Armstrong |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE is hereby given that on May 1, 2007 at 1:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Ave., San Francisco, CA, Defendant Podfitness, Inc. ("Podfitness") will move this court for an order staying the above-captioned action in favor of a parallel proceeding initiated by Plaintiff Apple Computer,

1
DEFENDANT PODFITNESS, INC.'S NOTICE OF MOTION AND MOTION TO STAY

Inc. ("Apple Computer") in the United States Patent and Trademark Office.

Specifically, Podfitness moves to stay this action pending the outcome of an opposition proceeding initiated by Apple Computer with the Trademark Trail and Appeal Board ("TTAB) in which Apple Computer has opposed the federal registration of Podfitness' PODFITNESS, PODFITNESS.COM and design, PODPOCKET, and PODWORKOUT marks (the "Opposition"). In addition to its opposition to Podfitness' marks, Apple Computer has initiated over 100 other oppositions in the TTAB, seeking adjudication of its rights to preclude others from using word combinations including the term "POD" ("pod-formative marks"). In light of the issues common to the present action and the Opposition, the ability of the TTAB to *comprehensively* adjudicate Apples' right to preclude others from using pod-formative marks and the specialized knowledge of the TTAB related to the issues presented, Podfitness submits that a stay of this action pending the outcome of the TTAB's decision will promote a uniform and efficient adjudication of the parties' rights, while, at the same time, avoiding the potential for inconsistent judicial determinations concerning Apple Computer's right to preclude others from using pod-formative marks.

This motion is based on this notice of motion, the Memorandum of Points and Authorities filed contemporaneously herewith, the declaration of Mark W. Ford ("Ford Decl.") filed contemporaneously herewith, all pleadings, records, and files in this action, and on such oral and documentary evidence as may be presented at the hearing of this motion.

I. INTRODUCTION

The present action is based on Apple Computer's objection to Podfitness' use of the trademark PODFITNESS. Apple Computer does not own a federal trademark on the term "POD."[1] In fact, during the prosecution of its IPOD trademark, Apple Computer stated to the United States Patent and Trademark Office (the "PTO") that its IPOD mark and any rights flowing from it do not extend to the term "POD" by itself. [Declaration of Mark W. Ford in

---

[1] Apple has filed an application for a trademark on the term "POD," however, Apple's application is being opposed by several entities, including Podfitness.

2
DEFENDANT PODFITNESS, INC.'S NOTICE OF MOTION AND MOTION TO STAY

Support of Motion to Stay ("Ford Decl."), Ex.1.[2]] Nonetheless, Apple Computer is now attempting to extend its trademark rights on the IPOD mark to prevent all uses by others of pod-formative marks.[3] Indeed, Apple Computer is currently opposing over 100 trademark applications for marks that include the term "pod," including PODCOACH,[4] PODSWAP,[5] PODTOON,[6] PODMAXX,[7] and PODSPORTSMAN.[8] [Ford Decl., ¶3.]

Despite initiating over 100 opposition proceedings against users of other pod-formative marks, to Podfitness' knowledge, Apple Computer has only asked for district court adjudication against Podfitness. Irrespective of some factual specifics, the outcome of this case will necessarily adjudicate Apple Computer's right to extend its IPOD mark to uses of "POD," a term Apple Computer expressly disclaimed before the PTO. As such, adjudication of Apple Computer's rights in this forum could lead to inefficient and inconsistent results with over 100 parallel oppositions pending before TTAB. Additionally, allowing this case to proceed could unfairly prejudice the other trademark applicants Apple Computer has challenged at the TTAB, as their rights and defenses related to pod-formative marks will not be heard by this Court.

On the other hand, allowing the TTAB to first address the issues that are common to this action and the Opposition would create great efficiencies and assure a consistent outcome with respect to Apple Computer's alleged right to extend its IPOD mark to over 100 other uses of pod-formative terms. For example, whether there exists a likelihood of confusion between Apple Computer's IPOD mark and other pod-formative marks is a central issue to this action and the Opposition. Staying this case pending the outcome of the Opposition would provide this Court with valuable evidence concerning the likelihood of confusion between Apple Computer's

---

[2] Unless stated otherwise, all Exhibits or Ex. are attached to the Ford Declaration filed concurrently.
[3] In response to Podfitness' First Set of Interrogatories, Apple repeatedly states "[t]he most prominent element of the Podfitness Marks, "POD," comprises the most prominent element of Apple's IPOD mark." ["Ford Decl." Ex. 2.]. Plaintiff Apple's Objections and Responses to Defendant Podfitness' First Set of Interrogatories at 11 18, 22, attached hereto as exhibit 2.

