# EXHIBIT A

Dockets.Justia.com

1  David J. Miclean (#115098/miclean@fr.com)
   FISH & RICHARDSON P.C.
2  500 Arguello Street, Suite 500
   Redwood City, California 94063
3  Telephone: (650) 839-5070
   Facsimile: (650) 839-5071
4
5  Lisa M. Martens (#195824/martens@fr.com)
   FISH & RICHARDSON P.C.
   12390 El Camino Real
6  San Diego, California 92130
   Telephone: (858) 678-5070
7  Facsimile: (858) 678-5099

8  Attorneys for Plaintiff
   APPLE COMPUTER, INC.

9

10            UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA

12              (SAN FRANCISCO DIVISION)

13

| | |
|---|---|
| 14  APPLE COMPUTER, INC., | Case No. |
| 15              Plaintiff, | **COMPLAINT FOR:** |
| 16       v. | 1. Trademark Infringement in Violation of 15 U.S.C. § 1114(1) |
| 17  PODFITNESS, INC., and DOES 1-100, inclusive, | 2. Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15 U.S.C. § 1125(a) |
| 18              Defendants. | 3. Trade Dress Infringement in Violation of 15 U.S.C. § 1125(a) |
| 19 | 4. Trademark Dilution in Violation of 15 U.S.C. § 1125(c) |
| 20 | 5. Trademark Infringement in Violation of Cal. Bus. & Prof. Code § 14335 *et seq.* |
| 21 | 6. Trademark Dilution in Violation of Cal. Bus. & Prof. Code § 14330 |
| 22 | 7. Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* |
| 23 | 8. Untrue and Misleading Advertising in Violation of Cal. Bus. & Prof. Code §§ 17500 and 17535 |
| 24 | |
| 25 | |
| 26 | **JURY TRIAL DEMANDED** |
| 27 | |
| 28 | |

C 06 5805 SBA

1

Plaintiff APPLE COMPUTER, INC. hereby states and alleges as follows:

## NATURE OF THE ACTION

1.    This action seeks permanent injunctive relief and damages against Defendant's willful infringement and dilution of Plaintiff's famous trademark **IPOD**, under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code, § 1051 et seq. (the "Lanham Act"),  and for infringement, dilution and unfair competition under California Business & Professions Code §§14330, 14335, 17200, 17500 and 17535.

2.    APPLE COMPUTER, INC. ("Apple") is a corporation organized under the laws of Delaware, with a business address at 1 Infinite Loop, Cupertino, California, 95014.  Apple is one of the world's leading computer technology companies and the creator of the enormously successful portable handheld media player offered and sold under the trademark **IPOD**.  Apple's worldwide annual sales in 2005 were US$13.9 billion.

3.    On information and belief, defendant PODFITNESS, INC. ("Defendant") is a corporation organized under the laws of Nevada, with a business address at 3544 East Danish Road, Sandy, Utah 84093.

4.    On information and belief, Defendant is in the business of offering goods and services that involve the use of Apple's ITUNES proprietary digital media player application to create customized digital audio files.  Such files, which feature music and instructional advice from professional fitness trainers, are designed to be played on the consumer's portable media player, particularly the **IPOD** player, to facilitate his or her exercise routine.  Defendant promotes its products and services on the Internet at *http://www.podfitness.com* under the trade name PODFITNESS.COM and uses the trademark and service mark PODFITNESS, and other similar POD-formative marks, detailed below,  in connection with its goods and services.  Defendant's trade name and marks are highly similar to and confusingly similar to Apple's famous trademarks as they are used in the marketplace, and Defendant has intentionally sought to imply an association with Apple in its marketing and advertising.  Unless Defendant is enjoined from continuing to use marks confusingly similar to Apple's famous **IPOD** mark, and any other confusing signs or indicia, to promote its goods and services, the **IPOD** mark will continue to be

2

1    infringed and diluted, thereby destroying the distinctive quality that Apple has developed over the

2    years, to the detriment of Apple and the public.

3    **JURISDICTION AND VENUE**

4        5.    This is a civil action arising under the Lanham Act, Title 15, United States Code,

5    §§1114, 1125(a), (c) and (d) *et seq.* and under the common and statutory laws of California. This

6    Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction),§

7    1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

8        6.    Personal jurisdiction over the defendant is vested and venue is proper pursuant to 28

9    U.S.C. § 1391 in the United States District Court for the Northern District of California because a

10    substantial part of the events giving rise to the claims herein occurred in this District, and

11    Defendant owns and operates an interactive website that displays and promotes the infringing

12    marks and attempts to establish communication on-line with parties who are interested in

13    Defendant's goods and services, including parties in this District. On information and belief,

14    Defendant solicits and has done business using Apple's marks, or marks infringing Apple's marks

15    in this State with customers located within this State and in this District and thereby purposefully

16    availed itself of the privilege of doing business in this State and in this District. The claims

17    alleged herein arise out of or are related to the defendant's forum-related activities and the

18    exercise of jurisdiction herein is otherwise reasonable. Personal jurisdiction is also proper over

19    the Defendant in that the intentional and wrongful conduct described herein was directed at this

20    District and at Apple, whom Defendant knew to be a resident of this District, and who is a resident

21    of this State, and who suffered damage in this District as a result of Defendant's intentional

22    conduct.

23        7.    Venue is proper in the United States District Court for the Northern District of

24    California pursuant to 28 U.S.C. §§1391(b) and (c) as the claims arise in this District and

25    Defendant, a corporation, is subject to personal jurisdiction in this District.

26    ///

27    ///

28

COMPLAINT
JURY TRIAL DEMANDED

## BACKGROUND

### Apple's Valuable Trademark Rights

8.    In addition to its position as one of the world's most successful and innovative computer technology companies, Apple has spearheaded the digital music revolution through its **IPOD** portable handheld media players and its ITUNES on-line music store.

9.    Since its introduction on October 23, 2001, the **IPOD** player has become an extremely popular and widely recognized consumer product, with over 50 million units sold worldwide.  The **IPOD** player has led digital media player sales in the U.S. for the past several years, garnering tremendous commercial success.

