1  Larry R. Laycock
   Charles J. Veverka
2  Robert A. Aycock
   Mark W. Ford
3  WORKMAN | NYDEGGER
   1000 Eagle Gate Tower
4  60 East South Temple
   Salt Lake City, UT 84111
5  Telephone: (801) 533-9800

6  William S. Farmer (State Bar No. 46694)
   Jacob Alpren (State Bar No. 235713)
7  COLLETTE ERICKSON FARMER & O'NEILL LLP
   235 Pine Street, Suite 1300
8  San Francisco, CA 94104
   Telephone: (415) 788-4646

9  Attorneys for Defendant
10 PODFITNESS, INC.

11                        UNITED STATES DISTRICT COURT

12                       NORTHERN DISTRICT OF CALIFORNIA

13                            SAN FRANCISCO DIVISION

14 | APPLE COMPUTER, INC.,          | Civil Action No. 4:06-cv-05805 SBA
15 |                                |
   |         Plaintiff,             |
16 |                                | **DEFENDANT PODFITNESS, INC.'S**
   |    v.                          | **REPLY BRIEF IN FURTHER SUPPORT**
17 |                                | **OF ITS MOTION TO STAY**
   | PODFITNESS, INC.,              |
18 |                                | Date:    May 8, 2007
   |         Defendant.             | Time:    1:00 pm
19 |                                | Courtroom: 3, 3rd Floor
   |                                | Judge:   Hon. Saundra B. Armstrong
20

21       Defendant Podfitness, Inc. ("Podfitness") submits this Reply Brief in Further Support of

22 its Motion to Stay and in response to Plaintiff Apple Computer, Inc.'s ("Apple Computer")

23 Opposition thereto.

24 **I.   INTRODUCTION**

25       The issue before the court is whether, in view of the Trademark Trial and Appeal Board's

26 ("TTAB") expertise and the need for uniformity in the crowded arena of pod-formative

27 trademarks, this court should stay the current action in order to allow the TTAB to first decide

28                                          1         Podfitness' Reply Brief
                                                      Motion To Stay

whether the Podfitness Marks[1] cause a likelihood of confusion with Apple Computer's IPOD mark (hereafter referred to as the "Opposition Proceeding").

Stripped of invective and distilled to its essence, Apple Computer's objections to the Motion to Stay take the form of three primary arguments: (1) the Opposition Proceeding before the TTAB will take "3.2 years" to conclude, resulting in unacceptable delay; (2) irrespective of any determination by the TTAB, this Court will have to conduct a *de novo* review of the TTAB order; and (3) the TTAB decision will effect only the "registrability" of the Podfitness marks, a determination that has little impact on the present action. Each of these arguments fail as they are based either on an incomplete or misguided analysis of the applicable law or Apple Computer's own cited statistics.

Apple Computer's mantra that TTAB proceedings take 3.2 years to conclude gives the Court only half the story, the half that supports its argument and has no application to this case. Specifically, Apple Computer fails to reveal the relevant portion of the cited study articulating that unless the *parties* delay the proceeding, the Opposition will likely conclude much faster than the present action. The portion of the cited study Apple Computer chose to ignore reads as follows:

> The Board itself is not the major source of delay. On average, the Board took ***224 days (or 0.6 years)*** to issue a decision once the parties filed their final papers or concluded oral arguments. Rather, **litigants are the primary culprits**.

[emphasis added, citation provided below] As a result, unless Apple Computer itself intends to delay the Opposition Proceeding, it should conclude before this case.

Apple Computer next argues that staying this action would not be efficient because this Court will have to review *de novo* any decision made by the TTAB. Again, Apple Computer is wrong. Factual determinations made by the TTAB are not reviewed *de novo*, but are given "great weight" by reviewing district courts. *See* 3 McCarthy §21:21 (4th ed. 2007).

---

[1] The "Podfitness Marks" include the PODFITNESS, PODFITNESS.COM and design, PODPOCKET, and PODWORKOUT marks.

Finally, and throughout its opposition, Apple Computer refers to the TTAB's responsibility as limited to issues of "registrability." What Apple Computer fails to point out is that registrability, like trademark infringement, is determined by a likelihood of confusion analysis. *See* 15 U.S.C. §1052 (d) (2006). It appears that the parties are in agreement that likelihood of confusion is an important issue in this case. In its opposition Apple Computer describes likelihood of confusion as the "key issue" or "crux" of its case. (Opposition, at 5, 11.)

