United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE COMPUTER, INC., | No. C 06-5805 SBA |
| Plaintiff, | **ORDER** [Docket No. 31] |
| v. | |
| PODFITNESS, INC., and DOES 1-100, inclusive, | |
| Defendants. | |

Before the Court is defendant Podfitness Inc.'s motion to stay this action pending the outcome of an opposition proceeding initiated by plaintiff Apple Computer Inc. before the Trademark Trial and Appeal Board [Docket No. 31]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P.. 78. For the reasons that follow, the Court DENIES Podfitness's motion to stay.

**BACKGROUND**

Podfitness offers individualized workout routines that can be downloaded to a user's iPod from Podfitness's website, *podfitness.com*. On September 21, 2006, plaintiff Apple Computer, Inc. filed a complaint against Podfitness alleging eight separate causes of action under both federal and state statutes for trademark infringement, trademark dilution, trade dress infringement, unfair competition, false designation of origin, and misleading advertising. Opp. at 5:6-9. In addition to the

claim that Podfitness's "PODFITNESS" mark (the registration of which Apple is currently opposing before the Trademark Trial and Appeal Board) infringes Apple's "IPOD" trademark, Apples alleges that Podfitness has engaged in numerous tortious activities for the purpose of creating confusion as to the source of Podfitness's goods and services, and creating a false impression of an association with Apple and Apple's products. Such activities allegedly include the running of advertisements featuring Apple CEO Steve Jobs's name and mimicking Apple's award-winning "silhouette" commercials, the direct copying of Apple's recognized white earbud trade dress, and the use of Apple's IPOD mark as a metatag, as a sponsored search engine keyword, and in domain names.[1] *Id.* at 3:1-11. Apple further alleges that Podfitness requires its subscribers to use Apple's proprietary iTunes software in conjunction with its own derivative application in order to access its services, thereby violating licensing and developer agreements in place between the parties. *Id.* In short, the gravamen of Apple's lawsuit is that "[Podfitness]'s entire marketing strategy appears to consist of hitching its wagon to Apple's star." *Id.* at 5:14-15.

Podfitness moves to stay this action pending the outcome of the opposition proceeding initiated by Apple opposing the federal registration of Podfitness's PODFITNESS, PODFITNESS.COM, PODPOCKET, and PODWORKOUT marks. Mot. to Stay at 2:2-6. Podfitness argues that since the likelihood of confusion of Podfitness's POD-formative marks is central to all of Apple's claims, this Court should stay this case pending the outcome of the  Trademark Trial and Appeal Board's ("TTAB") determination of whether Podfitness's marks are registrable since the TTAB's analysis will necessarily adjudicate Apple's likelihood of confusion contentions. *Id.* at 2:6-15. Furthermore, Podfitness claims that Apple has initiated numerous other oppositions before the TTAB seeking to preclude others from registering trademarks containing word combinations which include the term "POD," and therefor a stay will further the interests of judicial economy because the TTAB's decision will comprehensively adjudicate Apple's right to preclude others from using POD-formative marks. *Id.* Opp.at 2-6:8.

---

[1] Apple alleges that Podfitness has registered the domain names *ipodfitness.com* and *ipodworkouts.com* in bad faith.

**LEGAL STANDARD**

Under the primary jurisdiction doctrine, the court should stay proceedings which are properly within the jurisdiction of, and are in fact presently under consideration by, an agency with extensive regulatory powers over the subject matter and the parties involved. *Industrial Communications Sys. v. Pacific Tel. Tel. Co.*, 505 F.2d 152 (9th Cir. 1974). "Primary jurisdiction thus recognizes that even though Congress has not empowered an agency to pass on the legal issues presented by a case involving issues of federal law, the agency's expertise may, nevertheless, prove helpful to the court in resolving difficult factual issues." *Johnson v. Nyack Hosp.*, 964 F.2d 116, 122 (2d Cir. 1992). The doctrine allows an agency to "pass on factual issues that require specialized, technical knowledge." *Id.* at 122-23.

