1   Larry R. Laycock (Admitted *Pro Hac Vice*)
    Charles J. Veverka (Admitted *Pro Hac Vice*)
2   Robert E. Aycock (Admitted *Pro Hac Vice*)
    Mark W. Ford (Admitted *Pro Hac Vice*)
3   WORKMAN | NYDEGGER
    1000 Eagle Gate Tower
4   60 East South Temple
    Salt Lake City, UT  84111
5   Telephone:  (801) 533-9800
    Facsimile:  (801) 328-1707
6   Email: llaycock@wnlaw.com

7   William B. Farmer (State Bar No. 46694)
    Jacob Alpren (State Bar No. 235713)
8   COLLETTE ERICKSON FARMER & O'NEILL LLP
    235 Pine Street, Suite 1300
9   San Francisco, CA 94104
    Telephone:  (415) 788-4646
10  Facsimile:  (415) 788-6929
    Email: wfarmer@collette.com

11

12  Attorneys for Defendant
    PODFITNESS, INC.

13

14             UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

| | |
|---|---|
| 17  APPLE, INC., | Civil Action No. 4:06-cv-05805 SBA |
| | |
| 18            Plaintiff, | |
| | |
| 19         v. | **ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM** |
| | |
| 20  PODFITNESS, INC., and DOES 1-100, inclusive | **DEMAND FOR JURY TRIAL** |
| | |
| 21           Defendants. | Hon. Saundra B. Armstrong |
| | |
| 22 | |
| | |
| 23 | |

24

25       Defendant PODFITNESS, INC. ("Defendant" or "Podfitness") hereby answers the First

    Amended Complaint of Plaintiff APPLE COMPUTER, INC. ("Plaintiff" or "Apple").  For

26

    clarity, Defendant will retain use of the headings contained within Plaintiff's First Amended

27

1  Complaint. However, Defendant denies the allegations or claims made by Plaintiff in its titles or

2  headings within its First Amended Complaint.

3      Defendant hereby answers as follows:

4                        **NATURE OF THE ACTION**

5      1.    Defendant denies that it has infringed, willfully or otherwise, or diluted Plaintiff's

6  trademark "IPOD" under the Lanham Act. Defendant denies that it has infringed, diluted, or

7  committed unfair competition under any provision of the California Business & Professions

8  Code. Defendant acknowledges that by its First Amended Complaint Plaintiff purports to seek

9  permanent injunctive relief and damages for breach of contract and cybersquatting in violation of

10 the Lanham Act, but Defendant denies both that Plaintiff has stated such claims upon which

11 relief can be granted and that Defendant has breached any contract or cybersquatted in violation

12 of the Lanham Act. Defendant also denies each and every allegation of paragraph 1 not

13 expressly admitted herein.

14     2.    Defendant is without sufficient information to form a belief as to the truth or

15 falsity of the allegations of paragraph 2 of the First Amended Complaint, and on that basis

16 denies each and every such allegation.

17     3.    Defendant admits that it is a Nevada corporation with a business address at 235

18 West Sego Lily Drive, Sandy, Utah 84070.

19     4.    Defendant admits that it is in the business of offering goods and services that

20 involve the use of Apple's ITUNES to create customized digital audio files. Defendant admits

21 that its customized audio files feature music and instructional advice, and can be played on

22 portable media players, including the IPOD. Defendant admits that it promotes Podfitness

23 products on the Internet at http://www.podfitness.com, and that it uses its PODFITNESS mark

24 and other marks containing the letters "pod" in connection with its goods and services.

25 Defendant denies that any of Podfitness' trade names are confusingly similar to Plaintiff's

26 trademarks or that Defendant has sought to imply an association with Plaintiff in its marketing

27

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

and advertising. Defendant denies each and every remaining allegation of paragraph 4 of the First Amended Complaint not expressly admitted herein.

### JURISDICTION AND VENUE

5.     Defendant denies that the acts and transactions complained of in paragraph 5 of the First Amended Complaint give rise to any liability, and specifically denies that there is any merit to the claims of Plaintiff. Defendant admits that jurisdiction of this Court may be founded upon 28 U.S.C. §§ 1331, 1338, 1367 and that the First Amended Complaint purports to plead a civil action arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c), and (d), *et seq.* and under the common and statutory laws of California.

6.     Defendant admits that it owns and operates an interactive website, and solicits business in California. Defendant denies that it uses or infringes Plaintiff's trademarks in this or any State. Defendant denies each and every remaining allegation of paragraph 6 of the First Amended Complaint not expressly admitted herein.

7.     Defendant denies that the acts and transactions complained of in paragraph 7 of the First Amended Complaint give rise to any liability, and specifically denies that there is any merit to the claims of Plaintiff. Defendant admits the remaining allegations of paragraph 7 of the First Amended Complaint.

### BACKGROUND

8.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 8 of the First Amended Complaint, and on that basis denies each and every such allegation.

9.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 9 of the First Amended Complaint, and on that basis denies each and every such allegation.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

10.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 10 of the First Amended Complaint, and on that basis denies each and every such allegation.

11.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 11 of the First Amended Complaint, and on that basis denies each and every such allegation.

12.     Defendant admits that the First Amended Complaint alleges that the IPOD player is comprised of a portable and handheld digital electronic device and integrated software for recording, organizing, transmitting, manipulating, and reviewing text, audio, and video files, and that the IPOD player is promoted and sold for a variety of uses, including entertainment, education, and exercise; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 12, and on that basis denies such allegations.

13.     Defendant denies that Plaintiff's "earbuds," purportedly consisting of white circular ear speakers with a gray rim, which are attached to a white cylinder of molded plastic covering the white wire, are distinctive or unique to Plaintiff.  Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 13 of the First Amended Complaint, and on that basis denies each and every such allegation.

14.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 14 of the First Amended Complaint, and on that basis denies each and every such allegation.

15.     Defendant admits that a copy of what appears to be a USPTO online record for United States Trademark Registration No. 3,089,360 is attached to the First Amended Complaint as Exhibit A; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 15 of the First Amended Complaint, and on that basis denies each and every such allegation.

4

16.     Defendant admits that a copy of what appears to be a USPTO online record for United States Trademark Registration No. 2,835,698 is attached to the First Amended Complaint as Exhibit B; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 16 of the First Amended Complaint, and on that basis denies each and every such allegation.

