David J. Miclean (#115098/miclean@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff and Counter-Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| APPLE INC., | Case No. C 06-5805 SBA |
|---|---|
| Plaintiff, | |
| v. | **ANSWER TO COUNTERCLAIM** |
| PODFITNESS, INC., and DOES 1-100, inclusive, | |
| Defendants. | |

AND RELATED COUNTERCLAIM

Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby responds to the Counterclaim of Podfitness, Inc. ("Defendant"). Except as expressly admitted below, Apple denies each and every averment in the Counterclaim. Any admission below is limited to the specific factual averment, and is not an admission as to any purported

1    ANSWER TO COUNTERCLAIM
Case No. C 06-5805 SBA  □ Case No. C 06-5805 SBA  □

conclusion, characterization, implication, inference or speculation that arguably could be asserted to follow from an admitted fact.

## PARTIES

1.  Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

2.  Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

3.  Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

4.  Apple admits that it is a California corporation with a business address at 1 Infinite Loop (not "Indefinite Loop," as Defendant claims), Cupertino, California, 95014.

5.  Apple admits that it manufactures and sells various products, including portable handheld media players known as "iPods."

6.  Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

## JURISDICTION AND VENUE

7.  Apple admits that this is a civil action with complete diversity of citizenship with the amount in controversy exceeding $75,000 and that this Court has subject matter jurisdiction over claims arising under Title 28 U.S.C. § 1332.

8.  Apple admits that this is a civil action arising under the Lanham Act, Title 15, United States Code §§ 1114, 1124(a), (c) and (d) *et seq.* and under the common and

statutory laws of California. Apple admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, § 1338, and § 1367.

9. Apple admits that it has alleged violations of federal law by Defendant including Lanham Act violations giving the Court jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1338. Except as specifically admitted, Apple denies each and every averment of this paragraph in its entirety.

10. Apple admits the averments of paragraph 10.

11. Apple admits that venue is proper in this district pursuant to Title 28 U.S.C. § 1391.

## **BACKGROUND**

12. Apple admits the averments of paragraph 12.

13. Apple admits the averments of paragraph 13.

14. Apple admits the averments of paragraph 14.

15. Apple admits that on December 22, 2006 Apple served a subpoena and request for documents on an entity called "W Hotels." Apple admits that this date was four days after service of its written discovery on Defendant, and prior to the deadline for response by Defendant to Apple's written discovery requests.

16. Apple denies each and every averment of this paragraph in its entirety.

17. Apple denies each and every averment of this paragraph in its entirety.

18. Apple denies each and every averment of this paragraph in its entirety.

19. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

20. Apple admits that it had knowledge of the existence of some business relationship between Defendant and W Hotels prior to service of the W Hotels subpoena.

Except as specifically admitted, Apple denies each and every averment of this paragraph in its entirety.

21. Apple denies each and every averment of this paragraph in its entirety.

22. Apple admits that on March 5, 2007 it served a subpoena and request for production of documents on an entity called "Lifetime Entertainment Services."

23. Apple denies each and every averment of this paragraph in its entirety.

24. Apple denies each and every averment of this paragraph in its entirety.

25. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

26. Apple admits that it had knowledge of the existence of some business relationship between Defendant and Lifetime Entertainment Services prior to service of the Lifetime Entertainment Services subpoena. Except as specifically admitted, Apple denies each and every averment of this paragraph in its entirety.

27. Apple denies each and every averment of this paragraph in its entirety.

28. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

29. Apple denies each and every averment of this paragraph in its entirety.

30. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

31. Apple admits that it had knowledge of the existence of some business relationship between Defendant and Marware. Except as specifically admitted, Apple denies each and every averment of this paragraph in its entirety.

32. Apple denies each and every averment of this paragraph in its entirety.

33. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

34. Apple denies each and every averment of this paragraph in its entirety.

35. Apple admits that on April 13, 2007, Defendant's counsel filed a stipulated addendum to the Protective Order, providing that prior to future subpoenas of third party affiliates, Apple would first attempt to obtain such documents from Defendant, and then give ten days advance notice before issuing subpoenas to such third parties. In exchange, Defendant agreed in writing to produce all relevant documents pertaining to its business partners prior to the end of April, an agreement which Defendant did not meet. Except as specifically admitted, Apple denies each and every averment of this paragraph in its entirety.

36. Apple denies each and every averment of this paragraph in its entirety.

37. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

38. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

39. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

40. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

41.     Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

42.     Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

43.     Apple admits that it supplies and sells downloadable audio files on its websites, including but not limited to its "apple.com" and "store.apple.com" websites.

44.     Apple admits that it exerts commercially reasonable control and supervision of the content of the goods and services offered by Apple through the "apple.com" and "store.apple.com" websites. Except as specifically admitted, Apple denies each and every averment of this paragraph in its entirety.

