# Exhibit A

Steven R. Hutchinson
VP Business & Legal Affairs
PODFITNESS, INC.
235 West Sego Lily Drive
Sandy, Utah 84070

Phone:  801 990-1853
Email:  shutchinson@podfitness.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>PODFITNESS, INC., and DOES 1-100, inclusive<br><br>          Defendants. | Civil Action No. 4:06-cv-05805 SBA<br><br>**DECLARATION OF STEVEN R. HUTCHINSON IN SUPPORT OF PODFITNESS' MOTION TO STAY PROCEEDINGS FOR THIRTY DAYS PENDING ENGAGEMENT OF SUBSTITUTE COUNSEL**<br><br>Judge:  Hon. Saundra B. Armstrong |

I, Steven R. Hutchinson, Podfitness Vice President of Business and Legal Affairs, declare as follows:

1.     Current counsel for Podfitnesss, Workman Nydegger and Collette Erickson Farmer & O'Neill LLP, recently filed a Notice of Motion for Leave to Withdraw as counsel for Podfitness.

2.     Podfitness' current counsel have represented Podfitness for the past year during which time four to six attorneys and their support staff and associates have principally conducted the litigation. Although I have consulted with current counsel, I have not "actively participated," as claimed in the Notice of Motion for Leave to Withdraw, to the extent that I could sufficiently proceed with the case without the extensive resources of current counsel or alternative competent counsel. For example, since most of the discovery produced by Apple has been marked "attorneys

**DECLARATION OF STEVEN R. HUTCHINSON**
1

eyes only," I have not reviewed any of Apple's extensive discovery. My principal involvement with the case has been in settlement discussions, which continue, and not in the details of the litigation process and procedures.

   3.  As current counsel stated in its Motion to Withdraw, Apple has recently produced about 290,000 pages of written discovery. This voluminous cache must be carefully reviewed by any substitute counsel prior to further discovery, including depositions by Podfitness or Apple, the scheduling of which is imminent.

   4.  Podfitness' current counsel recently responded on August 31, 2007, to Apple's First Amended Complaint, filed on August 1, 2007, through its Answer to First Amended Complaint, and Podfitness included therein certain (new) counterclaims. These additional claims are likely to spawn further discovery requests by both Parties.

   5.  Apple has noticed its intention to depose Podfitness' CEO, Teri Sundh, and its President, Jeff Hays. The Parties are coordinating schedules for these depositions. Substitute counsel will need to be properly educated regarding the case to properly defend the proposed deponents.

   6.  The Parties are presently in sincere settlement discussions, having exchanged preliminary settlement agreement drafts. A stay would allow the parties to continue with the settlement discussions while avoiding additional costs and burdens to themselves and the Court if a settlement is reached. While I'm optimistic that the Parties will reach an accord, alternatively, Podfitness will need to retain and educate new counsel to proceed with the case until such settlement is attained.

   7.  I recently spoke with Apple's counsel, Lisa Martens, and requested Apple's accommodation for the temporary stay to retain and educate substitute counsel. She flatly refused any accommodation, incredibly asserting that the unfortunate withdrawal of Podfitness' long-time counsel precipitating the request was some kind of delay tactic.  Also, despite taking the position that a 30 day stay is unnecessary because I can take over representation of Podfitness, Apple has not offered to allow me to review the "attorneys eyes only" documents it has produced.

**DECLARATION OF STEVEN R. HUTCHINSON**
2

8. Based on the foregoing, in order to avoid severe prejudice to Podfitness' case, it is essential that the case be stayed pending Podfitness retaining and educating new counsel or, in the alternative, that Podfitness' current counsels' Notice of Motion for Leave to Withdraw be denied by the Court. In addition, a stay would allow the parties to pursue their settlement discussions.

9. I declare, under penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge.

DATED: September 28, 2007.                    Respectfully submitted,

Steven R. Hutchinson
VP Business & Legal Affairs
PODFITNESS, INC.
235 West Sego Lily Drive, Suite 200
Sandy, Utah 84070

Phone: (801) 990-1853
Email: shutchinson@podfitness.com