David J. Miclean (#115098/miclean@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> PODFITNESS, INC., and DOES 1-100, inclusive, <br><br> Defendants. | Case No. C 06-5805 SBA <br><br> **APPLE'S OPPOSITION TO PODFITNESS' MOTION TO STAY PROCEEDINGS FOR THIRTY DAYS** <br><br> Date: November 6, 2007 <br> Time: 1:00 PM <br> Courtroom: 3, 3rd Floor, <br>       Honorable Saundra B. Armstrong |

1                 APPLE'S OPPOSITION TO PODFITNESS' MOTION TO STAY
                  PROCEEDINGS FOR THIRTY DAYS [ ]Case No. C 06-5805 SBA [ ]

The withdrawal of Podfitness' outside counsel does not merit a stay in this already prolonged litigation. Furthermore, Podfitness' failure to comply with its discovery obligations should not be rewarded by granting it a thirty-day stay of these proceedings. Such a stay would allow Podfitness to further delay, among other things, the scheduling of two essential depositions. For these reasons, Apple opposes Podfitness' motion to stay this case.

First, the withdrawal of Podfitness' outside counsel does not require a stay of this case. Podfitness' in-house attorney, Steve Hutchinson, is capable of defending this action, as he has been involved in this case from the beginning. [Miclean Decl. ¶ 2.] Mr. Hutchinson actively participated in early settlement negotiations immediately after the complaint was filed on September 21, 2006. *Id.* Mr. Hutchinson attended and actively participated in the court-ordered mediation on April 18, 2007. He has regularly communicated directly with Apple's outside counsel throughout this litigation, serving as the primary contact point and negotiator for Podfitness with respect to settlement discussions between the parties. *Id.* Further, Mr. Hutchinson personally initiated the latest round of settlement negotiations by contacting Apple's outside counsel on July 3, 2007, and has been the only Podfitness lawyer involved in those discussions over the last almost four months. [Miclean Decl. ¶ 8.] Apple's outside counsel has had practically no substantive communications with the Workman Nydegger firm for almost three months. *Id.* Therefore, the withdrawal of Podfitness' outside counsel should have no appreciable effect on Podfitness' ability to litigate this case, and is not a sufficient reason to stay the case for thirty days.

A stay is also unlikely to result in Podfitness being able to retain new outside lawyers in light of the withdrawal of its current outside counsel. On August 2, 2007, Apple's outside counsel received an unsolicited telephone call from one of Podfitness' creditors. [Miclean Decl. ¶ 7.] The creditor stated that Podfitness has failed to pay its employees and creditors for several months. *Id.* Indeed, on September 18, 2007, Podfitness' outside counsel, the Workman Nydegger law firm, filed a motion to withdraw. [Miclean Decl. ¶ 6.] It is presumed that

1  Podfitness' failure to pay its legal fees is the primary reason that Podfitness' counsel of record in
2  this action now seeks to withdraw, making it unlikely that Podfitness will even be able to find
3  new counsel in the next thirty days. [Miclean Decl. ¶ 7.]
4      Second, Apple recently offered to stipulate to a thirty-day stay of proceedings if
5  Podfitness would agree to comply with certain of its own existing responsibilities. [Miclean
6  Decl. ¶ 4.] Specifically, Apple requested that Podfitness finally set firm dates for two
7  depositions necessary to keep the discovery process on track. *Id.* As shown by the timeline
8  below, however, Podfitness continues to refuse or ignore even the most reasonable requests:

- July 2007: Podfitness' outside counsel fails to return multiple messages attempting to meet and confer regarding scheduling the depositions of Podfitness' employees. [Miclean Decl. ¶ 3.]
- July 27, 2007: Apple notices the depositions of Podfitness' CEO, Teri Sundh, and its President, Jeff Hays. The depositions are noticed for the dates of September 5-6, 2007. [Miclean Decl. ¶ 3.]
- August 22, 2007: Podfitness' outside counsel emails Apple's outside counsel, stating that they are "still working on coordinating dates for the depositions of Teri Sundh and Jeff Hays that you have noticed for September 5th and 6th." [Miclean Decl. ¶ 3.]
- September 5, 2007: Apple follows up with another email requesting proposed dates for the depositions. [Miclean Decl. ¶ 3.]
- September 5, 2007: Podfitness' outside counsel responds with a promise to be in touch with Podfitness that week to finalize deposition dates. [Miclean Decl. ¶ 3.]
- October 2, 2007: Apple and Podfitness converse regarding the motion to stay proceedings and the deposition dates, which have still not been finalized, even though the dates for which they were noticed have passed. [Miclean Decl. ¶ 4.]
- October 3, 2007: Apple's outside counsel contacts Podfitness' counsel, Steve Hutchinson, recapping the October 2, 2007 conversation. Apple states its willingness to

stipulate to a 30-day stay of the case so long as Podfitness agrees to set firm deposition dates for Ms. Sundh and Mr. Hays in mid-November. [Miclean Decl. ¶ 4.]

- October 4, 2007: Mr. Hutchinson replies, stating that Podfitness will evaluate this offer and get back to Apple with its answer shortly. [Miclean Decl. ¶ 4.]
- October 12, 2007: Having received no answer from Podfitness regarding Apple's proposal, Apple is forced to file this opposition to Podfitness' motion to stay. [Miclean Decl. ¶ 4.]

Thus, in the approximately three months since Apple issued the deposition notices, Podfitness has stated only that the dates are not acceptable, has ignored repeated requests to propose alternate dates, and is now attempting to stay the case in an effort to postpone scheduling the depositions for another thirty days. Although Apple is willing to participate, and has participated, in settlement discussions with Podfitness, discovery must continue so that the case management calendar and trial date are preserved. [Miclean Decl. ¶ 5.] Podfitness already has attempted to obtain an elongated case management and trial schedule—Apple initially requested a trial date in June 2008 (which the court granted), while Podfitness proposed a trial date in November of 2008. *Id.* Podfitness should not be permitted to try to further delay discovery and resolution of this matter. The timely depositions of Mr. Hays and Ms. Sundh are essential to Apple's case, and since these are not even scheduled yet, a thirty-day stay can only delay them further.

This is not the first time Podfitness has attempted to wrongfully delay the litigation of this case while it continues its infringing and diluting conduct. [Miclean Decl. ¶ 9.] Podfitness filed a previous motion to stay the litigation, which was rejected by this Court on May 10, 2007. [Miclean Decl. ¶ 9.] Then, on September 26, 2007, Mr. Hutchinson filed a declaration purporting to support a motion to stay the case. [Miclean Decl. ¶ 10.] However, under Local Rules 7-1 and 7-2, a party seeking to stay a case must file a notice of the motion, set a date and time of hearing, and submit a memorandum of points and authorities, none of which were done

by Podfitness until October 1, 2007. *Id.* This stand-alone declaration represents merely the latest in a series of attempts by Podfitness to delay resolution of this litigation.

For all of the above reasons, Podfitness' Motion to Stay Proceedings for Thirty Days Pending Engagement of Substitute Counsel should be denied.

Dated: October 15, 2007

FISH & RICHARDSON P.C.

By: _____
David J. Miclean
Lisa M. Martens
Andrew M. Abrams

Attorneys for Plaintiff
APPLE INC.

#50443080