1  David J. Miclean (#115098/miclean@fr.com)
   FISH & RICHARDSON P.C.
2  500 Arguello Street, Suite 500
   Redwood City, California 94063
3  Telephone: (650) 839-5070
   Facsimile: (650) 839-5071
4
5  Lisa M. Martens (#195824/martens@fr.com)
   Andrew M. Abrams (#229698/abrams@fr.com)
6  FISH & RICHARDSON P.C.
   12390 El Camino Real
7  San Diego, California 92130
   Telephone: (858) 678-5070
8  Facsimile: (858) 678-5099

9  Attorneys for Plaintiff
   APPLE INC.

10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                   (OAKLAND DIVISION)

14

15 | APPLE INC.,                        | Case No. C 06-5805 SBA
16 |         Plaintiff,                 | **DECLARATION OF DAVID J. MICLEAN IN SUPPORT OF APPLE'S OPPOSITION TO PODFITNESS' MOTION TO STAY PROCEEDINGS FOR THIRTY DAYS**
17 |    v.                              |
18 | PODFITNESS, INC., and DOES 1-100,  |
   | inclusive,                         | Date: November 6, 2007
19 |                                    | Time: 1:00 PM
   |         Defendants.                | Courtroom: 3, 3rd Floor,
20 |                                    |        Honorable Saundra B. Armstrong

21

22

23     I, David J. Miclean, declare as follows:

24     1.    I am a principal of Fish & Richardson P.C., counsel of record in this action for

25 Apple Inc. ("Apple"). I am a member of the Bar of the State of California and am admitted to

26

27                     1    DECLARATION OF DAVID J. MICLEAN IN SUPPORT OF APPLE'S
                            OPPOSITION TO PODFITNESS' MOTION TO STAY
28                          PROCEEDINGS FOR THIRTY DAYS - [ ]Case No. C 06-5805 SBA [ ]

1 this Court. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2. Podfitness' counsel, Steve Hutchinson, has been actively involved with this case since its inception. Mr. Hutchinson actively participated in early settlement negotiations immediately after the complaint was filed on September 21, 2006, he attended and actively participated in the court-ordered mediation on April 18, 2007, and he has regularly communicated directly with Apple's outside counsel regarding this case throughout the litigation. Mr. Hutchinson has long served as the primary contact point and negotiator for Defendant with respect to settlement discussions between the parties.

3. After Defendant's outside counsel failed to return multiple messages attempting to meet and confer regarding scheduling the depositions of Defendant's employees, on July 27, 2007 Apple noticed the depositions of Defendant's CEO, Teri Sundh, and its President, Jeff Hays. The depositions were noticed for the dates of September 5-6, 2007. In the more than two months since Apple issued the notices, Defendant has stated only that the dates are not acceptable, has ignored repeated requests to propose alternate dates, and is now attempting to stay the case in an effort to postpone the depositions for another thirty days. On August 22, 2007 Defendant's outside counsel emailed my firm, stating that they were "still working on coordinating dates for the depositions of Teri Sundh and Jeff Hays that you have noticed for September 5th and 6th." We followed up on September 5, 2007 with another email requesting proposed dates for the depositions. Defendant's outside counsel responded on that day with a promise to be in touch with Podfitness that week to get deposition dates. Since that time, Podfitness' attorneys have failed to contact us with any proposed dates for the depositions of Teri Sundh and Jeff Hays which Apple has been trying to schedule for over three months.

4. On October 2, 2007, we discussed with Mr. Hutchinson this motion to stay proceedings and the deposition dates, which had still not been finalized, even though the dates for which they were noticed had passed. On October 3, 2007, we sent an email to Mr.

2   DECLARATION OF DAVID J. MICLEAN IN SUPPORT OF APPLE'S
    OPPOSITION TO PODFITNESS' MOTION TO STAY
    PROCEEDINGS FOR THIRTY DAYS - Case No. C 06-5805 SBA

Hutchinson, recapping the October 2, 2007 conversation. In the email, we stated our willingness to stipulate to a 30-day stay of the case so long as Podfitness agreed to set firm deposition dates for Ms. Sundh and Mr. Hays in mid-November. Then, on October 4, 2007, Mr. Hutchinson replied to this email, stating that Podfitness would evaluate the offer and get back to us with its answer shortly. Having received no further answer from Podfitness regarding our proposal, we were forced to file this opposition to Podfitness' motion to stay.

5. Although Apple is willing to participate, and has participated, in settlement discussions with Podfitness, discovery must continue in order that the case management calendar and trial date are preserved. Podfitness already attempted to obtain an elongated case management and trial schedule—Apple initially requested a trial date in June 2008 (which the court granted), while Podfitness proposed a trial date in November of 2008—and should not be permitted to try to further delay discovery and resolution of this matter.

6. Podfitness' outside counsel, Workman Nydegger, filed a motion to withdraw as counsel on September 18, 2007.

7. A stay is unlikely to result in Podfitness being able to retain new outside lawyers. On August 2, 2007, I received an unsolicited telephone call from one of Defendant's creditors, who informed me that Podfitness has failed to pay its employees and creditors for several months. It is presumed that Defendant's failure to pay its legal fees is the primary reason that Defendant's counsel of record in this action now seeks to withdraw, making it unlikely that Mr. Hutchinson will be finding new counsel to represent Podfitness in the next 30 days. Mr. Hutchinson will most likely be required to take over the defense of the action, which he has been involved with from the beginning.

8. Further, Mr. Hutchinson personally initiated the latest round of settlement negotiations by contacting our firm on July 3, 2007, and has been the only Podfitness lawyer involved in those discussions over the last almost three months. Our firm has had practically no substantive communications with the Workman Nydegger firm for almost three months.

9. The Declaration and request for stay of Mr. Hutchinson, who is the VP of legal affairs for Podfitness, represents merely the latest in a series of attempts by Defendant to delay resolution of this litigation while it continues its infringing and diluting conduct. Defendant also filed a previous motion to stay the litigation, which was rejected by this Court on May 10, 2007.

10. Pursuant to Local Rules 7-1 and 7-2 of this Court, if a party seeks certain relief or Court action such as a stay of the case, it must follow the procedures set forth therein, including filing a notice of the motion, setting a date and time of hearing, and submitting a memorandum of points and authorities in support of the motion. Mr. Hutchinson's attempt to stay this case via the declaration he filed on September 26, 2007 in connection with the motion to withdraw filed by the Workman Nydegger law firm did not comply with the Local Rules. Mr. Hutchinson did not correctly file this motion until October 1, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of October, 2007, at Redwood City, California.

_David J. Miclean_

#50443081

4  DECLARATION OF DAVID J. MICLEAN IN SUPPORT OF APPLE'S OPPOSITION TO PODFITNESS' MOTION TO STAY PROCEEDINGS FOR THIRTY DAYS - Case No. C 06-5805 SBA