David J. Miclean (#115098/miclean@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff
APPLE COMPUTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| APPLE COMPUTER, INC., <br><br>Plaintiff, <br><br>v. <br><br>PODFITNESS, INC., and DOES 1-100, inclusive, <br><br>Defendants. | Case No. C 06-5805 SBA (JCS) <br><br>**APPLE COMPUTER, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL THE DEPOSITIONS OF JEFF HAYS AND TERI SUNDH** <br><br>Date: December 7, 2007 <br>Time: 9:30 a.m. <br>Courtroom: A, 15th Floor <br>Judge: Honorable Joseph C. Spero |

TO DEFENDANT PODFITNESS, INC. ("PODFITNESS") AND ITS ATTORNEYS OF

RECORD:

NOTICE IS HEREBY GIVEN that on December 7, 2007, at 9:30 a.m., before the

Honorable Joseph C. Spero, Plaintiff Apple Computer, Inc. ("Apple") will move this Court for an

order granting its Motion to Compel the Depositions of Jeff Hays and Teri Sundh. Based on

Podfitness' total refusal to communicate with Apple regarding the scheduling of these

depositions, Apple has determined that attempting yet another meet and confer to discuss this

matter and filing a subsequent joint letter would be absolutely futile. The motion will be based upon this Notice of Motion and Motion, the Declaration of David J. Miclean, the pleadings and documents on file in this case and on any evidence as may be presented at the hearing on this motion.

## I.   ARGUMENT

Podfitness has made every effort in the past several months to ignore the discovery process and to avoid actively participating in this litigation. Through motions to stay and total unresponsiveness, Podfitness has thus far managed to prolong its wrongful activities and avoid the depositions of two of its key employees, CEO Teri Sundh, and founder and President Jeff Hays which have been sought by Apple for over 3 months. Podfitness may not refuse indefinitely to comply with the discovery process simply because it no longer wishes to have anything to do with this case. Podfitness is a defendant in this litigation due to its egregious infringement of Apple's famous iPod mark, which it continues to infringe. Having exhausted all non-legal means of trying to schedule the depositions of Mr. Hays and Ms. Sundh, Apple is now forced to respectfully request the Court to grant its motion to compel these depositions.

Apple first approached Podfitness *over three months ago*, in early July 2007, with a request to schedule and take the depositions of Teri Sundh and Jeff Hays. Podfitness failed to respond each and every time to Apple's numerous attempts to meet and confer regarding mutually convenient dates to schedule the depositions. [Miclean Decl. ¶ 2.] On July 27, 2007, Apple formally noticed the depositions of Teri Sundh and Jeff Hays for the dates of September 5-6, 2007. [Miclean Decl. ¶ 2.]

On August 22, 2007, Podfitness' outside counsel emailed Apple's outside counsel, stating that they were "still working on coordinating dates for the depositions of Teri Sundh and Jeff Hays that you have noticed for September 5th and 6th," but provided no alternative dates and did not comply with the deposition notice. [Miclean Decl. ¶ 3.] Having received no further communication from Podfitness regarding this matter for approximately two weeks, Apple followed up on September 5, 2007 with another email requesting proposed dates for the depositions. [Miclean Decl. ¶ 3.] Podfitness' outside counsel merely responded with a promise

to be in touch with Podfitness that week to finalize deposition dates. [Miclean Decl. ¶ 3.] Podfitness counsel did not follow up with deposition dates as they promised they would.

Podfitness counsel thereafter ceased all communications with counsel for Apple. Nearly a month later, on October 2, 2007, the parties conversed regarding Podfitness' motion to stay proceedings and the deposition dates, which had still not been finalized, even though the dates for which they were noticed had passed. [Miclean Decl. ¶ 4.] Subsequently, Apple indicated its willingness to stipulate to a 30-day stay of the case so long as Podfitness agreed to set firm deposition dates for Ms. Sundh and Mr. Hays in mid-November. [Miclean Decl. ¶ 4.] Again, Podfitness fell silent, forcing Apple to file an opposition to Podfitness' motion to stay. [Miclean Decl. ¶ 4.]

As shown by the timeline above, Podfitness has time and time again refused or utterly ignored even the most reasonable requests to set the depositions. In the over three months since Apple attempted to meet and confer on scheduling the depositions of Hays and Sundh and issued the deposition notices, Podfitness has responded only that the dates are not acceptable, has ignored repeated requests to propose alternate dates, and has attempted to stay the case in an effort to postpone scheduling the depositions for another thirty days. [Miclean Decl. ¶ 2.] Based on this pattern of behavior, Apple believes that attempting to schedule yet another meet and confer to discuss this matter would be absolutely futile. [Miclean Decl. ¶ 2.]

In order for the Court to decide this case on the merits as promptly as possible and to preserve the trial date and case management schedule, it is essential that discovery continue without further delay. [Miclean Decl. ¶ 5.] As part of such discovery, the timely depositions of Mr. Hays and Ms. Sundh are important to Apple's case. As established by Podfitness' written discovery, Mr. Hays and Ms. Sundh were involved in virtually every aspect of the company's promotional activities. [Miclean Decl. ¶ 6.] Accordingly, these two individuals are likely to possess significant knowledge regarding Podfitness' decision to adopt its trade name, trademark and domain name, and are likely to have participated substantially in the company's marketing decisions which sought to take advantage of Apple's goodwill in the iPod brand.

1    This is not the first time Podfitness has attempted to wrongfully delay the litigation of this
2    case while it continues its infringing and diluting conduct, and it undoubtedly will not be the last,
3    unless the Court intervenes. [Miclean Decl. ¶ 7.] Podfitness initially attempted to obtain an
4    elongated case management and trial schedule—Apple initially requested a trial date in June 2008
5    (which the court granted), while Podfitness proposed a trial date in November of 2008. *Id.*
6    Podfitness also has filed two motions to stay the litigation, the first of which was rejected by this
7    Court on May 10, 2007, and the second of which is currently pending. *Id.* Additionally, on
8    September 26, 2007, Podfitness' in-house counsel Steve Hutchinson filed an improper declaration
9    purporting to support a motion to stay the case. *Id.*

## II.  CONCLUSION

Podfitness' blatant attempts to avoid participating in the discovery process are unacceptable, and a waste of valuable judicial time and resources. Podfitness should not be permitted to try to further delay discovery and resolution of this matter. For all of the above reasons, Apple respectfully requests that its Motion to Compel the Depositions of Jeff Hays and Teri Sundh be granted.

Dated: October 30, 2007                    FISH & RICHARDSON P.C.


                                           By: /s/ David J. Miclean
                                               David J. Miclean

                                           Attorneys for Plaintiff
                                           APPLE INC.

50445960.doc