1    David J. Miclean (#115098/miclean@fr.com)
FISH & RICHARDSON P.C.

2    500 Arguello Street, Suite 500
Redwood City, California 94063

3    Telephone: (650) 839-5070
Facsimile: (650) 839-5071

4

    Lisa M. Martens (#195824/martens@fr.com)

5    Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON P.C.

6    12390 El Camino Real
San Diego, California 92130

7    Telephone: (858) 678-5070
Facsimile: (858) 678-5099

8

9    Attorneys for Plaintiff
APPLE COMPUTER, INC.

10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                     (OAKLAND DIVISION)

14

15    APPLE COMPUTER, INC.,            Case No. C 06-5805 SBA (JCS)

16            Plaintiff,             **DECLARATION OF DAVID J. MICLEAN IN SUPPORT OF APPLE COMPUTER,**

17          v.                 **INC.'S MOTION TO COMPEL THE DEPOSITIONS OF JEFF HAYS AND**

18    PODFITNESS, INC., and DOES 1-100,    **TERI SUNDH**
inclusive,

19                               Date:        December 7, 2007
Time:        9:30 a.m.

20           Defendants.           Courtroom: A, 15th Floor
Judge:      Honorable Joseph C. Spero

21

22        I, David J. Miclean, declare as follows:

23        1.      I am a principal of Fish & Richardson P.C., counsel of record in this action for Apple

24    Computer, Inc. ("Apple"). I am a member of the Bar of the State of California and am admitted to

25    this Court. I have personal knowledge of the matters stated in this declaration and would testify

26    truthfully to them if called upon to do so.

27    / / /

28    / / /

Dockets.Justia.com

1  2.    After Defendant's outside counsel failed to return multiple voice and email messages

2  attempting to meet and confer regarding scheduling the depositions of Defendant's employees, on

3  July 27, 2007 Apple noticed the depositions of Defendant's CEO, Teri Sundh, and its President, Jeff

4  Hays. The depositions were noticed for the dates of September 5-6, 2007. In the approximately

5  three months since Apple issued the notices, Defendant has stated only that the dates are not

6  acceptable, has ignored repeated requests to propose alternate dates, and has attempted to stay the

7  case in an effort to postpone the depositions for another thirty days. Based on this pattern of

8  behavior, I believe that attempting to schedule yet another meet and confer to discuss this matter

9  would be absolutely futile.

10  3.    On August 22, 2007 Defendant's outside counsel emailed my firm, stating that they

11  were "still working on coordinating dates for the depositions of Teri Sundh and Jeff Hays that you

12  have noticed for September 5th and 6th." We followed up on September 5, 2007 with another email

13  requesting proposed dates for the depositions. Defendant's outside counsel responded on that day

14  with a promise to be in touch with Podfitness that week to get deposition dates. Since that time,

15  Podfitness' attorneys have failed to contact us with any proposed dates for the depositions of Teri

16  Sundh and Jeff Hays which Apple has been trying to schedule for over three months.

17  4.    On October 2, 2007, we discussed with Podfitness' then-in-house counsel, Steve

18  Hutchinson, Podfitness' motion to stay proceedings and the deposition dates, which had still not

19  been finalized, even though the dates for which they were noticed had passed. On October 3, 2007,

20  we sent an email to Mr. Hutchinson, recapping the October 2, 2007 conversation. In the email, we

21  stated our willingness to stipulate to a 30-day stay of the case so long as Podfitness agreed to set firm

22  deposition dates for Ms. Sundh and Mr. Hays in mid-November. Then, on October 4, 2007, Mr.

23  Hutchinson replied to this email, stating that Podfitness would evaluate the offer and get back to us

24  with its answer shortly. Having received no further answer from Podfitness regarding our proposal,

25  Apple was forced to file an opposition to Podfitness' motion to stay.

26  5.    Although Apple is willing to participate, and has participated, in settlement

27  discussions with Podfitness, discovery must continue in order that the case management calendar

28  and trial date are preserved.

2    DECL. OF DAVID J. MICLEAN IN SUPPORT OF APPLE'S MOT. TO
     COMPEL THE DEPOS. OF JEFF HAYS & TERI SUNDH
     Case No. C 06-5805 SBA

6.      Podfitness' written document production confirms that Mr. Hays and Ms. Sundh were involved in virtually every aspect of the company's promotional activities.

7.      The September 26, 2007 declaration and request for stay of Mr. Hutchinson, who was the VP of legal affairs for Podfitness, represents merely the latest in a series of attempts by Defendant to delay resolution of this litigation while it continues its infringing and diluting conduct. Podfitness already attempted to obtain an elongated case management and trial schedule—Apple initially requested a trial date in June 2008 (which the court granted), while Podfitness proposed a trial date in November of 2008—and should not be permitted to try to further delay discovery and resolution of this matter.  Defendant also filed a previous motion to stay the litigation, which was rejected by this Court on May 10, 2007 and currently has a motion to stay pending with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of October, 2007, at Redwood City, California.


/s/ David J. Miclean
David J. Miclean


50445951.doc

3      DECL. OF DAVID J. MICLEAN IN SUPPORT OF APPLE'S MOT. TO
COMPEL THE DEPOS. OF JEFF HAYS & TERI SUNDH
Case No. C 06-5805 SBA