1  JAMES M. WAGSTAFFE (95535)
   **KERR & WAGSTAFFE LLP**
2  100 Spear Street, Suite 1800
   San Francisco, CA 94105–1528
3  Telephone: (415) 371-8500
   Fax: (415) 371-0500
4

5  JAMES E. MAGLEBY (*pro hac vice* application pending*)*
   JASON A. MCNEILL (*pro hac vice* application pending*)*
6  **MAGLEBY & GREENWOOD, P.C.**
   170 South Main Street, Suite 350
7  Salt Lake City, Utah 84101
   Telephone: (415) 371-8500
8  Fax: (415) 371-0500

9  ATTORNEYS FOR DEFENDANT
   PODFITNESS, INC.
10

11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                   OAKLAND DIVISION

15

16

17  APPLE, INC.,                          | Case No. 4:06-cv-05805 SBA

18              Plaintiff,                 | **STATEMENT OF NON-OPPOSITION
                                           | TO MOTION TO COMPEL THE
19       v.                                | DEPOSITIONS OF JEFF HAYS AND
                                           | TERI SUNDH**
20
    PODFITNESS, INC., and DOES 1-100,
21  Inclusive

22              Defendants.

23

24

25

26

27

28

KERR
&
WAGSTAFFE
LLP

CASE NO. C 06-5805 SBA    STATEMENT OF NON-OPPOSITION TO MOTION TO COMPEL DEPOSITIONS

1        Pending before the Court is a motion filed by Plaintiff Apple Computer, Inc. (hereinafter,

2   "Apple") to compel the depositions of two employees of Defendant Podfitness, Inc. (hereinafter,

3   "Podfitness"). This motion was filed after Defendant's previous outside-counsel moved to

4   withdraw from the case, after Defendant's in-house counsel had notified Apple of his termination

5   of employment with Defendant,[1] and only *one day*[2] before the Court entered orders permitting

6   such withdrawal, precluding further filings, and staying the proceedings for thirty (30) days to

7   allow Podfitness to engage substitute counsel.

8        As soon as it was retained by Podfitness as a substitute counsel, Magleby & Greenwood,

9   P.C. began discussing the scheduling of the requested deposition dates with opposing counsel.

10  While Podfitness is hopeful that the outcome of this discussion will moot the motion to compel,

11  Podfitness nonetheless hereby files its statement of non-opposition to Plaintiff's motion to

12  compel.

13        The genesis of the motion to compel can be traced to certain procedural challenges in this

14  case filed originally against Podfitness on September 21, 2006. After Podfitness answered the

15  complaint on November 13, 2006, the Court entered a Case Management Scheduling Order on

16  January 25, 2007. Under the original Protective Order, in-house counsel for Podfitness was not

17  allowed access to documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES

18  ONLY." A Stipulated Addendum was entered by the Court on April 16, 2007 whereby Plaintiff

19  agreed not to serve any third party-discovery to Podfitness's business associates without first

20  seeking the same documents from Podfitness.[3]

21

22  [1] Apple's opposition to Podfitness's motion to stay the case pending substitution of counsel was
23  based in large part on the presumption that Podfitness's in-house counsel, Steve Hutchinson,
    was sufficient to carry on the representation. After receiving notice of Mr. Hutchinson no longer
24  being employed by the Defendant, Apple filed its motion at issue here.

25  [2] The Order permitting withdrawal as counsel and staying this action issued October 31, 2007.
26  The day prior, October 30, 2007, Apple filed its motion to compel.

27  [3] This addendum was the result of Apple's interference with certain important Podfitness
    business relationships, which were lost as a result of, among other things, Apple's service of
28  subpoenas without giving notice to Podfitness in contravention of Fed. R. Civ. P. 45.

KERR
&
WAGSTAFFE
LLP

– 1 –

In a sense, this case has only just passed the pleading stage.  Specifically, by stipulation between the parties, on August 1, 2007, Plaintiff filed an amended complaint adding causes of action for cybersquatting in violation of federal law and for breach of contract.  Such amendments were based in part on a purported licensing agreement relating to Apple's iTunes, and diversion of internet traffic, theories wholly distinguishable from its then-existing causes of action.  Podfitness answered the amended complaint on August 31, 2007, and counterclaimed on the basis of tortious intentional and negligent interference with contractual relations, tortious negligent interference with prospective economic advantage, and unlawful, unfair, and deceptive practices in violation of the California Business and Professions Code.  Subsequent to the amendments, neither Apple nor Podfitness is believed to have yet propounded discovery on the subject matter raised by said amendments.

