| | |
|---|---|
| 1<br>2<br>3<br>4 | James M. Wagstaffe (95535)<br>**KERR & WAGSTAFFE LLP**<br>100 Spear Street, Suite 1800<br>San Francisco, CA 94105–1528<br>Telephone: (415) 371-8500<br>Fax: (415) 371-0500 |
| 5<br>6<br>7<br>8 | James E. Magleby (Utah Bar No. 7247, *pro hac vice* pending)<br>Jason A. McNeill (Utah Bar No. 9711, *pro hac vice* pending)<br>**MAGLEBY & GREENWOOD, P.C.**<br>170 South Main Street, Suite 350<br>Salt Lake City, Utah 84101-3605<br>Telephone: (801) 359-9000<br>Facsimile: (801) 359-9011 |
| 9<br>10 | Attorneys for Defendant and<br>Counterclaim Plaintiff Podfitness, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| APPLE COMPUTER, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>PODFITNESS, INC., and DOES 1-100, Inclusive,<br><br>              Defendants. | Case No. C 06-05805 SBA<br><br>**DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF EXTENDING PRETRIAL DEADLINES**<br><br>Hon. Saundra Brown Armstrong |
| PODFITNESS, INC.,<br><br>              Counterclaim Plaintiff,<br><br>     v.<br><br>APPLE COMPUTER, INC.,<br><br>              Counterclaim Defendants. | |

---

CASE NO. C 06-05805 SBA                                                                                   MOTION FOR ADMINISTRATIVE RELIEF

Pursuant to Local Rule 7-11, Defendant and Counterclaim Plaintiff Podfitness, Inc. ("Podfitness" or "Defendant") hereby submits this Motion for Administrative Relief to extend the various deadlines set by the Court in its January 25, 2007 Order for Pretrial Preparation, as proposed in detail below. The requested extensions are made necessary by the scope of the case which has greatly expanded since the Court issued its original scheduling Order, and by the just-accomplished retention of counsel following the October 31, 2007 Court Order staying the proceedings for thirty (30) days pending engagement of substitute counsel.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. INITIAL PLEADINGS AND SCHEDULING ORDER**

Apple Computer, Inc. ("Apple" or "Plaintiff") filed the present action against Podfitness on September 21, 2006, alleging causes of action for trademark infringement, trade dress infringement, false designation of origin, and trademark dilution under federal law, as well as trademark infringement, dilution, unfair competition and untrue and misleading advertising under the California Business and Professions Code. After Podfitness answered the complaint on November 13, 2006, the Court entered a Case Management Scheduling Order on January 25, 2007. In its Scheduling Order, the Court set the following deadlines:

- All discovery, except for expert discovery, to be completed by December 14, 2007.
- Experts to be designated by January 8, 2008; rebuttal disclosure by February 15, 2008; expert discovery to be completed by March 14, 2008.
- All motions to be heard on or before April 15, 2008.
- All parties to participate in a mandatory settlement conference between April 21, 2008 and May 16, 2008.
- Pretrial preparation due May 20, 2008.
- Motions in Limine and Objections to Evidence due by May 27, 2008; responses due by June 3, 2008.
- Pretrial conference to be held on June 10, 2008.
- Trial before the jury to begin on June 23, 2008.

### **II. AMENDED ANSWER AND COUNTERCLAIMS**

The scope of this matter has greatly expanded since the Court's January 25, 2007 Order



– 1 –

CASE NO. C 06-05805 SBA     MOTION FOR ADMINISTRATIVE RELIEF

for Pretrial Preparation.  On August 1, 2007, Apple filed an amended complaint adding causes of action for cybersquatting in violation of federal law and for breach of contract.  Such amendments involve new theories distinguishable from its then-existing causes of action.  In fact, according to Apple, the amendments arose from new evidence Apple purports to have uncovered during the discovery process.  As new claims, based on new theories, additional discovery will need to occur for both their prosecution and defense.