[4] Serial No. 78/636,002.
[5] Serial No. 78/814,765.
[6] Serial No. 78/774,231.
[7] Serial No. 78/676,691.
[8] Serial No. 78/668,468.

IPOD mark and pod-formative marks. Further, the discovery relating to the issues remaining in this case would be streamlined and their resolution would be more efficient. In addition, allowing the TTAB to decide the issue of likelihood of confusion first may create the incentive necessary for the parties to settle this action without the need for further district Court proceedings. Finally, staying this action would help assure a degree of fairness and uniformity with respect to the other pending oppositions brought by Apple Computer. For these and the other reasons articulated below, Podfitness' motion should be granted and this action stayed pending resolution of the Opposition.

## II.   STATEMENT OF FACTS

Apple Computer, Inc. has sued Podfitness in this Court for trademark infringement, unfair competition, false designation of origin, trade dress infringement, trademark dilution, and for violations of several sections of the California Business Code. Most of Apple Computer's claims are based on Podfitness' use or planned use of the PODFITNESS, PODFITNESS.COM design mark, PODPOCKET, and PODWORKOUT marks ("Podfitness' Marks").

In addition to this action, Apple Computer has also opposed the federal registration of Podfitness' pod-formative marks. The Opposition is currently pending before the TTAB at the PTO. Apple Computer has asked the TTAB to stay the Opposition pending the outcome of this case. Podfitness has opposed Apple Computer's motion at the TTAB. The TTAB has not issued a decision on Apple Computer's motion

Although Apple Computer does not have a federal registration for the term "POD," Apple Computer currently has pending before the TTAB over 100 oppositions to POD or pod-formative terms. To Podfitness' knowledge, Apple Computer has not moved to stay the other oppositions to pod-formative marks pending the outcome of this case.

## III.   ARGUMENT

This Court may stay the present action pending the completion of Apple Computer's Opposition at the TTAB under the doctrine of primary jurisdiction. The doctrine of primary

jurisdiction exists to guide courts in determining how to proceed when some or all of the issues that are before a district court are concurrently before an administrative agency.

> [The doctrine of primary jurisdiction] comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

*United States v. Western Pacific R. Co.*, 352 U.S. 59, 63-64 (1956). The doctrine of primary jurisdiction exists to promote uniformity and judicial efficiency by allowing an agency with specialized knowledge to first consider the administrative issues present in a civil action. *Id.* at 64. No set formula exists for determining whether to apply the doctrine of primary jurisdiction; rather, each case turns on whether "the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application. . . ." *Id.*

Congress has vested the TTAB/PTO with broad authority to regulate the registration of trademarks, and as such, the TTAB possesses specialized knowledge relating to trademark issues including the issue of likelihood of confusion presented in this case – whether Apple Computer's rights in the IPOD mark extend to include the term "pod" and all pod-formative marks as Apple Computer now asserts. By staying this action, the TTAB would be allowed to apply its experience and expertise to the present trademark issues resulting in greater efficiency in the later adjudication of this case and greater uniformity and fairness in Apple Computer's actions against over 100 other applications for pod-formative marks. For these reasons the court should stay this matter pending the completion of the related TTAB proceedings.

### 1. Because the TTAB has special expertise in determining trademark issues, including the issue of a likelihood of confusion, this action should be stayed pending the outcome of the TTAB proceedings

The TTAB's "expert[ise], specialized knowledge and experience" in the area of trademark law and the value of its opinions have led numerous district courts to stay actions, very similar to the present action, pending the completion of related TTAB proceedings. *Driving Force, Inc. v. Manpower, Inc.*, 498 F. Supp. 21, 25 (D.C. Pa. 1980). For example, in *Citicasters*

*Co. v. Country Club Communications*, Case No. 97-0678, 1997 WL 715034, *1 (C.D. Cal. July 21, 1997), the plaintiff brought suit claiming infringement of its registered trademark for its radio station call letters. The defendant responded with a motion to stay the proceedings pending the TTAB's determination of a petition to cancel the plaintiff's mark. *Id.* The district court granted the stay citing "the efficiencies generated by the TTAB first addressing the issues involved." *Id.* at 2. The court further explained that "[i]n granting the motion to stay, the court is confident that the TTAB will exercise its specialized knowledge in effecting a determination that will prove valuable to this court." *Id.* Other cases have reached the same result.