10.    In the past five years, the **IPOD** player has truly become a cultural phenomenon.  As stated by Andy Serwer in a Fortune magazine article dated June 27, 2005, "[i]t's hard to recall any branded recreational product that ever carried the cultural oomph that the iPod now has.  The Hula-Hoop was a fad....As for the Walkman, the iPod's mobile-music ancestor, it generated massive sales.  But it never impacted behavior or peripheral markets quite the way the iPod has."  As an example of the **IPOD** player's reach, starting in the fall of 2004, Duke University initiated a program in which all incoming freshman were provided **IPOD** players, free of charge, to use as high-tech educational tools to record lectures, capture scientific data and play language-training recordings.

11.    On information and belief, consumers and industry publications have adopted and have used in the marketplace the term "POD" as slang for the mark **IPOD**, to refer to Apple's **IPOD** player.

12.    The **IPOD** player is comprised of a portable and handheld digital electronic device and integrated software for recording, organizing, transmitting, manipulating, and reviewing text, audio and video files.  The **IPOD** player is promoted and sold for a variety of uses, including entertainment, education, and exercise.

13.    Every **IPOD** player is packaged with Apple's stylized and unique white earphones, commonly called earbuds.  Apple's distinctive earbuds consist of white circular ear speakers with a gray rim, which are attached to a white cylinder of molded plastic covering the white wire.

COMPLAINT
JURY TRIAL DEMANDED

1    Apple's earbuds have been prominently displayed in its advertising for the **IPOD** player, and,

2    most famously, are featured in Apple's popular silhouette advertising campaigns. As a result of

3    this well-known advertising campaign and the success of the **IPOD** products, the distinctive white

4    earbuds have become associated with Apple and its **IPOD** players. Such earbuds shall be referred

5    to hereafter as the "Earbud Trade Dress."

6         14. Since their introduction in October 2001, Apple has continuously and extensively

7    promoted, offered and sold its **IPOD** players, and related goods and services, in interstate

8    commerce under the **IPOD** mark. The **IPOD** players are available in retail stores and on-line at

9    various websites, including The Apple Store at the URL *http://store.apple.com.*

10         15. On October 18, 2001, Apple filed United States Trademark Application Serial No.

11    78/089,144 for the **IPOD** mark. On May 9, 2006, the United States Patent and Trademark Office

12    issued Registration No. 3,089,360 to Apple for **IPOD** for "portable and handheld digital electronic

13    devices for recording, organizing, transmitting, manipulating, and reviewing text, data, and audio

14    files; computer software for use in organizing, transmitting, manipulating, and reviewing text,

15    data, and audio files on portable and handheld digital electronic device." A true and correct copy

16    of the USPTO online record for Registration No. 3,089,360 is attached hereto as Exhibit A.

17         16. On October 18, 2001, Apple filed United States Trademark Application Serial No.

18    75/982,871 for **IPOD**. On April 27, 2004, the United States Patent and Trademark Office issued

19    Registration No. 2,835,698 to Apple for **IPOD** for "portable and handheld digital electronic

20    devices for recording, organizing, transmitting, manipulating, and reviewing audio files; computer

21    software for use in organizing, transmitting, manipulating, and reviewing audio files on portable

22    and handheld digital electronic devices." A true and correct copy of the USPTO online record for

23    Registration No. 3,089,360 is attached hereto as Exhibit B.

24         17. On March 29, 2005, Joseph N. Grasso assigned the entire interest in Registration No.

25    2,781,793 to Apple for **IPOD** for "public Internet kiosk enclosure containing computer hardware."

26    A true and correct copy of the USPTO online record for Registration No. 3,089,360 is attached

27    hereto as Exhibit C.

28         18. On November 23, 2004, Apple filed United States Trademark Application Serial No.

COMPLAINT
JURY TRIAL DEMANDED

1  78/521,891 for **IPOD** for "printed materials and publications, namely, books, magazines,

2  newsletters, brochures, booklets, pamphlets, manuals, journals, leaflets, greeting cards, and

3  catalogues all relating to computer software, computer hardware, consumer electronics, digital

4  technology, telecommunications, on-line retailing, entertainment, music, movies and video, and

5  multimedia apparatus and instruments; pens and pencils, clipboards, posters, memo pads,

6  binders." This application is based on Application No. 3957768 for **IPOD** in the European Union,

7  and received a priority filing date of July 28, 2004, under Section 44(d) of the Lanham Act. A true

8  and correct copy of the USPTO online record for this application is attached hereto as Exhibit D.

9      19.  On December 14, 2004, Apple filed United States Trademark Application Serial No.

10  78/532,252 for **IPOD** for "Educational services in the nature of classes and training services

11  offered in-person and over computer networks in the fields of K-12 education, university-level

12  subjects, topics of general interest, and computer hardware and software applications;

13  entertainment services in the nature of musical, video, audio-video, and textual materials, namely

14  books, plays, pamphlets, brochures, newsletters, journals, and magazines, on the subjects of

15  sporting and cultural activities and a wide range of topics of general interest offered in-person and

16  distributed over computer networks; providing electronic publications for browsing and

17  downloading over computer networks, namely books, pamphlets, brochures, newsletters, journals,

18  and magazines, on the subjects of computer hardware and software applications and a wide range

19  of topics of general interest; editing of audio-tapes; editing of video-tapes; editing of written text;

20  editing of photographic images; videotape editing; digital imaging services; providing

21  information, advice and consultation services relating to all the aforesaid." This application is

22  based on Application No. 3957768 for **IPOD** in the European Union, and received a priority filing

23  date of July 28, 2004, under Section 44(d) of the Lanham Act. A true and correct copy of the

24  USPTO online record for this application is attached hereto as Exhibit E.

25      20.  On December 21, 2005, Apple filed United States Trademark Application Serial No.

26  78/778,627 for **IPOD NANO** for "portable and handheld digital electronic devices for recording,

27  organizing, transmitting, manipulating, and reviewing text, data, and audio files; computer

28  software for use in organizing, transmitting, manipulating, and reviewing text, data, and audio

COMPLAINT
JURY TRIAL DEMANDED

1  files on portable and handheld digital electronic devices." A true and correct copy of the USPTO

2  online record for this application is attached hereto as Exhibit F.

3       21. On June 18, 2005, Apple filed United States Trademark Application Serial No.