As part of this argument, Apple Computer contends that the Opposition Proceeding cannot accord it complete relief, citing primarily to its alleged trade dress in white ear phones and Podfitness' legal use of IPOD or Apple in metatags, domain names and key words. In a good faith effort to place proper focus on the real issue (*i.e.*, use of Pod-formative marks), if a stay is granted Podfitness will agree to change its advertising and other conduct to remove these issues during the pendency of the stay.[2]

## II. ARGUMENT

### A. The TTAB Proceeding Should Be Completed Before the Scheduled Trial Date

Apple Computer attempts to convince this Court that if a stay is granted, the Opposition Proceeding "will languish for years at the TTAB" before getting resolved. (Opposition, at 2.) Apple Computer cites repeatedly to an isolated passage from an article that states that the median resolution time for cases at the TTAB is 3.2 years. *See* John M. Murphy, "Playing the Numbers: A Quantitative Look at Section 2(d) Cases Before The Trademark Trial and Appeal Board," 94 TMR 800 (2004) (hereafter referred to as the "Murphy Article" and attached to the Declaration of Andrew Abrams as Exhibit B, dkt. # 38). Based upon this snippet, Apple Computer contends that Podfitness' argument that a stay in this case would create efficiencies is "inaccurate, and

---

[2] These efforts should resolve Apple Computer's concerns as Podfitness does not manufacture, sell or advertise MP3 media players or other devices that compete with Apple Computer's IPOD product. Therefore, no harm to Apple Computer would result if a stay wre granted.

3   Podfitness' Reply Brief
Motion To Stay

disingenuous to say the least." (Opposition, at 7.) However, even a cursory review of the entire article clearly demonstrates that Apple Computer's reliance upon this snippet is misplaced.

In truth, a proceeding at the TTAB could take as little as a year to complete. A review of the entire Murphy Article reveals that it is the parties themselves that control the amount of time that it takes for the TTAB to resolve a proceeding. According to another passage of the Murphy Article, which Apple Computer fails to cite, Mr. Murphy states:

> The Board itself is not the major source of delay. On average, the Board took 224 days (or 0.6 years) to issue a decision once the parties filed their final papers or concluded oral arguments. Rather, litigants are the primary culprits.

*Id.* at 802. Because the TTAB allows parties to stipulate to extensions, it is the parties themselves that are often primarily responsible to long resolution times.[3]

If Apple Computer chooses not to seek extensions of time in the Opposition Proceeding, it should conclude 224 days (or 0.6 years) from the day that the parties file their final papers or conclude oral arguments.[4] Podfitness does not intend to ask for any extensions during the Opposition Proceeding, and will oppose any extension that Apple Computer seeks. Based on the dates that are currently set in the Opposition Proceeding, a decision should be reached by May of 2008—before trial in this case is scheduled to begin. Therefore, staying this action would not add "years" onto the resolution of this dispute as Apple Computer repeatedly argues. To the contrary, the TTAB decision may create the incentive necessary for the parties to settle this

---

[3] According to the Murphy article, "[i]n the cases surveyed, the Board granted an average of 4.2 requests for extension or suspension. In 31% of the 67 cases surveyed, the Board granted more than five extensions, and in 10% of the cases, the Board granted ten or more extension. In one case, the Board granted 22 extensions." Murphy at 802.

[4] Apple Computer itself is familiar with the practice of filing numerous extensions with the TTAB. Indeed, Apple Computer has initiated many of the over 100 opposition proceedings against pod-formative marks with an extension of time to oppose. In a footnote of its opposition, Apple Computer argues that the extensions of time that it has filed are not opposition proceedings, and that the number of opposition it is actually pursuing is much smaller. (Opposition, fn 16.) However, because the very filing of an extension express an intention to oppose a trademark, and halts the trademark registration process, Podfitness has included these in its count of pod-formative marks that Apple Computer is opposing or has opposed, which is over 100.

4   Podfitness' Reply Brief Motion To Stay

dispute, thus resolving the parties' issues without the need for a civil litigation at all. If not, and this case goes to trial, the TTAB's decision would make resolution of the causes of action which require a likelihood of confusion analysis much more streamlined and efficient.

### B. The TTAB Opinion Will Not Need To Be Reviewed *De Novo*, And Will Make The Resolution Of This Action More Efficient

According to Apple Computer, if this action is stayed this Court will have to "re-examine *de novo* the likelihood of confusion issue. . . ." (Opposition, at 7.) Failing to cite any case law in support of this argument, Apple Computer suggests that the *de novo* standard of review will make staying this action inefficient. Placed in the stark light of case law, this position is untenable.