The Ninth Circuit has held that a determination under the doctrine of primary jurisdiction of whether or not a court should stay a proceeding which is under consideration by an agency depends on the extent and amount of regulatory powers vested in the agency. *See, e.g., Industrial Communication Sys.*, 505 F.2d at 156 (finding the California Public Utilities Commission had primary jurisdiction over antitrust action by operators of one-way signaling businesses against telephone companies because the agency was charged with regulating the complex industry and that the district court could obtain the benefit of the agency's expertise in ascertaining, interpreting and distilling the facts and circumstances underlying the legal issues).

**ANALYSIS**

Podfitness submits that a stay of this action pending the TTAB's decision will "promote a uniform and efficient adjudication of the parties' rights, while, at the same time, avoiding the potential for inconsistent judicial determinations concerning Apple Computer's rights to preclude others from using pod-formative marks." Mot. to Stay at 2:12-15. Apple counters that, since the TTAB's decision will only determine the *registrability* of Podfitness's marks, this Court will still have to adjudicate Apple's claims for trademark infringement, dilution, false advertising and unfair competition regardless of the substance of the TTAB's determinations, and therefore a stay would only serve to delay the resolution of these issues, perhaps for years. Opp. at 6:25-7:13.

3

There is little caselaw within the Ninth Circuit applying the doctrine of primary jurisdiction to cases involving trademark infringement. The Second Circuit is the only circuit court to have reached this issue. In *Goya Foods, Inc. v. Tropicana Products, Inc.*, 846 F.2d 848 (2d Cir.1988), the court considered whether it should stay proceedings involving issues of validity and infringement pending the outcome of a decision by the PTO. In deciding not to enter the stay the court reasoned:

> If a district court action involves *only* the issue of whether a mark is entitled to registration and if subject matter jurisdiction is available, the doctrine of primary jurisdiction might well be applicable . . . . But where, as in the pending case, a district court suit concerns infringement, the interest of prompt adjudication far outweighs the value of having the views of the PTO. Whether a litigant is seeking to halt an alleged infringement or, as in this case, seeking a declaration of non-infringement, it is entitled to have the infringement issue resolved promptly so that it may conduct its business affairs in accordance with the court's determination of its rights.

*Id.* at 854-55 (citations omitted)(emphasis added). The present case similarly concerns other legal issues, in addition to trademark infringement, that cannot be determined by the TTAB, such as dilution, unfair competition, and false advertising. The only other Northern District case to have touched upon this issue post-*Goya* is *Freecyclesunnyvale v. Freecycle Network*, *Inc.*, No. C 06-00324 CW, 2006 WL 870688, *6 (N.D. Cal. April 4, 2006) (Wilken, J.), in which the court noted that "[t]he PTO cannot decide issues of trademark infringement; this is a matter that must be decided in a court"(holding that plaintiff need not first exhaust administrative remedies by waiting for the results of its opposition to the trademark application before filing declaratory relief action in district court) (citing *Goya Foods*, 846 F.2d at 853-54). Similarly, in this case, the TTAB is incapable of resolving all of the issues between the parties. Granting a stay would only serve to postpone resolution of these issues, potentially for years, forcing the Court to eventually adjudicate what will inevitably be by then stale factual claims, and will in the interim allow Podfitness to continue its allegedly infringing activity unfettered.[2] Therefore, the Court denies Podfitness's Motion to Stay.

---

[2] In an apparent act of desperation, in its reply brief Podfitness states that "[i]n a good faith effort to place proper focus on the real issue," if the stay is granted, Podfitness will agree to cease its allegedly infringing activities by changing its advertising and other practices during the pendency of the stay. Reply at 2:9-12. The Court gives no consideration to this curious offer; motion practice is no place for bartering the settlement of claim.

4

**CONCLUSION**

For the forgoing reasons, IT IS HEREBY ORDERED THAT Defendants' Motion to Stay [Docket No. 31] is DENIED.

IT IS SO ORDERED.

Date: 5/9/07

_____
Saundra Brown Armstrong
United States District Judge

**United States District Court**
For the Northern District of California

5