17.     Defendant admits that a copy of what appears to be a USPTO online record for United States Trademark Registration No. 2,781,061 is attached to the First Amended Complaint as Exhibit C; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 17 of the First Amended Complaint, and on that basis denies each and every such allegation.

18.     Defendant admits that a copy of what appears to be a USPTO online record for United States Trademark Application Serial No. 78/521,891 is attached as Exhibit D; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 18 of the First Amended Complaint, and on that basis denies each and every such allegation.

19.     Defendant admits that a copy of what appears to be a USPTO online record for United States Trademark Application Serial No. 78/532,252 is attached as Exhibit E; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 19 of the First Amended Complaint, and on that basis denies each and every such allegation.

20.     Defendant admits that a copy of what appears to be a USPTO online record for United States Trademark Application Serial No. 78/778,627 is attached as Exhibit F; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 20 of the First Amended Complaint, and on that basis denies each and every such allegation.

21.     Defendant admits that a copy of what appears to be a USPTO online record for United States Trademark Application Serial No. 78/653,661 is attached as Exhibit G; however,

**Answer and Counterclaim**
Case No. C 06-5805 SBA

1   Defendant is without sufficient information to form a belief as to the truth or falsity of the

2   remaining allegations of paragraph 21 of the First Amended Complaint, and on that basis denies

3   each and every such allegation.

4        22.    Defendant admits that a copy of what appears to be a USPTO online record for

5   United States Trademark Application Serial No. 78/689,534 is attached as Exhibit H; however,

6   Defendant is without sufficient information to form a belief as to the truth or falsity of the

7   remaining allegations of paragraph 22 of the First Amended Complaint, and on that basis denies

8   each and every such allegation.

9        23.    Defendant admits that a copy of what appears to be a USPTO online record for

10  United States Trademark Application Serial No. 78/606,357 is attached as Exhibit I; however,

11  Defendant is without sufficient information to form a belief as to the truth or falsity of the

12  remaining allegations of paragraph 23 of the First Amended Complaint, and on that basis denies

13  each and every such allegation.

14       24.    Defendant admits that a copy of what appears to be a USPTO online record for

15  United States Trademark Application Serial No. 78/833,929 is attached as Exhibit J; however,

16  Defendant is without sufficient information to form a belief as to the truth or falsity of the

17  remaining allegations of paragraph 24 of the First Amended Complaint, and on that basis denies

18  each and every such allegation.

19       25.    Defendant admits that a copy of what appears to be a USPTO online record for

20  United States Trademark Application Serial No. 78/653,667 is attached as Exhibit K; however,

21  Defendant is without sufficient information to form a belief as to the truth or falsity of the

22  remaining allegations of paragraph 25 of the First Amended Complaint, and on that basis denies

23  each and every such allegation.

24       26.    Defendant admits that a copy of what appears to be a USPTO online record for

25  United States Trademark Application Serial No. 78/653,669 is attached as Exhibit L; however,

26  Defendant is without sufficient information to form a belief as to the truth or falsity of the

27

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

remaining allegations of paragraph 26 of the First Amended Complaint, and on that basis denies each and every such allegation.

27.    Defendant admits that a copy of what appears to be a USPTO online record for United States Trademark Application Serial No. 78/521,796 is attached as Exhibit M; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 27 of the First Amended Complaint, and on that basis denies each and every such allegation.

28.    Defendant admits that a copy of what appears to be a USPTO online record for United States Trademark Application Serial No. 78/459,101 is attached as Exhibit N; however, Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 28 of the First Amended Complaint, and on that basis denies each and every such allegation.

29.    Defendant admits that Plaintiff is using the "IPOD" mark in commerce on and in connection with portable media players and associated goods and services.  Defendant denies, however, that Plaintiff has a valid a recognizable trademark for "POD" and on that basis denies the remaining allegations of paragraph 29 of the First Amended Complaint.

30.    Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 30 of the First Amended Complaint and on that basis denies each and every such allegation.

31.    Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 31 of the First Amended Complaint, and on that basis denies each and every such allegation.

32.    Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 32 of the First Amended Complaint, and on that basis denies each and every such allegation.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

33.    Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 33 of the First Amended Complaint, and on that basis denies each and every such allegation.

34.    Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 34 of the First Amended Complaint, and on that basis denies each and every such allegation.

35.    Defendant admits that it launched its business in March 2006.  Defendant denies each and every remaining allegation of paragraph 35 of the First Amended Complaint, not expressly admitted herein.

36.    Defendant admits that it uses its PODFITNESS mark in association with its downloadable audio files for media players and related services, which it promotes and provides on the Internet through its website at www.podfitness.com.

37.    Defendant admits that it provides a service wherein the subscribers select a particular exercise, a particular trainer, and a particular music playlist from the subscriber's music library, and that its customers must download the Podfitness Mixer, which helps create a customized audio workout that plays the subscriber's music in conjunction with the trainer's voice instructions.  Defendant admits that the Podfitness application has intelligence to cater the trainer's voice to the subscriber.  The result is a customized audio workout that plays the subscriber's music as background music to the trainer's voice instruction.  Defendant denies each and every remaining allegation of paragraph 37 of the First Amended Complaint not expressly admitted herein.

38.    Defendant admits that Plaintiff provided free downloads of iTunes software over the Internet to the general public before Podfitness began operations.  Defendant also admits that it manufactures and promotes a software application called "Podfitness Mixer."  Defendant denies each and every remaining allegation of paragraph 38 of the First Amended Complaint not expressly admitted herein.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

39.     Defendant admits that it generally charges its subscribers $19.95 per month to use its service.  Defendant also admits that no portion of the subscriber fees go to Apple.  Defendant denies each and every remaining allegation of paragraph 39 of the First Amended Complaint not expressly admitted herein.

40.     Defendant admits that it uses software called "Podfitness Mixer" to create an audio file that plays a trainer's voice in conjunction with music.  Defendant admits that the image appearing in paragraph 40 of the First Amended Complaint appears to be a duplication of Defendant's former Internet website, which is no longer in use.  Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 40 of the First Amended Complaint, and on that basis denies each and every such remaining allegation not expressly admitted herein.