45.     Apple denies each and every averment of this paragraph in its entirety.

46.     Apple denies each and every averment of this paragraph in its entirety.

47.     Apple denies each and every averment of this paragraph in its entirety.

48.     Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

49.     Apple denies each and every averment of this paragraph in its entirety.

50.     Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

## FIRST CLAIM FOR RELIEF

### (Tortious Intentional Interference with Contractual Relations)

51.     Apple realleges and incorporates its responses to the previous paragraphs of these Counterclaims as if repeated here verbatim.

52. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

53. Apple admits that it had knowledge of the existence of some business relationship between Defendant and Lifetime Entertainment Services and between Defendant and Marware. Except as specifically admitted, Apple denies each and every averment of this paragraph in its entirety.

54. Apple denies each and every averment of this paragraph in its entirety.

55. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

56. Apple denies each and every averment of this paragraph in its entirety.

## SECOND CLAIM FOR RELIEF

**(Tortious Negligent Interference with Contractual Relations)**

57. Apple realleges and incorporates its responses to the previous paragraphs of these Counterclaims as if repeated here verbatim.

58. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

59. Apple admits that it had knowledge of the existence of some business relationship between Defendant and Lifetime Entertainment Services and between Defendant and Marware. Except as specifically admitted, Apple denies each and every averment of this paragraph in its entirety.

60. Apple denies each and every averment of this paragraph in its entirety.

61. Apple denies each and every averment of this paragraph in its entirety.

62. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

63. Apple denies each and every averment of this paragraph in its entirety.

### THIRD CLAIM FOR RELIEF

**(Tortious Negligent Interference with Prospective Economic Advantage)**

64. Apple realleges and incorporates its responses to the previous paragraphs of these Counterclaims as if repeated here verbatim.

65. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

66. Apple admits that it had knowledge of the existence of some business relationship between Defendant and Lifetime Entertainment Services and between Defendant and Marware. Except as specifically admitted, Apple denies each and every averment of this paragraph in its entirety.

67. Apple denies each and every averment of this paragraph in its entirety.

68. Apple denies each and every averment of this paragraph in its entirety.

69. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies such averments in their entirety.

70. Apple denies each and every averment of this paragraph in its entirety.

### FOURTH CLAIM FOR RELIEF

**(Unlawful, Unfair, and Deceptive Business Practices Act,**

**Cal. Bus. & Prof. Code § 17200 et seq.)**

71. Apple realleges and incorporates its responses to the previous paragraphs of these Counterclaims as if repeated here verbatim.

72. Apple denies each and every averment of this paragraph in its entirety.

73. Apple denies each and every averment of this paragraph in its entirety.

74. Apple denies each and every averment of this paragraph in its entirety.

75. Apple denies each and every averment of this paragraph in its entirety.

### FIFTH CLAIM FOR RELIEF

### (Contributory Trademark Infringement)

76. Apple realleges and incorporates its responses to the previous paragraphs of these Counterclaims as if repeated here verbatim.

77. Apple denies each and every averment of this paragraph in its entirety.

78. Apple denies each and every averment of this paragraph in its entirety.

79. Apple denies each and every averment of this paragraph in its entirety.

80. Apple denies each and every averment of this paragraph in its entirety.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Cause of Action)

81. The Counterclaim and every claim for relief therein fails to state a claim for relief that can be grated against Apple.

### Second Affirmative Defense

### (Unclean Hands)

82. Defendant, by its conduct, acts and omissions, is barred by its unclean hands, shared fault or otherwise, from all relief requested in the Counterclaim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Counter-Defendant Apple Inc. prays for judgment against Defendant and Counterclaimant Podfitness, Inc. as follows:

1. That Defendant take nothing by the Counterclaim and that the Counterclaim be dismissed with prejudice;

2. That Apple be awarded costs incurred in this action; and

3. For such other and further relief as the Court may deem just and proper.

Dated: September 19, 2007           Respectfully submitted.

FISH & RICHARDSON P.C.


By: /s/ David J. Miclean
    David J. Miclean
    Lisa M. Martens
    Andrew M. Abrams
Attorneys for Plaintiff
APPLE INC.

10

ANSWER TO COUNTERCLAIM
Case No. C 06-5805 SBA

**DEMAND FOR JURY TRIAL**

Apple hereby demands trial by jury of all issues in this action properly triable of right to a jury.

Dated: September 19, 2007

FISH & RICHARDSON P.C.

By: /s/ David J. Miclean
David J. Miclean
Lisa M. Martens
Andrew M. Abrams
Attorneys for Plaintiff
APPLE INC.

10773532.doc