On September 19, 2007, Podfitness's then outside-counsel Workman Nydegger and Collette Erickson Farmer & O'Neill moved to withdraw from the case and received the Court's approval for such withdrawal on November 1, 2007.  In finding good cause for allowing withdrawal of counsel, the Court stated that "Podfitness has sufficient time to either engage substitute counsel or proceed through representation of its in-house counsel, Steven Hutchinson." On the same day, the Court entered an order staying the proceedings for thirty (30) days pending engagement of substitute counsel.  However, at the time the Court entered the order permitting withdrawal of counsel, Podfitness's in-house counsel, Mr. Hutchinson was no longer employed by Podfitness.  Plaintiff filed the current Motion to Compel the Depositions of Jeff Hays and Terry Sundh on October 30, 2007, after both in-house and outside-counsel had left Podfitness.

A hearing on the motion to compel is currently set for December 7, 2005.  On or about November 30, 2007, Podfitness retained the law firm of Magleby & Greenwood, P.C., which began the search for local counsel.  On December 6, 2007, Kerr & Wagstaffe LLP was retained as substitute local counsel of record.  On November 30, 2007, upon being retained, Magleby & Greenwood, P.C. contacted Plaintiff's counsel to discuss the scheduling of deposition dates for Jeff Hays and Teri Sundh.  Defendant is hopeful that the parties will be able to agree on deposition and other discovery dates that allow for discovery to be conducted in a meaningful

CASE NO. C 06-5805 SBA    STATEMENT OF NON-OPPOSITION TO MOTION TO COMPEL DEPOSITIONS

KERR
&
WAGSTAFFE
LLP

way, providing an opportunity for Defendant's new counsel to familiarize itself with the complex facts and issues in this case.

Based on the foregoing, while Podfitness believes that the current motion to compel is likely to be rendered moot, it respectfully files its statement of nonopposition to Plaintiff's motion. Specifically, Podfitness does not object to Jeff Hays or Teri Sundh appearing for deposition, but does have requests and concerns relating to the timing of such depositions, and submits that to the extent depositions of Podfitness are to be scheduled for dates certain, reciprocal depositions of Apple are appropriate and necessary. Podfitness has offered to give firm deposition dates for these deponents to Apple. At the same time, Podfitness's counsel has indicated a preference to extend discovery to conduct these depositions in an orderly fashion, including because new counsel has not had access to any of the 150,000 + documents produced in this case, many of which are believed to be "confidential" documents under the existing confidentiality order, and because this matter (including discovery altogether) has just come off a 30 day stay period. Podfitness has indicated that if there is no agreement to an extension of fact discovery, and Podfitness is forced by this Court to produce its witnesses prior to the existing fact discovery cutoff, then Podfitness will likewise request a Rule 30(b)(6) deposition of Apple.[4] Again, however, Podfitness hopes to avoid the necessity of such an abbreviated schedule. Copies of the communications between counsel for Podfitness and Apple are attached as Exhibit "A."

DATED: December 6, 2007

**KERR & WAGSTAFFE LLP**

By _____

JAMES M. WAGSTAFFE
Attorneys for Defendant
Podfitness, Inc.

---

[4] Podfitness, of course, contends that such a result would be wholly unfair and result in severe prejudice to Defendant, especially given, among other things, the procedural history of this case, the parties' recent amendments expanding the scope of litigation, and the 30 day stay period triggered during the existing discovery period. This issue is the subject of Defendant's Motion to Extend the Scheduling Order to be filed if a resolution with Apple is not achieved.

CASE NO. C 06-5805 SBA    STATEMENT OF NON-OPPOSITION TO MOTION TO COMPEL DEPOSITIONS

KERR
&
WAGSTAFFE
LLP

# EXHIBIT A

**James Magleby**

From:     James Magleby
Sent:     Wednesday, December 05, 2007 3:54 PM
To:       Lisa Martens; 'magleby@mgpclaw.com'; James M. (Jim) Wagstaffe (wagstaffe@kerrwagstaffe.com); 'mcneill@mgpclaw.com'
Subject:  RE: Apple v. Podfitness

Lisa:

This is a follow up to our telephone conversation earlier today. As a housekeeping matter, we have retained local counsel, Jim Wagstaffe of Kerr & Wagstaffe in San Francisco, and we hope to be filing our pro hac vice papers today.