Podfitness diligently and timely answered the amended complaint on August 31, 2007, and counterclaimed on the basis of intentional and negligent interference with contractual relations, negligent interference with prospective economic advantage, and unlawful, unfair, and deceptive practices in violation of the California Business and Professions Code.  Podfitness' counterclaims, much like Apple's amendment, arose from Apple's conduct occurring during the discovery process and after the scheduling order had been put in place.  As with Apple's new claims, Podfitness' new claims invoke the need for additional discovery.

### III. WITHDRAWAL OF PODFITNESS' COUNSEL AND STAY OF THE PROCEEDINGS

Nineteen days after filing its answer and counterclaim, on September 19, 2007, Podfitness' outside counsel Workman Nydegger, filed its motion to withdraw as counsel.  Within seven (7) days of this motion, Podfitness moved the Court to stay the case until new counsel was obtained.  Also during that time frame, on October 16, 2007, in-house counsel for Podfitness, Steve Hutchinson, filed notice that he was no longer in-house counsel nor employed with Podfitness.  On October 31, 2007, this Court granted Podfitness' motion to stay proceedings for thirty (30) days pending engagement of substitute counsel.  On October 31, 2007, this Court permitted the withdrawal of outside counsel, Workman Nydegger, and local counsel, Collette Erickson Farmer & O'Neill, as counsel for Podfitness.

### IV. ENGAGEMENT OF SUBSTITUTE COUNSEL

The time frame following counsel withdrawal reflects appropriate diligence by Podfitness.  During the stay period, between October 31, 2007 and November 31, 2007, Podfitness and Apple engaged in settlement discussions which were ultimately unsuccessful.

– 2 –

1  While negotiating heavily with Apple, Podfitness was also trying to engage appropriate
2  substitute outside-counsel. Before the expiration of the stay period, on or about November 30,
3  2007, Podfitness retained Magleby & Greenwood, P.C., of Salt Lake City, Utah, as outside
4  counsel. Local counsel, Kerr & Wagstaffe, LLP of San Francisco, California, was retained as
5  local California counsel on or about December 6, 2007.
6  Within days of being engaged by Podfitness, on December 6, 2007, Podfitness' new
7  counsel filed its *pro hac vice* applications for permission to appear before this Court. On that
8  same day, local counsel for Podfitness filed his Notice of Appearance. One (1) day after new
9  counsel filed his notice of appearance in this Court, and on December 7, 2007, Podfitness served
10 its Rule 30(b)(6) Notice of Depositions on Apple.

## V.  DISCOVERY EFFORTS

While Podfitness engaged in discovery in a timely manner, substantial discovery remains to be completed as a result of the unique circumstances in this case. Following the entry of the January 25, 2007 Order for Pretrial Preparation, the parties negotiated in good faith to put in place a suitable protective order governing the confidentiality of the documents to be produced in this matter. The Court entered a stipulated Protective Order on February 9, 2007. During the discovery period, Apple engaged in a practice of interfering with certain important Podfitness business relationships, which were lost as a result of, among other things, Apple's service of subpoenas without giving notice to Podfitness in contravention of Fed. R. Civ. P. 45. As a result, a Stipulated Addendum was entered by the Court on April 16, 2007 whereby Plaintiff agreed not to serve any third party-discovery to Podfitness' business associates without first seeking the same documents from Podfitness.