In *National Marketing Consultants, Inc. v. Blue Cross and Blue Shield Association*, Case No. 87 C 7161, 1987 WL 20138, *1 (N.D. Ill. Nov. 19, 1987), the plaintiff brought suit seeking a declaratory judgment that its mark did not infringe upon the defendant's trademark. The plaintiff also successfully petitioned the TTAB to stay its consideration of defendant's opposition to the registration of the plaintiff's mark pending the outcome of the litigation. *Id.* at 2. The defendant responded with a motion to stay the litigation pending the TTAB proceedings. *Id.* Even though the TTAB proceeding had been stayed, the district court granted the stay stating that "although it is within the power of this court to make such trademark infringement determinations, it is wise and proper practice to defer to the TTAB's expertise in such matters since they routinely make such determinations." *Id* at 2.

In *Driving Force, Inc.*, a trademark defendant moved to stay the district court proceeding pending a determination by the TTAB of its objection to the registration of the plaintiff's mark through an opposition before the TTAB. *Id.* Although the PTO had stayed the TTAB opposition pending the outcome of the litigation, the court granted the motion to stay the case, allowing the TTAB to make its determinations before proceeding. *Id.* at 23, 25. The court in *Driving Force* stated that "[b]efore this court considers the case, the [PTO], acting through the [TTAB], ought to have the opportunity to apply its expert, specialized knowledge and experience. . . . Decisions of the [TTAB] are certainly entitled to the most respectful consideration because of the Patent office's day-to-day expertise in adjudicating cases wherein the ultimate question decided is the

question of 'likelihood of confusion' as that term is employed in various parts of the Lanham Act." *Id.* at 25 (internal citations omitted).

Finally, in *C-Cure Chemical Co., Inc. v. Secure Adhesive, Corp.*, 571 F. Supp. 808, 810 (W.D.N.Y. 1983), the plaintiff brought suit seeking injunctive and monetary relief under the Lanham Act and New York State Law on trademark, trade dress, trade secret, unfair competition and contract claims. The court stayed the proceedings pending the determination by the TTAB of the defendant's petition for cancellation of defendant's trademark. *Id.* at 824. Indeed, the court made special note of the TTAB's experience and expertise in determining trademark issues. *Id.* at 823. "It is axiomatic that [the TTAB] has specialized expertise and experience in this area and the exercise of the court's discretion is guided in this situation by a desire for uniformity of regulation and the need for initial consideration by a body possessing special expertise in the issue presented." *Id.* (internal citations omitted).

The Court in this matter should exercise its discretion and stay this matter pending the resolution of Apple Computer's Opposition so as to allow the TTAB to apply its expertise to the issue of whether their exists a likelihood of confusion between Apple Computer's IPOD mark and Podfitness' pod-formative marks.

### 2. Whether there exists a likelihood of confusion is the core issue in the present action.

The core issue in the present litigation is whether Podfitness' pod-formative marks are likely to cause confusion in the minds of consumers with Apple Computer's family of IPOD marks. Indeed, Apple Computer's Complaint alleges a likelihood of consumer confusion no less than 33 times. Further, whether there exists a likelihood of confusion is critical to the analysis of six of Apple Computer's eight causes of action. Due to the substantial overlap between this case and the Opposition, staying this case pending the resolution of the TTAB proceeding will streamline the resolution of the remaining issues in the present action, and may create the incentive necessary for the parties to settle this action without the need for further proceedings.

1    For example, Apple Computer's First Cause of Action, which arises under 15 U.S.C. §1114(1), requires a use in commerce of a "reproduction, counterfeit, copy, or colorable imitation of a registered mark . . . [which is] likely to cause confusion. . . ." Apple Computer confirms in its allegations in support of its First Cause of Action that a likelihood of confusion is required for liability. *See* Complaint, ¶¶77 and 80. Likewise, Apple Computer's Second and Third Causes of Action, which arise under 15 U.S.C. §1125(a), require a use in commerce of "any word, term, name, symbol, or device . . . [which is] likely to cause confusion. . . ." Apple Computer confirms in its allegations in support of its Second and Third Causes of Action that a likelihood of confusion is required for liability. *See* Complaint, ¶¶85–86 and 97–98. Further, Apple Computer's Fifth Cause of Action, which arises under Cal. Bus. & Prof. Code §14335 et seq., requires that a person "use[] or unlawfully infringe[]" a registered mark. Whether the Podfitness Marks are likely to cause confusion will be critical to an analysis of this cause of action. Finally, Apple Computer's Seventh and Eighth Causes of Action arise under Cal. Bus. & Prof. Code §§17200 et seq., 17500, and 17535. These sections relate to a party's "deceiving" or "misleading" business acts and advertising. Again, whether the Podfitness Marks are likely to cause confusion is essential to Apple Computer's causes of action.