4  78/653,661 for **IPOD** for "a full line of electronic and mechanical accessories for portable and

5  handheld digital electronic devices for recording, organizing, transmitting, manipulating, and

6  reviewing text, data, audio and video files; electronic docking stations; stands specially designed

7  for holding portable and handheld digital electronic devices; battery chargers; battery packs;

8  electrical connectors, wires, cables, and adaptors; wired and wireless remote controls for portable

9  and handheld digital electronic devices; headphones and earphones; stereo amplifier and speaker

10  base stations; automobile stereo adapters; audio recorders; radio receivers; radio transmitters;

11  image scanners; video viewers, namely video monitors for portable and handheld digital electronic

12  devices; and, electronic memory card readers; a full line of computer software for portable and

13  handheld digital electronic devices for recording, organizing, transmitting, manipulating, and

14  reviewing text, data, audio, image, and video files; computer application software for recording

15  and organizing calendars and schedules, to-do lists, and contact information; computer game

16  software; and, computer software for clock and alarm clock functionality; carrying cases, sacks,

17  and bags, all for use with portable and handheld digital electronic devices for recording,

18  organizing, transmitting, manipulating, and reviewing text, data, audio, image, and video files." A

19  true and correct copy of the USPTO online record for this application is attached hereto as Exhibit

20  G.

21       22. On August 10, 2005, Apple filed United States Trademark Application Serial No.

22  78/689,534 for **MADE FOR IPOD & Design** for "a full line of electronic and mechanical

23  accessories for portable and handheld digital electronic devices for recording, organizing,

24  transmitting, manipulating, and reviewing text, data, audio and video files; electronic docking

25  stations; stands specially designed for holding portable and handheld digital electronic devices;

26  battery chargers; battery packs; electrical connectors, wires, cables, and adaptors; wired and

27  wireless remote controls for portable and handheld digital electronic devices; headphones and

28  earphones; stereo amplifier and speaker base stations; automobile stereo adapters; audio recorders;

7

1  radio receivers; radio transmitters; image scanners; video viewers, namely video monitors for

2  portable and handheld digital electronic devices; and, electronic memory card readers; a full line

3  of computer software for portable and handheld digital electronic devices for recording,

4  organizing, transmitting, manipulating, and reviewing text, data, audio, image, and video files;

5  computer application software for recording and organizing calendars and schedules, to-do lists,

6  and contact information; computer game software; and, computer software for clock and alarm

7  clock functionality; carrying cases, sacks, and bags, all for use with portable and handheld digital

8  electronic devices for recording, organizing, transmitting, manipulating, and reviewing text, data,

9  audio, image, and video files." A true and correct copy of the USPTO online record for this

10  application is attached hereto as Exhibit H.

11        23. On April 11, 2005, Apple filed United States Trademark Application Serial No.

12  78/606,357 for **IPOD SOCKS** for "Cases and bags specifically adapted for carrying computers

13  and consumer electronics, namely, portable and handheld digital electronic devices for recording,

14  organizing, transmitting, manipulating, and reviewing text, data, audio and video files." This

15  application is based on Registration No. 4071271 for **IPOD SOCKS** in the European Union, and

16  received a priority filing date of October 12, 2004, under Section 44(d) of the Lanham Act. A true

17  and correct copy of the USPTO online record for this application is attached hereto as Exhibit I.

18        24. On March 9, 2006, Apple filed United States Trademark Application Serial No.

19  78/833,929 for **IPOD HI-FI** for "speakers; sound systems comprising remote controls, amplifiers,

20  loudspeakers and components thereof; apparatus for reproduction of sound; apparatus for

21  connecting and charging portable and handheld digital electronic devices for recording,

22  organizing, transmitting, manipulating, and reviewing audio, video and other digital content; parts

23  and fittings for all the aforesaid goods." This application is based on Application No. 300497133

24  for **IPOD HI-FI** in Hong Kong, and received a priority filing date of September 20, 2005, under

25  Section 44(d) of the Lanham Act. A true and correct copy of the USPTO online record for this

26  application is attached hereto as Exhibit J.

27        25. On June 18, 2005, Apple filed United States Trademark Application Serial No.

28  78/653,667 for **IPOD** for "full line of holders, straps, armbands, and clips for portable and

1   handheld digital electronic devices for recording, organizing, transmitting, manipulating, and

2   reviewing text, data, audio, image, and video files; lanyards for portable and handheld digital

3   electronic devices for recording, organizing, transmitting, manipulating, and reviewing text, data,

4   audio, image, and video files." A true and correct copy of the USPTO online record for this

5   application is attached hereto as Exhibit K.

6       26.   On June 18, 2005, Apple filed United States Trademark Application Serial No.

7   78/653,669 for **IPOD** for "full line of clothing, footwear, and headwear." A true and correct copy

8   of the USPTO online record for this application is attached hereto as Exhibit L.

9       27.   On November 23, 2004, Apple filed United States Trademark Application Serial No.

10  78/521,796 for **IPOD** for "Retail store services and retail store services provided via

11  communications networks featuring computers, computer software, computer peripherals and

12  consumer electronics, and pre-recorded music, audio-visual and music-related products; product

13  demonstrations provided in-store and via communications networks; information and consultation

14  in connection with all of the foregoing; computerized data storage and retrieval services for digital

15  music, photographs, and audio-visual and text works; information and consultation in connection

16  therewith." This application is based on Application No. 3957768 for IPOD in the European

17  Union, and received a priority filing date of July 28, 2004, under Section 44(d) of the Lanham Act.

18  A true and correct copy of the USPTO online record for this application is attached hereto as

19  Exhibit M.

20      28.   On July 29, 2004, Apple filed United States Trademark Application Serial No.

21  78/459,101 for the **POD** mark for "portable and handheld digital electronic devices for recording,

22  organizing, transmitting, manipulating, and reviewing audio files, and peripherals for use

23  therewith; computer software for use in organizing, transmitting, manipulating, and reviewing

24  audio files on portable and handheld digital electronic devices." This application is based on

25  Section 44(e) of the Lanham Act, and claims a priority filing date of January 30, 2004 in reliance

26  on Registration No. 3634623 for **POD** in the European Union. A true and correct copy of the

27  USPTO online record for this application is attached hereto as Exhibit N.

28      29.   Apple has used and is using its **IPOD** mark in commerce on and in connection with

1  offering and selling its portable handheld media players and associated goods and services

2  continuously since October 2001. On information and belief, the POD mark has been used by

3  consumers and industry publications as a slang term for the **IPOD** mark and product.