In *Microchip Tech., Inc. v. Motorola, Inc.*, 2002 U.S. Dist. LEXIS 27039 (D. Del. May 28, 2002), a case in which the district court ultimately granted a motion to stay pending a TTAB proceeding, the court addressed the very argument that Apple Computer now makes:

> In an attempt to convince the Court that a stay would not expedite the proceedings in this action or promote judicial efficiency, Microchip contends that, regardless of the outcome, the TTAB's decision must be reviewed by this Court *de novo*. While Microchip is correct that the Court must review any TTAB decision, **Microchip misrepresents the standard by which a TTAB decision is reviewed**. The district court's role in reviewing a TTAB decision has been described as "unique," in that the Court acts as both a reviewing body and as a fact-finder. *See CVP Systems, Inc. v. M-Tek Incorporated*, 1994 U.S. Dist. LEXIS 13943, 32 U.S.P.Q.2d 1951 (N.D. Ill. 1994); *see also Loglan Institute v. Logical Language Group*, 962 F.2d 1038, 1040 (Fed. Cir. 1992) (holding that it is "well settled" that a TTAB decision "must be accepted as controlling upon a finding of fact ... unless the contrary is established by testimony which in character and amount carries thorough conviction").

*Id.* at *9–10 (emphasis added). Findings of fact made by the TTAB are given great weight by a reviewing district court. *See* 3 McCarthy §21:21 (4th ed. 2007) ("While district court review is called "*de novo*" because new evidence may be introduced, it is a unique procedure because unlike a true *de novo* proceeding, findings of fact by the Trademark Trial and Appeal Board are given great weight."). A district court in the Ninth Circuit recently stated that TTAB decisions

regarding likelihood of confusion should be reviewed under the "substantial evidence" standard set forth in the Administrative Procedures Act. *Carefree Trading Inc. v. Life Corp.*, 83 F. Supp. 2d 1111, 1113-14 (D. Ariz. 2000), vacated No. 00-1274, 2001 U.S. App. Lexis 18833 (Fed. Cir. Aug. 16, 2001) (unpublished decision). The Arizona district court described the correct inquiry under this standard as "whether on this record it would it would have been possible for a reasonable jury to reach the Board's conclusion." *Id.* at 1114.

The deferential standard of review that is and should be applied to a TTAB decision would promote efficiency and underscores the important role that TTAB decisions can play in trademark actions in district courts. Again, contrary to Apple Computer's argument, the standard of review that would be applied to a decision by the TTAB would promote efficiency in the resolution of the present dispute.

### C. The TTAB Decides Whether A Mark Is Registrable Through A Likelihood Of Confusion Analysis

In its opposition, Apple Computer argues that the TTAB "is merely limited to decisions concerning whether a mark is registrable." (Opposition, at 3.) This argument creates the impression that the TTAB's decision on whether a mark is "registrable" does not require a likelihood of confusion analysis. This impression is flatly wrong. In determining whether a mark is registrable, the TTAB examines whether a trademark so resembles a registered or previously used mark "as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake or to deceive." 15 U.S.C. §1052 (d) (2006). In other words, whether a mark is registrable depends on whether there is a likelihood of confusion with another mark.

Indeed, it is because the TTAB focuses so much of its attention on the likelihood of confusion test that many courts place a high value on TTAB opinions. *See, e.g., Driving Force, Inc. v. Manpower, Inc.*, 498 F. Supp. 21, 25 (D.C. Pa. 1980) ("Decisions of the [TTAB] are certainly entitled to the most respectful consideration because of the Patent office's day-to-day expertise in adjudicating cases wherein the ultimate question decided **is the question of**

'likelihood of confusion' as that term is employed in various parts of the Lanham Act.") (emphasis added). Because likelihood of confusion is the principle question to which the TTAB will apply its specialized knowledge in deciding the Opposition Proceeding, staying the present action pending the outcome of the TTAB's decision would assist this Court in its determination of the same question.