41.     Defendant admits that the document attached as Exhibit O to the First Amended Complaint purports to be a copy of "The iTunes COM for Windows SDK License Agreement," which provides in part "[n]o names, trademarks, service marks or logos of Apple Computer, Inc. may be used to endorse or promote products derived from Apple Software without specific prior written permission from Apple."  Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 41 of the First Amended Complaint, and on that basis denies each and every remaining allegation.

42.     Defendant admits that the document attached as Exhibit P to the First Amended Complaint purports to be a copy of "Apple Developer Connection Terms and Conditions," which provides in part: "You agree to follow Apple's Guidelines for using Apple Trademarks and Copyrights as published at Apple's website at www.apple.com/legal/guidlinesfor3rdparties.html and as may be modified from time to time.  You agree not to use the marks 'Apple' the Apple Logo, and 'Mac' or any other marks belonging to Apple in any way except as expressly authorized by Apple."  Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 42 of the First Amended Complaint, and on that basis denies each and every remaining allegation.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

43.     Defendant admits that it has not obtained express permission from Plaintiff to use its purported/alleged trademarks in connection with Defendant's services.  Defendant denies each and every remaining allegation of paragraph 43 of the First Amended Complaint not expressly admitted herein.

44.     Defendant denies the allegations in paragraph 44 of the First Amended First Amended Complaint.

45.     Plaintiff's use of the term "logo" is undefined and ambiguous with respect to its legal implication.  On that basis, Defendant denies that it has adopted any "logo."  Defendant denies that Plaintiff owns any trade dress rights in ear phones.  Defendant denies that the two images reproduced in paragraph 45 are "strikingly similar" to each other.  Defendant further denies that Exhibits Q and R to the First Amended Complaint contain images that are "strikingly similar." Defendant denies each and every remaining allegation of paragraph 45 of the First Amended Complaint not expressly admitted herein.

46.     Defendant admits that the following appear or have appeared on the www.podfitness.com website:  "Put a Personal Trainer right on your IPOD®," "Customized IPOD Workouts," and "you will need to have ITUNES 6 installed in order to use the PodFitness software."  Defendant denies each and every remaining allegation in paragraph 46 of the First Amended Complaint not expressly admitted herein.

47.     Defendant denies the allegations in paragraph 47 of the First Amended Complaint.

48.     Defendant denies that it currently uses the metatags identified in paragraph 48 of the First Amended Complaint.  Defendant admits that it used some or all of these metatags in the past.  Defendant denies each and every remaining allegation in paragraph 48 of the First Amended Complaint not expressly admitted herein.

49.     Defendant denies the allegations in paragraph 49 of the First Amended Complaint that it currently owns the keywords "IPOD Workout" and "IPOD Fitness."  Defendant is without information sufficient to admit or deny whether any of its independent affiliates have purchased

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

such keywords without Defendant's authorization or knowledge. Defendant denies each and every remaining allegation in paragraph 49 of the First Amended Complaint not expressly admitted herein.

50. Defendant denies the allegations in paragraph 50 of the First Amended Complaint that it currently incorporates the letters "IPOD" into its domain name. Defendant admits that it formerly registered and used the domain names *ipodfitness.com* and *ipodworkout.com* and that these domain names were forwarded to *podfitness.com*. Defendant denies each and every remaining allegation in paragraph 50 of the First Amended Complaint not expressly admitted herein.

51. Defendant admits that the quoted language appears on its website. Defendant denies each and every remaining allegation in paragraph 51 of the First Amended Complaint not expressly admitted herein.

52. Defendant admits that Exhibit U appears to be a copy of an advertisement that Defendant ran in the Wall Street Journal. Defendant denies each and every remaining allegation in paragraph 52 of the Complaint not expressly admitted herein.

53. Defendant denies that the quoted language currently appears on its website at www.podfitness.com/steve. Defendant admits that the quoted language, or something substantially similar, appeared on its former website. Defendant denies each and every remaining allegation in paragraph 53 of the First Amended Complaint not expressly admitted herein.

54. Defendant admits that neither Steve Jobs nor Plaintiff authorized the use of Jobs's name in Defendant's advertisements for the PODFITNESS product. Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 54 of the First Amended Complaint and on that basis denies each and every such allegation.

55. Defendant admits that Exhibit V appears to be copies of its draft or actual marketing materials. Defendant denies that such marketing material is currently being used by

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

1   Defendant.  Defendant denies each and every remaining allegation in paragraph 55 of the First
2   Amended Complaint not expressly admitted herein.

3       56.    Defendant denies the allegations of paragraph 56 of the First Amended
4   Complaint.

5       57.    Defendant admits that it has entered into a business relationship with the W
6   Hotels.  Defendant denies each and every remaining allegation of paragraph 57 of the First
7   Amended Complaint not expressly admitted herein.

8       58.    Defendant admits that it entered into a relationship with Marware, Inc.  Defendant
9   denies each and every remaining allegation of paragraph 58 of the First Amended Complaint not
10  expressly admitted herein.

11      59.    Defendant denies the allegations of paragraph 59 of the First Amended Complaint
12  that it currently uses the alleged "logo" reproduced on the left.  Defendant admits that it used an
13  image substantially similar to the one reproduced in paragraph 59 of the First Amended
14  Complaint in the past.  Defendant denies each and every remaining allegation of paragraph 59 of
15  the First Amended Complaint not expressly admitted herein.

16      60.    Defendant denies the allegations of paragraph 60 of the First Amended
17  Complaint.

18      61.    Defendant admits that there is no affiliation between it and Plaintiff.  Defendant
19  denies each and every remaining allegation of paragraph 61 of the First Amended Complaint not
20  expressly admitted herein.

21      62.    Defendant admits the allegations of paragraph 62 of the First Amended
22  Complaint.

23      63.    Defendant admits the allegations of paragraph 63 of the First Amended
24  Complaint.

25      64.    Defendant admits the allegations of paragraph 64 of the First Amended
26  Complaint.

27

12

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

65.   Defendant admits the allegations of paragraph 65 of the First Amended Complaint.

66.   Defendant admits that Plaintiff defines a naming convention it attempts to use throughout the remaining paragraphs of its First Amended Complaint.  Defendant denies all remaining inferences and allegations in paragraph 66 of the First Amended Complaint.