Following up on our conversation last week, your subsequent e-mail below, and our conversation today, we are prepared to produce Jeff Hays and Terry Sundh for depositions. My preference would be to give you dates certain, sometime after next week, so that we can finalize our appearance, have access to confidential documents under the protective order, and generally have time to integrate into the case. We would like to take, at the least, a Rule 30(b)(6) deposition of Apple, next week if necessary but if we can push out the discovery deadlines then we are content to do so at the convenience of the witness and your office. On these points, in conjunction with this rescheduling, we would like to move the discovery and expert deadlines out for at least 30 days. Finally, I understand that you have to talk with your client before we can discuss these issues further.

I should be here until at least 7:00 p.m. our time, and after that available on my mobile – 801.694.2488. I also usually have access to my e-mail at all times, although it is sometimes hit-or-miss.

Thanks.

- Jim
James E. Magleby
**Magleby & Greenwood, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile:  801.359.9011
magleby@mgpclaw.com

CONFIDENTIALITY NOTICE  UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW [Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 2702(a)] This message is being sent by Magleby & Greenwood, P.C., a law firm. It is intended exclusively for the individuals or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.  This message is protected by attorney-client and/or attorney work product legal privileges and is strictly confidential.

---

From: Lisa Martens [mailto:martens@fr.com]
Sent: Friday, November 30, 2007 5:29 PM
To: James Magleby
Subject: RE: Apple v. Podfitness

Thanks Jim. I just spoke with Apple and they will not be needing any extensions of the TTAB deadlines. We would like to get deposition dates for Hays and Sundh as soon as possible though (if you want to avoid responding to the pending motion to compel).

I look forward to hearing from you.

Lisa M. Martens
Principal
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130-2081
858-678-4729 (phone)
858-678-5099 (fax)

---

From: James Magleby [mailto:jmagleby@MGPCLAW.COM]
Sent: Friday, November 30, 2007 3:53 PM
To: Lisa Martens; magleby@mgpclaw.com; mcneill@mgpclaw.com
Subject: Apple v. Podfitness

Lisa:

Thanks for talking with me today. As I indicated, we have just been retained by Podfitness to appear in this matter. We are in the process of locating local counsel, having pro hac vice applications filed, etc.

My contact information is below. If you need to reach me over the weekend, my mobile number is 801 694-2488.

- Jim
James E. Magleby
**Magleby & Greenwood, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile: 801.359.9011
magleby@mgpclaw.com

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW [Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 2702(a)] This message is being sent by Magleby & Greenwood, P.C., a law firm. It is intended exclusively for the individuals or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. This message is protected by attorney-client and/or attorney work product legal privileges and is strictly confidential.
*************************************************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*************************************************************************************************************************

**James Magleby**

| | |
|---|---|
| From: | James Magleby |
| Sent: | Wednesday, December 05, 2007 5:04 PM |
| To: | James Magleby; 'Lisa Martens'; 'magleby@mgpclaw.com'; 'James M. (Jim) Wagstaffe (wagstaffe@kerrwagstaffe.com)'; 'mcneill@mgpclaw.com' |
| Subject: | RE: Apple v. Podfitness |
| Importance: | High |

Lisa:

As you know, we are just getting up to speed in this matter. Since you and I talked earlier today, we have reviewed more of the file, and it appears to us that previously issued discovery may not have captured documents and information that relates to the amended complaint and counterclaim. In particular, these amendments took place in August, but the written discovery was served by both sides some months before that date. In addition, it appears that Apple has produced hundreds of thousands of documents, none of which we have been able to review because of timing and the confidentiality order. Our concern is that we will not be adequately representing our client if we do not take the time to investigate these issues, which we have just discovered.

In light of these things, we must reserve the right to seek leave from the Court for more time to conduct fact discovery, at least until such time as we can assess the current state of discovery. I wanted to get this message to you as soon as possible, because I know there are likely some trust issues between Apple and Podfitness and I don't want you to think we were not candid.