Podfitness propounded its first requests for production of documents on December 6, 2006. On February 13, 2007, Apple served its responses and objections to Podfitness first set of Interrogatories. In May and June 2007, the parties engaged in a discovery dispute, which included meet and confer efforts, and ultimately led to the parties' filing on June 8, 2007 a joint discovery letter to the Magistrate Judge in requesting relief on said dispute. The ruling on that dispute is still pending. Furthermore, Podfitness did not receive the bulk of Apple's production

1  until July 2007 when Apple produced roughly 285,000 pages of documents. Many of these
2  documents are designated "confidential" or "attorneys' eyes only" under the existing protective
3  order. Podfitness' new counsel did not obtain the ability to access Apple's 285,000 pages of
4  document production, due to the terms of the protective order entered in this case, until
5  December 7, 2007. Even now, the documents have not yet been delivered to new counsel by
6  prior counsel, in part due to the volume of the production. Extension of the discovery cut-off
7  dates is also necessary because neither Apple nor Podfitness is believed to have yet propounded
8  discovery on the subject matter raised by the amended complaint and counterclaims, and because
9  discovery was stayed for thirty (30) days as a result of the Court's October 31, 2007 Order.

## VI. MEET AND CONFER EFFORTS

Within the same day as retaining new counsel, Podfitness (through counsel) contacted Apple's attorneys telephonically, advised them of their retention as new counsel, and sought a stipulation to extend the current form of scheduling order. (Declaration of James Magleby in Support of Defendant's Motion for Administrative Relief, ¶ 2.) Podfitness offered to produce witnesses for depositions on dates certain, but not within the December 14, 2007 existing discovery cut-off deadline. (Id.) Apple requested from Podfitness that it be allowed to conduct its discovery as late as the end of January 2008, by taking the depositions of Podfitness' witnesses. (Id. ¶ 3.) This request is a *de facto* admission that Apple will not be prejudiced by a short extension of discovery and other deadlines. The premise for this request was due to scheduling conflicts with Apples' attorneys. (Id.) However, Apple would not agree to reciprocate such timing to Podfitness in providing its witnesses. (Id.) Podfitness has requested an extension on all deadlines, and for Apple to reciprocate production of witnesses, but Apple would not stipulate to any modification of the existing scheduling order, even though it requests depositions as late as end of January 2008 and a 30 day stay was in place. (Id. ¶ 4.)

## VII. PROPOSED SCHEDULE WITH EXTENDED DEADLINES

Based on the foregoing, good cause exists to extend the discovery and other pre-trial deadlines in this case to reflect the complexity and expanded scope of the case, the withdrawal of Podfitness' counsel and resulting stay of the proceedings, as well as the size, confidential nature,



– 4 –

and timing of Apple's production. Thus, Podfitness respectfully requests that the Court extend the deadlines set in its January 25, 2007 Order for Pretrial Preparation by 90 days. If the Court is not inclined to extend the deadlines by the full 90 days requested, then Podfitness requests a 60, or 30, day extension. These dates would result in the following proposed schedule:

<u>Deadlines extended ninety (90) days</u>:

- All discovery, except for expert discovery to be completed by March 14, 2008.
- Experts to be designated by April 8, 2008; rebuttal disclosure by May 16, 2008; expert discovery to be completed by June 12, 2008.

<u>Deadlines extended sixty (60) days</u>:

- All motions to be heard on or before June 16, 2008.
- All parties to participate in a mandatory settlement conference between June 20, 2008 and July 15, 2008.

<u>Deadlines extended thirty (30) days</u>:

- Pretrial preparation due June 19, 2008.
- Motions in Limine and Objections to Evidence due by June 26, 2008; responses due by July 3, 2008.
- Pretrial conference to be held on July 10, 2008.
- Trial before the jury to begin on July 23, 2008.

## **CONCLUSION**

For the foregoing reasons, Podfitness respectfully requests that the Court grant this Motion, extend the deadlines set by the Court in its January 25, 2007 Order for Pretrial Preparation, and order the pretrial schedule set forth above.

DATED: December 10, 2007

**MAGLEBY & GREENWOOD, P.C.**
**KERR & WAGSTAFFE LLP**

By _____/s/_____
JAMES E. MAGLEBY
JASON A. MCNEILL
JAMES M. WAGSTAFFE

Attorneys for Defendant and Counterclaim Plaintiff Podfitness, Inc.