That there may exist issues in this litigation that will not be decided by the TTAB should not preclude the application of primary jurisdiction in this case. *National Marketing Consultants*, 1987 WL 20138 at *2 ("Although the issue of likelihood of confusion between the two marks is not the sole issue presented before this court, the TTAB's determination will be a material aid in ultimately deciding the remaining issues in this case. It is sufficient that an administrative agency's decision will ultimately be a material aid in resolving the pending litigation to invoke the doctrine of primary jurisdiction."). Likewise, Apple Computer's petition to stay the Opposition at the TTAB should not preclude the application of primary jurisdiction in this case. *See National Marketing Consultants*, Case No. 87 C 7161, 1987 WL 20138, *1; *Driving Force, Inc.*, 498 F. Supp. at 23.

Whether a likelihood of confusion exists between the Podfitness Marks and Apple Computer's IPOD mark is the central issue in this case. Obtaining the TTAB's opinion on this issue will promote judicial efficiency and uniformity and fairness.

### 3. Uniform results will be obtained if the TTAB is allowed to determine whether pod-formative terms are likely to be confused with Apple's IPOD marks.

Apple Computer's dispute with other entities using and attempting to register marks that include the term "POD" is not limited to Podfitness. To the contrary, Apple Computer has initiated over 100 oppositions of the registration of over 100 pod-formative terms at the TTAB. This figure rises almost every time a pod-formative word is published for opposition.

Podfitness' research has not revealed, however, any law suits recorded in Federal District Court by Apple Computer against any party, other than Podfitness, alleging trademark infringement through use of pod-formative terms. Apple Computer's petition for this court to adjudicate its rights with respect to the Podfitness Marks, while allowing the TTAB to adjudicate its rights with respect to over 100 other pod-formative terms could result in inconsistent determinations concerning the parties' (and other's) rights to the use of pod-formative marks. If not stayed, this Court will be deciding the issue of a likelihood of confusion between Apple Computer's IPOD mark and Podfitness' pod-formative marks at the same time the TTAB is deciding this same issue between Apple Computer and the numerous other applicants of various other pod-formative terms. The TTAB has yet to publish an opinion in any opposition that Apple Computer has initiated against a pod-formative term.

Uniformity in rulings is more likely to result if the TTAB is allowed to decide whether pod-formative terms are likely to be confused with Apple Computer's IPOD mark before this Court makes any ruling on the trademark issues in the present case.

### 4. The Ninth Circuit Provides District Courts Great Discretion In Granting Motions To Stay

According to Ninth Circuit law,

> [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending

resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir.1979) (citing *Kerotest Mfg, Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). In a recent Ninth Circuit case which cited to this rule, *Citicasters Co.*, 97-0678, 1997 WL 715034 (C.D. Cal. July 21, 1997), the court granted a defendant's motion to stay the district court action to await resolution of a related PTO proceeding. The court stated:

> Because of the lack of demonstrable harm if a stay should be granted, and because of the efficiencies generated by the TTAB first addressing the issues involved in this matter, the court hereby stays the current proceedings.

*Id.* at *2.

Staying the present action will not be prejudicial to the Apple Computer. Trial has been scheduled in this case for June of 2008. Any delay that staying this action may create would be countered by the speed at which the court will ultimately be able to decide the issues herein, after the TTAB has applied its specialized knowledge in determining whether pod-formative marks are likely to cause confusion with Apple Computer's IPOD mark. There will be little in the way of new discovery and the legal issues, though not disposed of, will be clearly set out."

## IV. CONCLUSION

For the foregoing reasons, Podfitness respectfully requests that this action be stayed pending the outcome of the Opposition.

DATED: March 12, 2007

Respectfully submitted,

WORKMAN | NYDEGGER

/s/ Robert E. Aycock
LARRY R. LAYCOCK (Admitted *Pro Hac Vice*)
llaycock@wnlaw.com
C.J. VEVERKA (*Admitted Pro Hac Vice*)
cveverka@wnlaw.com
ROBERT E. AYCOCK (Admitted *Pro Hac Vice*)
raycock@wnlaw.com
MARK W. FORD (Admitted *Pro Hac Vice*)

mford@wnlaw.com

1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111
Telephone:  (801) 533-9800


William S. Farmer
Jacob Alpren
COLLETTE ERICKSON FARMER & O'NEILL LLP
235 Pine Street, Suite 1300
San Francisco, CA 94104
Telephone:  (415) 788-4646

Attorneys for Defendant Podfitness, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David James Miclean, miclean@fr.com.

**WORKMAN NYDEGGER**

/s/ Robert E. Aycock
ROBERT E. AYCOCK (Admitted *Pro Hac Vice*)
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111
Telephone:  (801) 533-9800

C:\DOCUME~1\mford\LOCALS~1\Temp\MetaSave\010 Motion to Stay.cjv030907.doc

DEFENDANT PODFITNESS, INC.'S NOTICE OF MOTION AND MOTION TO STAY