4  　　　30. On information and belief, since its introduction in 2001, consumers have used

5  Apple's **IPOD** products in connection with their fitness activities. As a result, for several years,

6  Apple has marketed and sold **IPOD**-compatible protective "sports cases" and arm bands to

7  facilitate the use of the **IPOD** player while exercising. Apple markets such accessories at The

8  Apple Store (at *http://store.apple.com*) under the slogan, "[k]eep you IPOD secure when you're on

9  the go. Perfect for riding, running, and working out."

10  　　　31. In May 2006 Apple announced that it had entered into a collaboration with shoe

11  manufacturer Nike to release a new product, referred to as Nike +**IPOD**, that would allow a

12  runner's shoes to communicate with an **IPOD** player. The Nike + **IPOD** Sports Kit component of

13  the product is designed to allow an **IPOD** player to function as a personal trainer or coach, and to

14  help the user achieve individualized fitness goals. The Nike +**IPOD** product is being promoted by

15  Apple and Nike in advertisements, some of which feature Apple's distinctive Earbud Trade Dress

16  next to a running shoe, and is now available in retail stores and on-line at various websites,

17  including The Apple Store at the URL *http://store.apple.com*.

18  　　　**The Fame of Apple's Trademarks**

19  　　　32. In the almost five years that Apple has been continuously using the **IPOD** mark in

20  interstate commerce, it has spent hundreds of millions of dollars advertising and promoting its

21  goods and services under the **IPOD** mark in a variety of media, including but not limited to

22  television, radio, a wide variety of general circulation and specialized print media, billboards,

23  trade shows and the Internet. The goods and services offered by Apple under the **IPOD** mark

24  have been the subject of many thousands of articles in general circulation newspapers and

25  magazines, as well as radio, television and Internet broadcasts.

26  　　　33. By virtue of the long, continuous and exclusive use by Apple of the **IPOD** mark and

27  the extensive and costly national and international marketing efforts and repeated association of

28  Apple's goods and services with the **IPOD** mark, Apple's mark has become famous all over the

COMPLAINT
JURY TRIAL DEMANDED

1    world.  As a result, the consuming public in California and nationwide uses the **IPOD** mark to

2    identify Apple's goods and services, and associates the mark with Apple exclusively.  Because of

3    the consistent quality of Apple's goods and services marketed under and in association with the

4    **IPOD** mark, Apple has established considerable good will and reputation with respect to its goods

5    and services.

6        34.  Apple's use of the **IPOD** mark has been exclusive and continuous since long prior to

7    the date of Defendant's first use of its mark.  Furthermore, Apple's **IPOD** mark became famous

8    long before the date of Defendant's first use of the infringing POD-formative marks referenced

9    herein.  The **IPOD** mark is well known and is an asset of immense value to Apple.

10                              **Defendant's Wrongful Conduct**

11        35.  On information and belief, Defendant PodFitness launched its business in March 2006

12    as a direct result of the popularity of the **IPOD** players.  On information and belief, in order to

13    trade on the good will established by Apple in its **IPOD** mark, Defendant intentionally chose the

14    trade name PODFITNESS to deceive and mislead consumers into believing that Defendant's

15    business is somehow affiliated with Apple and Apple's products.  Defendant also engaged in a

16    variety of illegal activities, described below, all for the purpose of creating confusion as to the

17    source of its goods and services in order to profit from the success of the **IPOD** mark.

18        36.  Defendant has adopted and now uses PODFITNESS as a trademark for its

19    downloadable audio files for handheld media players and related services, which it promotes and

20    provides on the Internet through its website located at *www.podfitness.com*.  Consumers pay a

21    monthly subscription fee to download Defendant's digital audio files.  Defendant's digital audio

22    files are customized workout programs created by professional fitness trainers in response to a

23    consumer's stated personal exercise objectives.  The files are then downloaded to the customer's

24    digital media player to be set to music already on the customer's player.  According to the

25    *www.podfitness.com* website, Defendant's consumers must use Apple's ITUNES proprietary

26    digital media player application to facilitate the downloading of Defendant's audio workout files.

27        37.  Defendant's PODFITNESS product is directly competitive with goods and services

28    offered by Apple under its **IPOD** mark, including, but not limited to Nike +**IPOD**.

1     38.  Defendant has also adopted the following logo (on the left) (herein referred to as the

2  "PODFITNESS.COM Logo") for its products and services, which it promotes on its website and

3  which incorporates an image of white and grey earbuds that are strikingly similar to the Earbud

4  Trade Dress:

    

8

9  The Earbud Trade Dress is depicted above on the right.  A captured image of the Defendant's

10  website showing use of the PODFITNESS.COM Logo in commerce is attached hereto as Exhibit

11  O.  A printout of Apple's website showing use of the Earbud Trade Dress in commerce is attached

12  hereto as Exhibit P.

13     39.  Defendant has also copied and prominently displays Apple's registered **IPOD** mark

14  throughout its *www.podfitness.com* website and particularly on the homepage, including in the

15  tagline: "Put a Personal Trainer right on your IPOD®," and the bold caption: "Customized IPOD

16  Workouts" (although Defendant recently removed both phrases from its home page after

17  communications from Apple).  Defendant repeatedly displays conspicuous photos of the **IPOD**

18  product on the site, and prominently features images of individuals exercising while wearing

19  Apple's well-known Earbud Trade Dress.  (See Exhibit Q for captured images of Defendant's

20  website dated July 27, 2006 and September 20, 2006).  In the "Support" section of the website,

21  Defendant states that "you will need to have [Apple's] ITUNES 6 installed in order to use the

22  PodFitness software."

23     40.  On information and belief, Defendant has directly copied images of the **IPOD** player

24  from Apple's website at *www.apple.com* to use on its own *www.podfitness.com* website, as shown

25  in the comparison below.  A captured image of Apple's **IPOD** player from Apple's website is

26  depicted below to the right.  (See Exhibit R for a full printout from Apple's website showing

27  images of its **IPOD** players.)  The virtually identical image to the left is taken from Defendant's

28  website (see Exhibit Q for captured images from Defendant's website).