### D. Whether There Exists A Likelihood Of Confusion Between the IPOD Mark And The Podfitness Marks Is Critical To This Case

Apple Computer states that "[t]he crux of Apple's case, and the basis for each of [its] claims hinges upon . . . particular facts." (Opposition, at 5.) Apple Computer states, "[t]hese facts demonstrate the systematic targeting of Apple's consumer base in a manner which is likely to create public confusion as to the possible affiliation between the parties[.]" (*Id.*) Apple Computer further states that the likelihood of confusion question is "[o]ne of the key areas at issue here[.]" (Opposition, at 11.) It appears that the parties are in agreement on this issue; in its opening memorandum, Podfitness described likelihood of confusion as the "core issue" in the present action (Opening Brief, at 7) and Apple Computer describes likelihood of confusion as the "key issue" or "crux" of its case.[5]

District courts have also highlighted the importance that a likelihood of confusion plays in trademark infringement cases. According to *Alberto-Culver Co. v. Trevive, Inc.*, "likelihood of confusion is . . . the central element of a trademark infringement claim under 15 U.S.C. §1114 (1) or §1125(a)(1)." 199 F. Supp. 2d 1004, 1009-10 (C.D. Cal. 2002) (citing *GoTo.Com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000) and *Brookfield Communications, Inc. v. West Coast Entm't Co.*, 174 F.3d 1036, 1053 (9th Cir. 1999)). Indeed, trademark infringement is not the only claim that Apple Computer has asserted against Podfitness which requires the Court

---

[5] Nonetheless, in another part of its opposition, Apple Computer calls Podfitness' effort to establish the issue of likelihood of confusion as the core issue in the present action a "'red herring' argument." (Opposition, at 11.) This statement is belied by Apple Computer's assertions to the contrary.

to determine whether there is a likelihood of confusion. Six of Apple Computer's eight causes of action involve a likelihood of confusion analysis.

In its Opposition, Apple Computer repeatedly states that it plans to file an amended complaint with additional causes of action. According to Apple Computer, the additional causes of action do not implicate a likelihood of confusion analysis, and therefore should weigh against the granting of Podfitness' Motion to Stay. These claims, however, are not presently before the Court and Apple Computer has not provided Podfitness with a proposed Amended Complaint articulating the claims. As such, these proposed claims should not be considered in determining this motion. Because likelihood of confusion is the central issue in the claims before this Court, the TTAB's decision would serve an important role in assisting the court to efficiently adjudicate this matter.

Despite its acknowledgement of the importance of the issue of likelihood of confusion to its case, Apple Computer argues that "the TTAB is simply incapable of resolving all of the issues between the parties." (Opposition, at 10.) In a good faith effort to remove these ancillary issues from the table, Podfitness will agree, during the pendency of the stay, if a stay is granted, to:

1. change the alleged infringing earphone logo to another color on its website, in future advertisements, and in corporate documents; and
2. remove the alleged infringing "shuffle" logo from its website.

Additionally, Podfitness has already, in a good faith effort to facilitate settlement, removed IPOD and Apple from its metatags, key words, and domain names, and will continue to do so during the pendency of the stay.[6]

## III.   CONCLUSION

While Apple Computer would have this Court believe that Podfitness' secretive purpose behind this motion is to create delays that will derail the resolution of this dispute, the truth is that granting this motion and staying this action will resolve this situation more efficiently, both

---

[6] Podfitness believes its use of these terms is legal fair use, available to any vendor selling content for IPOD or other MP3 players.

8   Podfitness' Reply Brief
Motion To Stay

in terms of time and money. Perhaps it is this latter fact—the monetary efficiency—that causes Apple Computer, a company with nearly unlimited monetary resources in comparison to Podfitness, to protest the granting of this motion and the stay of this action. Regardless of their motives, Apple Computer has not identified any substantive reason that this action should not be stayed.

DATED: April 24, 2007                           Respectfully submitted,

                                                WORKMAN | NYDEGGER


                                                /s/ Robert E. Aycock
                                                Larry R. Laycock
                                                Charles J. Veverka
                                                Robert A. Aycock
                                                Mark W. Ford
                                                1000 Eagle Gate Tower
                                                60 East South Temple
                                                Salt Lake City, UT  84111
                                                Telephone:  (801) 533-9800


                                                William S. Farmer
                                                Jacob Alpren
                                                COLLETTE ERICKSON FARMER & O'NEILL LLP
                                                235 Pine Street, Suite 1300
                                                San Francisco, CA 94104
                                                Telephone:  (415) 788-4646

                                                Attorneys for Defendant Podfitness, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April 2007, a true and correct copy of the foregoing **DEFENDANT PODFITNESS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO STAY** was mailed, postage prepaid, to the following:

David J. Miclean
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, California 94063

Lisa M. Martens
**FISH & RICHARDSON P.C.**
12390 El Camino Real
San Diego, California 92130

/s/ Robert E. Aycock