67.   Defendant admits that Plaintiff's counsel sent a letter dated March 14, 2006,  to Jeffrey Hays, alleging that Defendant's use of its Podfitness marks infringed Plaintiff's trademark rights.  Defendant admits that in such letter, Plaintiff's counsel requested that Defendant cease its use of the marks and its plan to launch the product, and to abandon its pending trademark applications.  Defendant denies each and every remaining allegation of paragraph 67 of the First Amended Complaint not expressly admitted herein.

68.   Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 68 of the First Amended Complaint and on that basis denies each and every such allegation.

69.   Defendant admits that it launched the PODFITNESS service.  Defendant denies each and every remaining allegation of paragraph 69 of the First Amended Complaint not expressly admitted herein.

70.   Defendant admits that it continues to use its Podfitness marks.  Defendant denies each and every remaining allegation of paragraph 70 of the First Amended Complaint not expressly admitted herein.

71.   Defendant admits that it is and was aware of the IPOD mark and Plaintiff's business generally.  Defendant denies each and every remaining allegation of paragraph 71 of the First Amended Complaint not expressly admitted herein.

72.   Defendant denies that it infringes or has infringed any of Plaintiff's marks. Defendant admits that the first use of the Podfitness mark was after Plaintiff's first use of the IPOD mark.  Defendant is without sufficient information to form a belief as to the truth or falsity

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

1    of the allegations of paragraph 72 of the First Amended Complaint and on that basis denies each

2    and every such allegation.

3         73.     Defendant denies the allegations of paragraph 73 of the First Amended

4    Complaint.

5         74.     Defendant denies the allegations of paragraph 74 of the First Amended

6    Complaint.

7         75.     Defendant denies the allegations of paragraph 75 of the First Amended

8    Complaint.

9         76.     Defendant admits that it uses its marks on goods and services available on its

10   website.  Defendant denies each and every remaining allegation of paragraph 76 of the First

11   Amended Complaint not expressly admitted herein.

12        77.     Defendant admits that its promotion and sales of its goods and services are

13   directed to all consumers of portable audio devices, including but not limited to Plaintiff's IPOD.

14   Defendant denies each and every remaining allegation of paragraph 77 of the First Amended

15   Complaint not expressly admitted herein.

16        78.     Defendant denies the allegations of paragraph 78 of the First Amended

17   Complaint.

18        79.     Defendant denies the allegations of paragraph 79 of the First Amended

19   Complaint.

20        80.     Defendant denies the allegations of paragraph 80 of the First Amended

21   Complaint.

22        81.     Defendant denies the allegations of paragraph 81 of the First Amended

23   Complaint.

24                          **FIRST CAUSE OF ACTION**

25                  **(Trademark Infringement – 15 U.S.C. § 1114(1))**

26        82.     No responsive pleading is required for Paragraph 82 which realleges prior

27   allegations.

14

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

83.     Defendant admits the allegations of paragraph 83 of the First Amended Complaint.

84.     Defendant denies that any of the acts alleged in the First Amended Complaint constitute an infringement.  Defendant admits each and every remaining allegation of paragraph 84 of the First Amended Complaint.

85.     Defendant denies the allegations of paragraph 85 of the First Amended Complaint.

86.     Defendant admits that its Podfitness marks are used in interstate commerce, including in this judicial district.  Defendant denies each and every remaining allegation of paragraph 86 of the First Amended Complaint not expressly admitted herein.

87.     Defendant denies that any of the acts alleged in the First Amended Complaint constitute an infringement.  Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 87 of the First Amended Complaint and on that basis denies each and every such allegation.

88.     Defendant denies the allegations of paragraph 88 of the First Amended Complaint.

89.     Defendant denies the allegations of paragraph 89 of the First Amended Complaint.

90.     Defendant denies the allegations of paragraph 90 of the First Amended Complaint.

91.     Defendant denies the allegations of paragraph 91 of the First Amended Complaint.

92.     Defendant denies the allegations of paragraph 92 of the First Amended Complaint.

93.     Defendant denies the allegations of paragraph 93 of the First Amended Complaint.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

1   94.    Defendant denies the allegations of paragraph 94 of the First Amended

2   Complaint.

3   95.    Defendant denies the allegations of paragraph 95 of the First Amended

4   Complaint.

5   96.    Defendant denies the allegations of paragraph 96 of the First Amended

6   Complaint.

7   97.    Defendant denies the allegations of paragraph 97 of the First Amended

8   Complaint.

9   98.    Defendant denies the allegations of paragraph 98 of the First Amended

10  Complaint.

11  **SECOND CAUSE OF ACTION**

12  **(Trademark Infringement, Unfair Competition, and False**

13  **Designation of Origin – 15 U.S.C. § 1125(a))**

14  99.    No responsive pleading is required for Paragraph 99 which realleges prior

15  allegations.

16  100.   Defendant denies the allegations of paragraph 100 of the First Amended

17  Complaint.

18  101.   Defendant denies the allegations of paragraph 101 of the First Amended

19  Complaint.

20  102.   Defendant denies the allegations of paragraph 102 of the First Amended

21  Complaint.

22  103.   Defendant denies the allegations of paragraph 103 of the First Amended

23  Complaint.

24  104.   Defendant denies the allegations of paragraph 104 of the First Amended

25  Complaint.

26  105.   Defendant denies the allegations of paragraph 105 of the First Amended

27  Complaint.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

**THIRD CAUSE OF ACTION**

**(Trade Dress Infringement – 15 U.S.C. § 1125(a))**

106.    No responsive pleading is required for paragraph 106 which realleges prior allegations.

107.    Defendant denies the allegations of paragraph 107 of the First Amended Complaint.

108.    Defendant denies the allegations of paragraph 108 of the First Amended Complaint.

109.    Defendant denies the allegations of paragraph 109 of the First Amended Complaint.

110.    Defendant denies the allegations of paragraph 110 of the First Amended Complaint.

111.    Defendant denies the allegations of paragraph 111 of the First Amended Complaint.

112.    Defendant denies the allegations of paragraph 112 of the First Amended Complaint.

113.    Defendant denies the allegations of paragraph 113 of the First Amended Complaint.

114.    Defendant denies the allegations of paragraph 114 of the First Amended Complaint.

115.    Defendant denies the allegations of paragraph 115 of the First Amended Complaint.

116.    Defendant denies the allegations of paragraph 116 of the First Amended Complaint.

117.    Defendant denies the allegations of paragraph 117 of the First Amended Complaint.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

1

**FOURTH CAUSE OF ACTION**

2

**(Trademark Dilution – 15 U.S.C. § 1125(c))**

3        118.    No responsive pleading is required for Paragraph 118 which realleges prior

4    allegations.