I suggest we reach whatever stipulation makes sense to the parties regarding extending discovery to complete at least the depositions of Jeff Hays and Terry Sundh and the Apple 30(b)(6) witness, and both parties reserve all other rights with regard to the schedule. This will protect everyone, but allow discovery to proceed in the meantime. If Apple is not amenable to this proposed, interim solution, I will understand.

So you know, we are preparing a document to file with the Magistrate, indicating that we do not oppose producing Jeff Hays and Terry Sundh, but may have an issue with the timing. Hopefully, we can come to some resolution and not take up the Court's time on Friday with this issue.

Please call me or Jim Wagstaffe or Jason McNeill, if you would like to discuss. Thanks.

- Jim
James E. Magleby
**Magleby & Greenwood, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile: 801.359.9011
magleby@mgpclaw.com

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW [Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 2702(a)] This message is being sent by Magleby & Greenwood, P.C., a law firm. It is intended exclusively for the individuals or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. This message is protected by attorney-client and/or attorney work product legal privileges and is strictly confidential.

---

**From:** James Magleby
**Sent:** Wednesday, December 05, 2007 3:54 PM
**To:** Lisa Martens; 'magleby@mgpclaw.com'; James M. (Jim) Wagstaffe (wagstaffe@kerrwagstaffe.com); 'mcneill@mgpclaw.com'
**Subject:** RE: Apple v. Podfitness

Lisa:

This is a follow up to our telephone conversation earlier today. As a housekeeping matter, we have retained local counsel, Jim Wagstaffe of Kerr & Wagstaffe in San Francisco, and we hope to be filing our pro hac vice papers today.

Following up on our conversation last week, your subsequent e-mail below, and our conversation today, we are prepared to produce Jeff Hays and Terry Sundh for depositions. My preference would be to give you dates certain, sometime after next week, so that we can finalize our appearance, have access to confidential documents under the protective order, and generally have time to integrate into the case. We would like to take, at the least, a Rule 30(b)(6) deposition of Apple, next week if necessary but if we can push out the discovery deadlines then we are content to do so at the convenience of the witness and your office. On these points, in conjunction with this rescheduling, we would like to move the discovery and expert deadlines out for at least 30 days. Finally, I understand that you have to talk with your client before we can discuss these issues further.

I should be here until at least 7:00 p.m. our time, and after that available on my mobile – 801.694.2488. I also usually have access to my e-mail at all times, although it is sometimes hit-or-miss.

Thanks.

- Jim
James E. Magleby
**Magleby & Greenwood, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile: 801.359.9011

magleby@mgpclaw.com

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW [Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 2702(a)] This message is being sent by Magleby & Greenwood, P.C., a law firm. It is intended exclusively for the individuals or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. This message is protected by attorney-client and/or attorney work product legal privileges and is strictly confidential.

---

**From:** Lisa Martens [mailto:martens@fr.com]
**Sent:** Friday, November 30, 2007 5:29 PM
**To:** James Magleby
**Subject:** RE: Apple v. Podfitness

Thanks Jim. I just spoke with Apple and they will not be needing any extensions of the TTAB deadlines. We would like to get deposition dates for Hays and Sundh as soon as possible though (if you want to avoid responding to the pending motion to compel).

I look forward to hearing from you.


Lisa M. Martens
Principal
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130-2081
858-678-4729 (phone)
858-678-5099 (fax)

---

**From:** James Magleby [mailto:jmagleby@MGPCLAW.COM]
**Sent:** Friday, November 30, 2007 3:53 PM
**To:** Lisa Martens; magleby@mgpclaw.com; mcneill@mgpclaw.com
**Subject:** Apple v. Podfitness

Lisa:

Thanks for talking with me today. As I indicated, we have just been retained by Podfitness to appear in this matter. We are in the process of locating local counsel, having pro hac vice applications filed, etc.

My contact information is below. If you need to reach me over the weekend, my mobile number is 801 694-2488.

- Jim
James E. Magleby
**Magleby & Greenwood, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile: 801.359.9011
magleby@mgpclaw.com

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW [Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 2702(a)] This message is being sent by Magleby & Greenwood, P.C., a law firm. It is intended exclusively for the individuals or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. This message is protected by attorney-client and/or attorney work product legal privileges and is strictly confidential.
*********************************************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*********************************************************************************************************************