COMPLAINT
JURY TRIAL DEMANDED





41.  Defendant uses Apple's registered **IPOD** mark in the metatags of each page on its *www.podfitness.com* website, causing Defendant's website to appear as a "hit" when a query is conducted through a search engine for the phrase "**IPOD** Workout."

42.  Defendant is also listed as a sponsored link on the search engine *www.google.com* in connection with the keywords "**IPOD** Workout" and "**IPOD** Fitness," causing a link to the *www.podfitness.com* website to appear prominently in the top banner or right margin of the screen in response to a search query for such terms.

43.  On March 16, 2006, Defendant ran a full-page advertisement in the Wall Street Journal, which stated in large type:

> Dear Steve Jobs,
> Thanks for the IPOD®.
> Best,
> Jeff Hays
>
> P.S. Wait till you hear what we did with it!
> Call me, 801-990-3238

The bottom of the advertisement prominently displayed the white earbuds shown in the PODFITNESS.COM Logo mark along with the tagline "Your Music. Your Workout. Your Way." Underneath the logo in smaller print, the advertisement read:

"If you're not Steve, and would like to download unlimited, customized training sessions mixed with your music, it's only $19.95 per month. For you Steve, it's on the house. www.podfitness.com/steve."

A copy of the above-referenced advertisement is attached hereto as Exhibit S.

44.  It is widely known to the public that Steve Jobs is the CEO of Apple.  Neither Steve Jobs, nor Apple, authorized this use of his name in Defendant's advertisements for the PODFITNESS product.

45.  On information and belief, Defendant used this commercial advertisement for the purpose of misleading and confusing the public about its association with Apple, and to trade on the good will, reputation and fame of Apple, its CEO and its **IPOD** player, and its enormous investment in the **IPOD** mark, and to unjustly enrich itself at the expense of Apple and the public.

46.  On information and belief, Defendant has entered into an arrangement with the W Hotels whereby guests at the hotels are offered a free subscription to Defendant's services.  On information and belief, Defendant has used this commercial opportunity for the purpose of misleading and confusing the public about its association with Apple.

47.  On information and belief, Defendant has entered into an arrangement with Marware, Inc. in which the parties will collaborate to create fitness products and services involving Apple's **IPOD** player.  In a press release dated September 7, 2006, Jeff Hays, Chief Executive Officer of PodFitness, is quoted as follows: "Our partnership with Marware brings together the premier iPod accessory maker and Podfitness, the best way to train with your iPod."  On information and belief, Defendant has used this commercial opportunity for the purpose of misleading and confusing the public about its association with Apple.

48.  Apple has not consented to any of Defendant's uses of its **IPOD** mark or its product images, nor any mark comprised in whole or part of **POD**, nor has Apple sponsored, endorsed or approved the goods or services offered and promoted by Defendant.  Nor is there any affiliation between Apple and Defendant.

49.  On November 29, 2005, Defendant filed Application Serial No. 78/762,928 with the United States Patent and Trademark Office (USPTO) to register the PODFITNESS mark for its

products and services in three classes, including the same class of goods for which **IPOD** is

registered, namely:

> Class 9: Downloadable music, audio programs and audio files; downloadable music recordings for exercise programs, fitness plans and training systems

> Class 35: On-line retail store services in the field of music, audio programs and audio files; on-line retail store services featuring downloadable pre-recorded music; on-line retail store services in the field of exercise programs, fitness plans and training systems

> Class 41: Providing an on-line computer database featuring information regarding exercise programs, fitness plans and training systems; providing an on-line computer database in the field of music, audio programs and audio files for exercise programs, fitness plans and training systems; providing digital music from web sites on the Internet; providing digital music from the Internet

(the "PodFitness Goods and Services").

50.  On December 17, 2005, Defendant filed Application Serial No. 78/775,610 with the USPTO to register the PODFITNESS.COM Logo mark for the PodFitness Goods and Services.

51.  On January 9, 2006, Defendant filed Application Serial No. 78/787,637 with the USPTO to register the PODPOCKET mark for clothing , namely, "blouses; caps; coats; footwear; gloves; hats; headwear; jackets; jerseys; pants; pullovers; shirts; short-sleeved or long-sleeved t-shirts; shorts; socks; sweaters; t-shirts; tops; underwear."

52.  On January 27, 2006, Defendant filed Application Serial No. 78/800,739 with the USPTO to register the mark PODWORKOUT mark for PodFitness Goods and Services.

53.  Defendant's marks described in paragraphs 49 and 50 will be referred to herein as the "Infringing Marks." All of Defendant's above-listed marks in paragraphs 49-52 will be collectively referred to herein as the "PodFitness Marks."

54. Promptly upon learning of Defendant's use of PODFITNESS as a trade name and trademark, on March 14, 2006, Apple's counsel sent a letter to Jeffrey Hays, Defendant's president, notifying him that Defendant's use of the PODFITNESS mark and the depiction of Apple's Earbud Trade Dress as part of the PODFITNESS.COM Logo mark infringed Apple's trademark rights and diluted the distinctive quality of Apple's **IPOD** marks.  Apple requested that Defendant cease its use or intended use of the PodFitness Marks and its plans to launch the product, which Defendant's website indicated was scheduled for March 21, 2006.  Apple also

1   requested Defendant abandon its pending applications for the PodFitness Marks.

2       55. On March 20, 2006, Apple's counsel called Mr. Hays and put him on notice again of

3   the unlawfulness of Defendant's actions before it proceeded with its scheduled launch.

4       56. Shortly thereafter, Defendant proceeded to launch its PODFITNESS service despite

5   notice and knowledge of Apple's concerns.

6       57. Despite repeated efforts, Apple has been unable to obtain Defendant's agreement to

7   voluntarily cease the infringing and diluting activities, referred to above, and the infringing and

8   diluting conduct continues today. Defendant's pattern of conduct and its outright refusal to

9   respect Apple's trademark rights confirms Apple's belief that Defendant deliberately and willfully

10   selected and is using marks similar to Apple's famous trademarks to mislead and confuse

11   consumers into believing that Defendant's goods and services are provided, sponsored, or

12   approved by Apple, and to mislead consumers that Defendant is somehow associated with Apple.