5        119.    Defendant is without sufficient information to form a belief as to the truth or

6    falsity of the allegations of paragraph 119 of the First Amended Complaint and on that basis

7    denies each and every such allegation.

8        120.    Defendant is without sufficient information to form a belief as to the truth or

9    falsity of the allegations of paragraph 120 of the First Amended Complaint and on that basis

10    denies each and every such allegation.

11        121.    Defendant denies the allegations of paragraph 121 of the First Amended

12    Complaint.

13        122.    Defendant denies the allegations of paragraph 122 of the First Amended

14    Complaint.

15        123.    Defendant denies the allegations of paragraph 123 of the First Amended

16    Complaint.

17

**FIFTH CAUSE OF ACTION**

18

**(Trademark Infringement – Cal. Bus. & Prof. Code § 14335 *et seq.*)**

19        124.    No responsive pleading is required for Paragraph 124 which realleges prior

20    allegations.

21        125.    Defendant denies the allegations of paragraph 125 of the First Amended

22    Complaint.

23        126.    Defendant denies the allegations of paragraph 126 of the First Amended

24    Complaint.

25        127.    Defendant denies the allegations of paragraph 127 of the First Amended

26    Complaint.

27

18

1     128.    Defendant denies the allegations of paragraph 128 of the First Amended

2    Complaint.

3     129.    Defendant denies the allegations of paragraph 129 of the First Amended

4    Complaint.

5                 **SIXTH CAUSE OF ACTION**

6         **(Trademark Dilution – Cal. Bus. & Prof. Code § 14330)**

7     130.    No responsive pleading is required for Paragraph 130 which realleges prior

8    allegations.

9     131.    Defendant is without sufficient information to form a belief as to the truth or

10    falsity of the allegations of paragraph 131 of the First Amended Complaint and on that basis

11    denies each and every such allegation.

12     132.    Defendant denies the allegations of paragraph 132 of the First Amended

13    Complaint.

14     133.    Defendant denies the allegations of paragraph 133 of the First Amended

15    Complaint.

16     134.    Defendant denies the allegations of paragraph 134 of the First Amended

17    Complaint.

18               **SEVENTH CAUSE OF ACTION**

19     **(Unfair Unlawful and Deceptive Business Practices - Cal. Bus. & Prof.**

20                **Code § 17200 *et seq.*)**

21     135.    No responsive pleading is required for Paragraph 135 which realleges prior

22    allegations.

23     136.    Defendant denies the allegations of paragraph 136 of the First Amended

24    Complaint.

25     137.    Defendant denies the allegations of paragraph 137 of the First Amended

26    Complaint.

27

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

1    138.    Defendant denies the allegations of paragraph 138 of the First Amended
2    Complaint.

3    139.    Defendant denies the allegations of paragraph 139 of the First Amended
4    Complaint.

5    **EIGHTH CAUSE OF ACTION**

6    **(Untrue and Misleading Advertising –**

7    **Cal. Bus. & Prof. Code §§ 17500 and 17535)**

8    140.    No responsive pleading is required for Paragraph 140 which realleges prior
9    allegations.

10    141.    Defendant denies the allegations of paragraph 141 of the First Amended
11    Complaint.

12    142.    Defendant denies the allegations of paragraph 142 of the First Amended
13    Complaint.

14    143.    Defendant denies the allegations of paragraph 143 of the First Amended
15    Complaint.

16    **NINTH CAUSE OF ACTION**

17    **(Breach of Contract)**

18    144.    No responsive pleading is required for Paragraph 144 which realleges prior
19    allegations.

20    145.    Defendant denies the allegations of paragraph 145 of the First Amended
21    Complaint.

22    146.    Defendant denies the allegations of paragraph 146 of the First Amended
23    Complaint.

24    147.    Defendant denies the allegations of paragraph 147 of the First Amended
25    Complaint.

26    148.    Defendant denies the allegations of paragraph 148 of the First Amended
27    Complaint.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

1    149.    Defendant denies the allegations of paragraph 149 of the First Amended

2    Complaint.

3    150.    Defendant denies the allegations of paragraph 150 of the First Amended

4    Complaint.

5    151.    Defendant denies the allegations of paragraph 151 of the First Amended

6    Complaint.

7                          **TENTH CAUSE OF ACTION**

8              **(Cybersquatting – Lanham Act § 43(d), 15 U.S.C. § 1125(d))**

9    152.    No responsive pleading is required for Paragraph 152 which realleges prior

10   allegations.

11   153.    Defendant admits that it registered the domain names "ipodfitness" and

12   "ipodworkout" and that in the past these domain names redirected traffic to "podfitness.com."

13   Defendant denies the remaining allegations of paragraph 153 of the First Amended Complaint

14   not expressly admitted herein.

15   154.    Defendant denies the allegations of paragraph 154 of the First Amended

16   Complaint.

17   155.    Defendant denies the allegations of paragraph 155 of the First Amended

18   Complaint.

19   156.    Defendant denies the allegations of paragraph 156 of the First Amended

20   Complaint.

21                          **FIRST AFFIRMATIVE DEFENSE**

22   The First Amended Complaint fails to state a cause of action upon which relief can be

23   granted.

24                          **SECOND AFFIRMATIVE DEFENSE**

25   There is no likelihood of confusion between Plaintiff's asserted marks and Defendant's

26   "PODFITNESS," "PODFITNESS.COM," "PODWORKOUT," and "PODPOCKET" marks.

27

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

1

**THIRD AFFIRMATIVE DEFENSE**

2    Plaintiff has not satisfied the legal requirements that its "IPOD" trademark is famous as

3    required or otherwise defined in 15 U.S.C. § 1125(c).

4

**FOURTH AFFIRMATIVE DEFENSE**

5    Defendant's Podfitness marks are not identical or nearly identical to Plaintiff's asserted

6    marks.