13   Defendant is improperly trading on Apple's reputation and good will and its enormous investment

14   in and promotion of the **IPOD** mark, and is diluting the distinctiveness of the **IPOD** mark.

15       58. Apple, the famous **IPOD** mark, and the business of Apple are known to Defendant

16   and were known to Defendant at the time it adopted the PodFitness Marks and began offering its

17   goods and services under the Infringing Marks.

18       59. Defendant's first commercial use of the Infringing Marks for its goods and services

19   occurred much later than Apple's first use of the **IPOD** mark for its goods and services, and well

20   after Apple's **IPOD** mark had become famous.

21       60. Defendant's trademark applications for the PodFitness Marks were all filed

22   subsequent to the application date for Apple's **IPOD** registrations and **POD** application.

23       61. On information and belief, Defendant adopted the "POD" portion of its mark to make

24   a direct reference to Apple's **IPOD** product, with full knowledge that POD is used as a slang term

25   for **IPOD**.

26       62. The PodFitness Marks are identical or very similar to Apple's marks, the most

27   prominent element of the PodFitness Marks, "POD," comprising the most prominent element of

28   Apple's **IPOD** mark. In addition, the dominant element of the PodFitness Marks, "POD," is

COMPLAINT
JURY TRIAL DEMANDED

1  identical to the "POD" slang term used to refer to the IPOD products.

2      63.  Defendant uses, or intends to use, the PodFitness Marks on goods and services that are

3  identical, or at least highly related, to Apple's **IPOD** goods and related services.

4      64.  Defendant's promotion and sales of its goods and services under the Infringing Marks

5  are directed to consumers of Apple's **IPOD** products and are conducted through the same channels

6  of trade as are used by Apple to promote and sell its **IPOD** goods and related services.

7      65.  Defendant's use of the Infringing Marks and Defendant's actions described herein are

8  likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry, and

9  all channels of trade for Apple's **IPOD** goods and related services.

10     66.  Defendant's use of the Infringing Marks and Defendant's actions described herein

11  cause dilution of the famous **IPOD** mark.

12     67.  Defendant's use of the Infringing Marks and its actions described herein have been,

13  and continue to be, deliberate, willful, and with disregard to the rights of Apple.

14     68.  Defendant's continuing conduct constitutes an ongoing threat to Apple and the public.

15  Apple has sustained and will continue to sustain irreparable injury as a result of Defendant's

16  conduct, which injury is not compensable by the award of monetary damages.  Unless Defendant

17  is restrained and enjoined from engaging in its infringing and diluting conduct, Apple will

18  continue to suffer irreparable injury.

19                     **FIRST CAUSE OF ACTION**
                    **(Trademark Infringement – 15 U.S.C. § 1114(1))**
20

21     69.  Apple incorporates herein by reference each and every allegation in the preceding

22  paragraphs.

23     70.  Prior to Defendant's adoption of the PodFitness Marks and use of the Infringing

24  Marks, Defendant either had actual notice and knowledge, or constructive notice (pursuant to 15

25  U.S.C. § 1072), of Apple's ownership and registrations of the **IPOD** mark.

26     71.  On information and belief, Defendant was aware of Apple's business and its **IPOD**

27  mark and registrations prior to Defendant's adoption of the PodFitness Marks and use of the

28  Infringing Marks in connection with its business.

72.  On information and belief, Defendant deliberately and willfully used and is using the Infringing Marks in an attempt to trade on the enormous goodwill, reputation and selling power established by Apple under the **IPOD** mark, and to create a false impression of association with Apple.

73.  On information and belief, Defendant has used the Infringing Marks as trademarks in interstate commerce, including in this judicial district.

74.  On information and belief, the goods and services offered and/or sold by Defendant under the Infringing Marks are moving and will continue to move through the same channels of trade, and are being offered and/or sold through the same channels of advertising and to the same consumer groups, as the goods and services that are offered and sold by Apple under the **IPOD** mark.

75.  Apple has not consented to Defendant's use of the Infringing Marks.

76.  Defendant's unauthorized use of term "POD" as a key component of its Infringing Marks falsely indicates to consumers that Defendant's goods and/or services are in some manner connected with, sponsored by, affiliated with, or related to Apple, and/or the products and services of Apple.

77.  Defendant's unauthorized use of the Infringing Marks is also likely to cause consumers to be confused as to the source, nature and quality of the goods and/or services that Defendant is selling in connection with the Infringing Marks.

78.  Defendant's unauthorized use of the Infringing Marks, as set forth herein, facilitates the acceptance of Defendant's goods and/or services throughout the marketplace, not based on the quality of the goods and services provided by Defendant, but on the association that the public is likely to make with Apple and the reputation and goodwill associated with Apple's goods and services.

79.  Defendant's unauthorized use of the Infringing Marks deprives Apple of the ability to control the quality of the goods and services marketed under the **IPOD** mark, and instead, places Apple's valuable reputation and goodwill into the hands of Defendant, over whom Apple has no control.

COMPLAINT
JURY TRIAL DEMANDED

80. The aforementioned activities of Defendant are likely to cause confusion or mistake, or to deceive consumers or potential consumers wishing to purchase Apple's products and services, and is also likely to confuse consumers as to an affiliation between Apple and Defendant.

81. The aforementioned acts of Defendant constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

82. The intentional and willful nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

83. Apple has been, is now, and will be irreparably harmed by Defendant's aforementioned acts of infringement, and unless enjoined by the Court, Defendant will continue to infringe upon the **IPOD** mark. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

### SECOND CAUSE OF ACTION
**(Trademark Infringement, Unfair Competition, and False Designation of Origin – 15 U.S.C. § 1125(a))**

84. Apple incorporates herein by reference each and every allegation in the preceding paragraphs.

85. Apple is informed and believes that Defendant chose its trade name, domain name and the PodFitness Marks, and took the other actions alleged above, to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or approval of the goods and services of Defendant, deliberately to pass off Defendant's goods and services as those of Apple, and/or to falsely imply an association with Apple.

86. Defendant's acts as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or approval of the goods and services of Defendant.