7

**FIFTH AFFIRMATIVE DEFENSE**

8    Defendant's use of the Podfitness marks does not present a likelihood of dilution of

9    distinctiveness of Plaintiff's asserted marks.

10

**SIXTH AFFIRMATIVE DEFENSE**

11    Plaintiff is estopped from asserting any right to the mark "POD."   Plaintiff's application

12    for the "IPOD" trademark (U.S. Trademark Application Serial No. 78/089,144) was initially

13    rejected by a trademark examiner based on other trademark applications, including an

14    application for the mark "POD."   To overcome this rejection and obtain registration of the

15    "IPOD" mark, Plaintiff argued that the "POD" mark was "clearly different in appearance and

16    sound from Apple's ['IPOD' mark]."

17

**SEVENTH AFFIRMATIVE DEFENSE**

18    Plaintiff's earphones do not qualify for trade dress protection.  Earphones consisting of

19    white circular ear speakers with a gray rim, which are attached to a white cylinder of molded

20    plastic covering the white wire are not inherently distinctive and are not uniquely associated with

21    a specific source.

22

**EIGHTH AFFIRMATIVE DEFENSE**

23    No likelihood of confusion exists between Plaintiff's earphones and the earphones

24    depicted on the www.podfitness.com website.

25

**NINTH AFFIRMATIVE DEFENSE**

26    Plaintiff has suffered no actual damages from any use by Defendant of any mark.

27

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

## TENTH AFFIRMATIVE DEFENSE

Some or all of the claims for relief pled by the First Amended Complaint are barred by one or more of the equitable doctrines of unclean hands, waiver, laches and/or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Any use by Defendant of any of Plaintiff's purported trademarks/trade dress is protected fair use.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to police its alleged trademarks/trade dress.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged trademarks/trade dress are generic.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged trademarks/trade dress are invalid.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged trade dress is functional.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's breach of contract claims are barred as a result of a failure and/or lack of consideration.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The purported contracts underlying Plaintiff's breach of contract claims are invalid.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of its alleged breach of contract claims.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery on some or all of its claims for failure to mitigate and lessen its alleged damages, if any.

## PRAYER FOR RELIEF

WHEREFORE Defendant prays:

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

A.      That the First Amended Complaint be dismissed, and that Plaintiff take nothing thereby, and

B.      That the Court award Defendant its costs of suit, and

C.      That the Court award Defendant its attorneys' fees, and

D.      Such other and further relief as this Court deems just and appropriate.

## COUNTERCLAIM

Podfitness hereby counterclaims against Apple as follows:

### PARTIES

1.      Defendant is a Nevada corporation with a business address at 235 West Sego Lily Drive, Sandy, Utah 84070.

2.      Defendant is in the business of providing a service comprising an innovative exercise program wherein consumers can, on a monthly subscription basis, download exercise programs from various personal trainers to play on the individual's "MP3" players along with background music.

3.      Defendant does not manufacture or sell portable handheld media players.

4.      Plaintiff is a California corporation with a business at 1 Indefinite Loop, Cupertino, California 95014.

5.      Plaintiff manufactures and sells various products, including portable handheld media players known as "IPODs."

6.      Subscribers can use Podfitness's service with various portable handheld media players, including Apple's IPOD player and Microsoft's Zune player.

### JURISDICTION AND VENUE

7.      This is a civil action with complete diversity of citizenship with the amount in controversy exceeding $75,000.  Jurisdiction of this court is founded upon Title 28 U.S.C. § 1332.

8.      This is a civil action arising under the Lanham Act, Title 15, United States Code, §§ 1114, 1125(a), (c) and (d) *et seq.* and under the common and statutory laws of California.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

9.      Plaintiff has alleged violation of federal law by Defendant including Lanham Act violations giving the Court jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1338.  The claims of this Counterclaim arise from the same core of operative facts as Plaintiff's allegations so jurisdiction of this Court is also founded upon Title 28 U.S.C. § 1367.

10.      Upon information and belief, Plaintiff has its company headquarters in California and it has transacted business, contracted to supply goods or services and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of California including filing this action in this Court and therefore is subject to the jurisdiction of this Court.

11.      Venue is proper in this district pursuant to Title 28 U.S.C. § 1391.

### BACKGROUND

12.      On or about September 21, 2006, Plaintiff filed the initial complaint in this action against Defendant alleging trademark violations and various related claims.

13.      On or about December 18, 2006, Plaintiff served its first set of written discovery on Defendant.

14.      Defendant's responses to the written discovery were not due until at least thirty days after service of the written discovery.

15.      On or about December 22, 2006, just a few days after service of its written discovery on Defendant, and long before any responses by Defendant were due, Plaintiff served an entity called "W Hotels" with a third party subpoena duces tecum dated December 22, 2006.

16.      The topics of the subpoena to W Hotels were designed to intimidate W Hotels and induce it to breach its contract and/or terminate its business relationship with Defendant.

17.      Plaintiff did not provide Defendant notice of the W Hotels' subpoena until, upon information and belief, after it was served on W Hotels, in violation of Fed.R.Civ.P., Rule 45(b).

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

18.    Defendant's counsel requested on multiple occasions a copy of the Declaration of Service showing the date of actual service of the subpoena on W Hotels, and Plaintiff's counsel has on each occasion failed to provide such.

19.    W Hotels had a valid contract and or/business relationship with Podfitness' for promotion of Defendant's service.

20.    Upon information and belief, Plaintiff had knowledge of the existence of the contract and or/business relationship between Defendant and W Hotels prior to service of the W Hotels' subpoena.

21.    Upon information and belief, Plaintiff's conduct in serving the subpoena on W Hotels was for the wrongful purpose of inducing W Hotels' to breach the contract and/or terminate the business relationship with Defendant in order to cause economic harm to Defendant.

22.    Plaintiff served an entity called "Lifetime Entertainment Services" with a third party subpoena duces tecum dated March 6, 2007.

23.    The topics of the subpoena to Lifetime Entertainment Services were designed to intimidate Lifetime Entertainment Services and induce it to breach its contract with Defendant.

24.    Plaintiff did not provide Defendant notice of the Lifetime Entertainment Services subpoena until, upon information and belief, after it was served on Lifetime Entertainment Services, in violation of Fed.R.Civ.P., Rule 45(b).