87. Defendant's conduct constitutes trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

88. Unless enjoined, Defendant will continue its infringing conduct.

89. As a direct and proximate result of Defendant's infringing conduct, Apple has

COMPLAINT
JURY TRIAL DEMANDED

1    suffered and will continue to suffer irreparable injury to its business reputation and goodwill for

2    which no adequate remedy exists at law, and has lost sales and profits in an amount not yet fully

3    ascertained.

4        90.   Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful,

5    and deliberate entitling Apple to an accounting of Defendant's profits, increased damages, and an

6    award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

7                          **THIRD CAUSE OF ACTION**
                  **(Trade Dress Infringement - 15 U.S.C. § 1125(a))**
8

9        91.   Apple incorporates herein by reference each and every allegation in the preceding

10    paragraphs.

11        92.   Apple is the owner of common law rights throughout the United States in the Earbud

12    Trade Dress.

13        93.   The Earbud Trade Dress has been prominently displayed in Apple's advertising for

14    the **IPOD** player, and, most famously, is featured in Apple's popular silhouette advertising

15    campaigns.  As a result of this well-known advertising campaign and the success of the **IPOD**

16    products, the Earbud Trade Dress has come to be associated exclusively with Apple and its **IPOD**

17    players.  (See Exhibit P).

18        94.   The Earbud Trade Dress has become distinctive of Apple's digital music products and

19    services, and distinguishes Apple's goods and services from those offered by others.

20        95.   The Earbud Trade Dress was distinctive long before Defendant began offering its

21    services on the *podfitness.com* website in connection with the PODFITNESS.COM Logo.

22        96.   The Earbud Trade Dress is non-functional.

23        97.   Defendant's unauthorized use of the PODFITNESS.COM Logo, which incorporates

24    the dominant elements comprising the Earbud Trade Dress, is likely to cause confusion, to cause

25    mistake, or to deceive as to the source of the goods and services by Defendant, or as to affiliation,

26    connection, association, sponsorship, or approval of such goods and services.

27        98.   Defendant's unauthorized use of the PODFITNESS.COM Logo, which incorporates

28    the dominant elements comprising the Earbud Trade Dress, is likely to cause the public to believe

COMPLAINT
JURY TRIAL DEMANDED

1    that the goods and services Defendant is offering originate from Apple or are associated with

2    Apple.

3          99.   Defendant's unauthorized use of the PODFITNESS.COM Logo, which incorporates

4    the dominant elements comprising the Earbud Trade Dress, constitutes a commercial use in

5    interstate commerce.

6          100. Defendant's unauthorized use of the PODFITNESS.COM Logo, which incorporates

7    the dominant elements comprising the Earbud Trade Dress, constitutes trade dress infringement in

8    violation of Section 43(a) of the Lanham Act, 15 U.S.C.§ 1125(a).

9          101.   As a direct and proximate result of Defendant's infringing conduct, Apple has

10   suffered and will continue to suffer irreparable injury to its business reputation and goodwill for

11   which no adequate remedy exists at law, and has lost sales and profits in an amount not yet fully

12   ascertained.

13         102.   Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful,

14   and deliberate entitling Apple to an accounting of Defendant's profits, increased damages, and an

15   award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

16   **FOURTH CAUSE OF ACTION**
   **(Trademark Dilution – 15 U.S.C. § 1125(c))**

17

18         103.   Apple incorporates herein by reference each and every allegation in the preceding

19   paragraphs.

20         104.   The **IPOD** mark and product have been and continue to be extensively promoted and

21   marketed nationwide.  As a result, the **IPOD** mark has gained strong national public recognition

22   and is eligible for protection against dilution as a distinctive and famous mark.

23         105.   The **IPOD** mark is well known, is of great value to Apple, is recognized and relied

24   upon by the trade and the public as identifying Apple as the source of Apple's goods and services,

25   and serves to distinguish Apple's goods and services from those of others.  Apple's use of the

26   **IPOD** mark has been exclusive and continuous since long prior to the date of Defendant's use of

27   the Infringing Marks.

28         106.   Defendant's use of the Infringing Marks in the advertising and promotion of its

1    goods and/or services dilutes the strength and value of the **IPOD** mark.

2    107.  Without injunctive relief, Apple has no means by which to control the continuing

3    injury to its reputation and goodwill or of the continuing dilution of its trademark.  Apple has been

4    and will continue to suffer irreparable injury for which no adequate remedy exists at law.

5    108.  Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful,

6    and deliberate entitling Apple to an accounting of Defendant's profits, increased damages, and an

7    award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

8                                  **FIFTH CAUSE OF ACTION**
                   **(Trademark Infringement – Cal. Bus. & Prof. Code §14335 *et seq.*)**
9

10    109.  Apple incorporates herein by reference each and every allegation in the preceding

11    paragraphs.

12    110.  Defendant engaged in the acts as alleged herein to enhance the commercial value of

13    its goods or services.

14    111.  Defendant's acts as alleged herein constitute, among other things, unauthorized use

15    or infringement of Apple's trademark rights under California Business and Professions Code §§

16    14335 *et seq.*

17    112.  Unless enjoined, Defendant will continue its infringing conduct.

18    113.  As a direct and proximate result of Defendant's infringing conduct, Apple has

19    suffered and will continue to suffer irreparable injury to its business reputation and goodwill for

20    which no adequate remedy exists at law and has lost sales and profits in an amount not yet fully

21    ascertained.

22    114.  Because Defendant's actions have been committed willfully, maliciously and

23    intentionally, Apple is entitled to recover Defendant's profits together with Apple's damages,

24    trebled, costs of the action, and reasonable attorneys' fees pursuant to Cal. Bus & Prof. Code

25    §§14320, 14330, and 14340.

26    ///

27    ///

28    ///

COMPLAINT
JURY TRIAL DEMANDED

### SIXTH CAUSE OF ACTION
**(Trademark Dilution - Cal. Bus. & Prof. Code § 14330)**

115. Apple incorporates herein by reference each and every allegation in the preceding paragraphs.

116. The **IPOD** mark has been and continues to be extensively promoted and marketed nationwide. As a result, the **IPOD** mark has gained strong national public recognition and is eligible for protection against dilution as a distinctive and famous mark.

117. Defendant's use of the Infringing Marks in the advertising and promotion for its goods and/or services dilutes the distinctive quality of the **IPOD** mark.

118. The above acts by Defendant constitute trademark dilution under California Business & Professions Code § 14330, the analogous statutes of other states, and under California common law.