25.    Lifetime Entertainment Services is a television network that had a valid contract and/or business relationship with Defendant for promotion of Podfitnesses' service.

26.    Upon information and belief, Plaintiff had knowledge of the existence of the contract and/or business relationship between Defendant and Lifetime Entertainment Services prior to service of the Lifetime Entertainment Services subpoena.

27.    Upon information and belief, Plaintiff's conduct in serving the subpoena on Lifetime Entertainment Services was for the wrongful purpose of inducing Lifetime

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

1    Entertainment Services to breach its contract and/or terminate its business relationship with

2    Podfitness in order to cause economic harm to Defendant.

3        28.    As a direct and proximate result of Plaintiff's *ex parte* contact with Lifetime

4    Entertainment Services, Lifetime Entertainment Services did in fact breach its contract and/or

5    business relationship with Defendant.

6        29.    Upon information and belief, sometime before March 9, 2006, Plaintiff's counsel

7    contacted an entity called "Marware" *ex parte*, without informing Defendant's counsel of such

8    contact.

9        30.    Marware had a valid contract and/or business relationship with Defendant.

10        31.    Upon information and belief, Plaintiff had knowledge of the contract and/or

11    business relationship between Defendant and Marware.

12        32.    Upon information and belief, Plaintiff's conduct was intentionally designed to

13    intimidate Marware and to induce Marware to breach its contract and/or terminate its business

14    relationship with Defendant in order to cause Defendant economic harm.

15        33.    As a direct and proximate result of Plaintiff's *ex parte* contact with Marware,

16    Marware did in fact breach its contract and/or business relationship with Defendant.

17        34.    Because of Plaintiff's conduct, Defendant has been damaged by Marware's

18    breach of its contract and/or business relationship with Defendant in an amount to be determined

19    at trial.

20        35.    After numerous meets and confer, on April 13, 2007, Plaintiff agreed to amend

21    the stipulated protective order in this case to provide that it would not seek documents from any

22    more of Defendant's business associates without first seeking the documents from Defendant.

23        36.    Upon information and belief Apple's conduct in contacting these third parties was

24    malicious.

25        37.    Defendant    has    continuously    used    the    trademarks    PODFITNESS    and

26    PODFITNESS.COM (collectively "Podfitness marks") at least as early as March, 2006 in

27    connection with its business.   Since its first use, Defendant has extensively advertised and

27

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

promoted its Podfitness marks and has invested substantial time, energy and resources to develop these marks. The Podfitness marks are inherently arbitrary, fanciful, distinctive or suggestive, or have otherwise acquired secondary meaning in the relevant channels of trade to refer to Podfitness and its goods and services.

38. On November 29, 2005, Podfitness filed with the United States Patent and Trademark Office an application for federal trademark registration for its Podfitness mark, Serial No. 78762928.

39. On December 17, 2005, Podfitness filed with the United States Patent and Trademark Office an application for federal trademark registration for its PODFITNESS.COM mark, Serial No. 78775610.

40. Podfitness registered and began using its PODFITNESS.COM domain name at least as early as January 2005.

41. As a result of Podfitness' substantial and continuous use of the Podfitness marks, including advertising, labeling and marketing, the Podfitness marks have become an asset of substantial value to Podfitness as a distinctive indication of the origin and quality of Podfitness' goods and services. Products and services bearing the Podfitness marks are marketed and sold throughout the United States and have acquired valuable reputation and goodwill.

42. The Podfitness marks have acquired common law trademark rights due to Podfitness' continuous use in commerce.

43. Plaintiff supplies and sells downloadable audio files on its websites, including but not limited to its "apple.com" and "store.apple.com" websites ("Plaintiff's websites).

44. On information and belief, Plaintiff exerts direct control and monitors the content of the goods and services offered through Plaintiff's websites.

45. Plaintiff, through its websites, offers downloadable audio files and other services under the marks "fitpod" and "fitpod.com" ("fitpod marks").

46. On information and belief, the fitpod marks are distributed and provided to Plaintiff by fitMuse, LLC.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

47.    On information and belief, Plaintiff began offering downloadable audio files and other services under the fitpod marks after it was aware of Defendant's use of the Podfitness marks.

48.    The fitpod marks are confusingly similar to the Podfitness trademarks.

49.    On information and belief, Plaintiff's purpose and intent in marketing and offering the goods and services under the confusingly similar fitpod marks were to usurp and misappropriate Defendant's goodwill.

50.    On information and belief, the similarity between the Podfitness marks and the fitpod marks has caused, is likely to cause, and is intended to cause confusion in the market.

## FIRST CLAIM FOR RELIEF

### (Tortious Intentional Interference with Contractual Relations)

51.    Defendant incorporates herein by reference each and every allegation set forth in paragraphs 1-51 above.

52.    Podfitness had valid contracts with Lifetime Entertainment Services, and Marware prior to these entities being contacted by Plaintiff through its counsel.

53.    Upon information and belief, Plaintiff had knowledge of the existence of the contracts.

54.    Upon information and belief, Plaintiff has intentionally acted with the wrongful purpose and intent to disrupt and induce breach of these contractual relationships.

55.    Lifetime and Marware have breached their respective contracts with Defendant as a direct and proximate result of Plaintiff's conduct.

56.    As a direct and proximate result of Plaintiff's conduct, Defendant has suffered and will continue to suffer damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Tortious Negligent Interference with Contractual Relations)

57.    Defendant incorporates herein by reference each and every allegation set forth in paragraphs 1-56 above.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

58.     Defendant had valid contracts with Lifetime Entertainment Services, and Marware prior to these entities being contacted by Plaintiff through its counsel.

59.     Upon information and belief, Plaintiff had knowledge of the existence of the contracts.

60.     Plaintiff owed Defendant a duty of care based upon (1) the extent to which Plaintiff's conduct was intended to affect Defendant, (2) the foreseeability of harm to Defendant, (3) the degree of certainty that Defendant would suffer injury, (4) the closeness of the connection between Plaintiff's conduct and the injury suffered, (5) the moral blame attached to Plaintiff's conduct and (6) the policy of preventing future harm.

61.     Upon information and belief, Plaintiff has negligently acted in a manner that directly and proximately disrupted these contractual relationships.

62.     Lifetime and Marware have breached their respective contracts with Defendant as a direct and proximate result of Plaintiff's conduct.