119. Without injunctive relief, Apple has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution of its trademark. Apple has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Apple if it loses the ability to control the use of its **IPOD** mark and the reputation and goodwill attendant thereto through the false and unauthorized use of its trademark.

### SEVENTH CAUSE OF ACTION
**(Unfair Unlawful and Deceptive Business Practices - Cal. Bus. & Prof. Code § 17200 *et seq.*)**

120. Apple incorporates herein by reference each and every allegation in the preceding paragraphs.

121. Defendant's business practices alleged above are unfair and offend public policy as they were unlawful, unfair, unscrupulous, and substantially injurious to Apple and consumers.

122. The above acts by Defendant constitute unfair competition and unfair business practices in violation of the Section 17200 *et seq.* of the California Business & Professions Code, prohibiting unfair, unlawful and deceptive business acts.

123. Pursuant to California Business and Professions Code § 17203, Apple is entitled to enjoin these practices.

COMPLAINT
JURY TRIAL DEMANDED

124.  Without injunctive relief, Apple has no means by which to control Defendant's deceptive and confusing use and advertising of its marks.  Apple is therefore entitled to injunctive relief prohibiting Defendant from continuing such acts of unfair competition, and appropriate restitution remedies, pursuant to California Business and Professions Code § 17203.

**EIGHTH CAUSE OF ACTION**
**(Untrue and Misleading Advertising -**
**Cal. Bus. & Prof. Code §§ 17500 and 17535)**

125.  Apple incorporates herein by reference each and every allegation in the preceding paragraphs.

126.  Defendant's use of Apple's **IPOD** mark and other marks confusingly similar to Apple's **IPOD** mark in advertising constitutes advertising done with the intent to directly or indirectly induce the public to enter into business transactions with Defendant regarding Defendant's services.

127.  Defendant's actions have caused, and are likely to continue to cause confusion and mistake, and to deceive as to the affiliation, connection or association of Defendant and Apple, and as to the origin, sponsorship, or approval of Defendant's goods and services by Apple and/or the origin, sponsorship, or approval of Apple's goods and services by Defendant, to Apple's harm.

128.  In making and disseminating advertising and promotional materials as alleged herein, Defendant knew, or by the exercise of reasonable care should have known, that the statements were untrue and/or misleading and so acted in violation of California Business & Professions Code § 17500 and/or § 17535. Defendant's unlawful actions have caused, and will continue to cause, irreparable harm to Apple unless enjoined.

**PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Apple respectfully requests that this Court enter an Order granting the following relief:

a)  For judgment that the **IPOD** and **POD** marks have been and continue to be infringed by Defendant;

b)  For judgment that the **IPOD** mark has been and continues to be diluted by Defendant;

c)  Permanently enjoining Defendant and each of its agents, employees, servants, officers,

24

1  directors, successors in interest, heirs, assigns and all persons, firms or corporations, acting

2  by or under their authority, in active concert or privity or in participation with it, from

3  using the **IPOD** and **POD** marks or any confusingly similar marks in any way or using any

4  word, words, phrases, symbols, logos, or any combination of words or symbol that would

5  create a likelihood of confusion, mistake, or deception therewith, including, without

6  limitation, the PodFitness Marks, in connection with or in the marketing, offering, selling,

7  disposing of, licensing, leasing, transferring, displaying, advertising, reproducing,

8  developing, or manufacturing of Defendant's business, services, and goods;

9   d)  Permanently enjoining Defendant to recall from all its offices and all others, whether

10   persons, firms, or corporations, acting by or under their authority, in active concert or

11   privity or in participation with it, any material containing the **IPOD** or **POD** mark in any

12   way and any word, words, phrases, symbols, logos, any combination of words or symbols

13   that would create a likelihood of confusion, mistake and/or deception therewith, including,

14   without limitation, the PodFitness Marks, in connection with or in the marketing, offering,

15   selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing,

16   developing, or manufacturing of Defendant's business, goods and services;

17   e)  Permanently enjoining Defendant, its officers, agents, employees, and all persons acting in

18   concert with them, from infringing the **IPOD** and **POD** marks and/or engaging in further

19   such unlawful acts and from reaping any additional commercial advantage from its

20   misappropriation of the rights of Apple and all affiliated and related companies of Apple in

21   the **IPOD** and **POD** marks and the registrations of these marks;

22   f)  Requiring Defendant to destroy, at its sole and exclusive cost, all materials in its

23   possession or under its control that contain infringements of the **IPOD** and **POD** marks;

24   g)  Ordering the Director of the United States Patent and Trademark Office to order that

25   Defendant is not entitled to any trademark registrations for the PodFitness Marks and any

26   word, words, phrases, symbols, logos, or any combination of words or symbols that would

27   create a likelihood of confusion, mistake, and/or deception therewith, including, without

28   limitation, Defendant's Trademark Application Serial Numbers 78/762,928; 78/775,610;

COMPLAINT
JURY TRIAL DEMANDED

1    78/800,739; and 78/787,637;

2    h)  Ordering that the <*www.podfitness.com*> domain name be transferred to Apple;

3    i)  For all actual damages sustained by Apple as the result of Defendant's acts of infringement

4        and/or dilution, together with prejudgment interest, according to proof, pursuant to 15

5        U.S.C. § 1117;

6    j)  For an accounting of the profits of Defendant resulting from their acts of infringement

7        and/or dilution pursuant to 15 U.S.C. § 1117;

8    k)  For enhanced damages pursuant to 15 U.S.C. § 1117;

9    l)  For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by

10       law;

11   m) For Apple's costs of suit, including its reasonable litigation expenses, pursuant to 15

12       U.S.C. § 1117; and

13   **n)**   Granting Apple such additional, other, or further relief as the Court deems proper and just.

14                          **DEMAND FOR JURY TRIAL**

15       Plaintiff demands trial by jury on all issues so triable.

16

17   DATED:  September 21, 2006             Respectfully submitted,

18                                          FISH & RICHARDSON P.C.

19

20                                          By: _____

21                                              David J. Miclean
                                                Lisa M. Martens
22

23                                          Attorneys for Plaintiff
                                            APPLE COMPUTER, INC.
24

25   50373175.doc

26

27

28