63.     As a direct and proximate result of Plaintiff's conduct, Defendant has suffered and will continue to suffer damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

#### (Tortious Negligent Interference with Prospective Economic Advantage)

64.     Defendant incorporates herein by reference each and every allegation set forth in paragraphs 1-63 above.

65.     Defendant had the existence of a prospective economic relationship with the probability of future economic rewards with Lifetime Entertainment Services, and Marware prior to these entities being contacted by Plaintiff through its counsel.

66.     Upon information and belief, Plaintiff had knowledge of the existence of the prospective economic relationships.

67.     Plaintiff owed Defendant a duty of care based upon (1) the extent to which Plaintiff's conduct was intended to affect Defendant, (2) the foreseeability of harm to Defendant, (3) the degree of certainty that Defendant would suffer injury, (4) the closeness of the connection

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

between the Plaintiff's conduct and the injury suffered, (5) the moral blame attached to Plaintiff's conduct and (6) the policy of preventing future harm.

68.    Upon information and belief, Plaintiff has negligently acted in a manner that directly and proximately disrupted these prospective economic relationships.

69.    Lifetime and Marware have terminated their respective business relationships with Defendant as a direct and proximate result of Plaintiff's conduct.

70.    As a direct and proximate result of Plaintiff's conduct, Defendant has suffered and will continue to suffer damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF

### (Unlawful, Unfair, and Deceptive Business Practices Act, Cal. Bus. & Prof. Code § 17200 etc. seq.)

71.    Defendant incorporates herein by reference each and every allegation set forth in paragraphs 1-70 above.

72.    Plaintiff's business practices alleged hereinabove are unlawful, unfair, and have injured Defendant.

73.    Plaintiff's business practices alleged hereinabove are in violation of the California Business and Professions Code, § 17200 et seq.

74.    Pursuant to Professions Code, § 17203, Defendant is entitled to enjoin these practices.

**75.**    Defendant is entitled to restitution from Plaintiff for Plaintiff's unlawful and unfair acts alleged hereinabove.

### FIFTH CLAIM FOR RELIEF

### (Contributory Trademark Infringement)

76.    Defendant incorporates herein by reference each and every allegation set forth in paragraphs 1-75 above.

77.    Plaintiff has engaged in contributory trademark infringement by exerting direct control and monitoring the instrumentality used by fitMuse, LLC to infringe the Podfitness

31

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

marks with actual or constructive knowledge that the fitpod marks are confusingly similar and infringe the Podfitness marks.

78.    On information and belief, as a proximate result of Plaintiff's above described conduct, Defendant has been damaged in an amount to be determined at trial.

79.    Plaintiff has acted in bad faith, oppressively and maliciously toward Defendant, with intent to injure Defendant, thereby entitling Defendant to treble damages against Plaintiff.

80.    The above described acts of Plaintiff have caused and continue to cause irreparable harm to Defendant, for which Defendant has no adequate remedy at law, and Plaintiff will continue to do so unless preliminarily and permanently enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE Podfitness prays:

A.    For a judgment that Plaintiff intentionally interfered with Defendant's contractual relations;

B.    For a judgment that Plaintiff negligently interfered with Defendant's contractual relations;

C.    For a judgment that Plaintiff negligently interfered with Defendant's prospective economic relations;

D.    For a judgment that Plaintiff violated the California Business and Professions Code, § 17200 et seq.;

E.    For Defendant's pecuniary loss of the benefits of the contract or the prospective relation including lost profits;

F.    For Defendant's consequential losses for which the interference is a legal cause;

G.    For an award of restitution against Plaintiff;

H.    For injunctive relief enjoining Plaintiff from the unlawful and unfair conduct alleged herein;

32

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

I.    For a judgment that the Podfitness marks have been and continue to be contributorally infringed by Plaintiff;

J.    For all actual damages sustained by Defendant as the result of Plaintiff's acts of infringement, together with prejudgment interest, according to proof, pursuant to 15 U.S.C. § 1117;

K.    For an accounting of the profits of Plaintiff resulting from their acts of infringement pursuant to 15 U.S.C. § 1117;

L.    For Defendant's costs of suit, including its reasonable litigation expenses, pursuant to 15 U.S.C. § 1117;

M.    For enhanced damages pursuant to 15 U.S.C. § 1117;

N.    For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by law;

O.    For an award of punitive damages against Plaintiff;

P.    For an award of Defendant's costs and attorneys' fees;

Q.    For all other relief in law and equity the Court deems just and proper.

## DEFENDANT'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Podfitness requests a jury trial on all issues so triable.

DATED: August 31, 2007                    Respectfully submitted,

WORKMAN | NYDEGGER

_____/s/ Charles J. Veverka_____
Larry R. Laycock
Charles J. Veverka
Robert A. Aycock
Mark W. Ford
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800

33                    **Answer and Counterclaim**
**Case No. C 06-5805 SBA**

1

2      William S. Farmer
       Jacob Alpren
3      COLLETTE ERICKSON FARMER & O'NEILL LLP
       235 Pine Street, Suite 1300
4      San Francisco, CA 94104
       Telephone:  (415) 788-4646
5
       Attorneys for Defendant and Counterclaimant
6      Podfitness, Inc.

7      J:\1660330\027 answer first amd comp 083007.REA.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**

**PROOF OF SERVICE**

I hereby certify that on August 31, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to the following:     Abrams@fr.com; jacobalpren@quinnemanuel.com; raycock@wnlaw.com; wfarmer@collette.com; rlawrence@collette.com; llaycock@wnlaw.com; jlewis@wnlaw.com; martens@fr.com; miclean@fr.com; cveverka@wnlaw.com

DATED August 31, 2007.

WORKMAN | NYDEGGER

_____/s/ Charles J. Veverka_____
Larry R. Laycock
Charles J. Veverka
Robert A. Aycock
Mark W. Ford
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111
Telephone:  (801) 533-9800

William S. Farmer
Jacob Alpren
COLLETTE ERICKSON FARMER & O'NEILL LLP
235 Pine Street, Suite 1300
San Francisco, CA 94104
Telephone:  (415) 788-4646

Attorneys for Defendant and Counterclaimant
Podfitness, Inc.

**Answer and Counterclaim**
**Case No. C 06-5805 SBA**