David J. Miclean (#115098/miclean@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff and
Counterclaim Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PODFITNESS, INC., and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. C 06-5805 SBA<br><br>**APPLE INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF EXTENDING PRETRIAL DEADLINES**<br><br>Honorable Saundra B. Armstrong |
| PODFITNESS, INC.,<br><br>    Counterclaim Plaintiff<br><br>v.<br><br>APPLE INC.,<br><br>    Counterclaim Defendant | |

1

APPLE INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR
ADMINISTRATIVE RELIEF EXTENDING PRETRIAL DEADLINES
Case No. C 06-5805 SBA

Dockets.Justia.com

Pursuant to Local Rule 7-11, Plaintiff and Counterclaim Defendant Apple Inc. ("Apple") hereby submits its Opposition to Defendant's Motion for Administrative Relief Extending Pretrial Deadlines. Podfitness, Inc.'s ("Podfitness" or "Defendant") failure to conduct adequate discovery does not merit an extension of pretrial deadlines in this already prolonged litigation. Furthermore, Podfitness' refusal to comply with Apple's longstanding deposition notices should not be rewarded by granting it further time beyond the discovery cut-off to conduct its own depositions. Granting Podfitness' Motion would simply allow Podfitness to further delay a decision on the merits of this case, and to continue its infringing behavior for an additional period of time. For these reasons, Apple opposes Podfitness' motion to extend the trial dates set by this Court.

## I. ARGUMENT

This is not the first time Podfitness has attempted to wrongfully delay the litigation of this case while it continues its infringing and diluting conduct. [Miclean Decl. ¶ 2.] Apple initially requested a trial date in June 2008 (which the court granted), while Podfitness proposed a trial date in November of 2008. Since the trial date was set, Podfitness filed two separate motions to stay the litigation, the former of which was rejected by this Court on May 10, 2007. [Miclean Decl. ¶ 2.] Additionally, on September 26, 2007, Podfitness' then-in-house attorney Steve Hutchinson filed a declaration purporting to support a motion to stay the case. [Miclean Decl. ¶ 3.] This stand-alone declaration represented an invalid attempt to request a stay from the Court under Local Rules 7-1 and 7-2 (requiring a party seeking to stay a case to file a notice of the motion, set a date and time of hearing, and submit a memorandum of points and authorities). *Id.*

This present eleventh-hour effort to lengthen the trial schedule in this case is especially egregious in view of Podfitness' actions over the past five months. In July 2007, Podfitness ceased all discovery and essentially shut down all substantive communications with Apple for a period of *five months*. During this time, Podfitness had more than ample opportunity to notice and conduct multiple depositions and to serve additional written discovery. In its Motion, Podfitness rationalizes its inaction by stating that additional issues have been raised by Apple's First Amended Complaint and Podfitness' Answer and Counterclaim. [Motion, p.1:28-p.2:1-6.]

Yet Apple filed its First Amended Complaint over *four months ago*, on August 1, 2007, and Podfitness filed its Answer and Counterclaim on August 31, 20007. Podfitness further argues that it did not receive the bulk of Apple's document production until July 2007. [Motion, p.3:28-p.4-1.] Again, this was over five months ago. Why did Podfitness choose to ignore all discovery issues during the interim time period, and wait until immediately prior to the discovery cut-off to seek an extension? Podfitness is simply seeking a bail-out from the Court for its negligent defense of this case, and the Court should not reward such procrastination.

In addition to Podfitness' utter failure to conduct its own discovery after the filing of the First Amended Complaint and Counterclaim, Podfitness has been actively obstructing Apple's own attempts to gather information. For a period of *five months*, Podfitness took every conceivable step to prevent Apple from scheduling the depositions of Teri Sundh and Jeff Hays. Finally, Apple was forced to file a Motion to Compel the Depositions of Jeff Hays and Teri Sundh, and the Court granted Apple's motion on December 10, 2007. [Miclean Decl. ¶ 4.]

The timeline leading up to the successful Motion to Compel is indicative of the pattern of delay and lack of cooperation that Podfitness has exhibited throughout this litigation. First, Podfitness failed to respond each and every time to Apple's numerous attempts to meet and confer regarding mutually convenient dates to schedule the depositions. [Miclean Decl. ¶ 5.] On July 27, 2007, Apple formally noticed the depositions of Teri Sundh and Jeff Hays for the dates of September 5-6, 2007. [Miclean Decl. ¶ 5.] On August 22, 2007, Podfitness' outside counsel emailed Apple's outside counsel, stating that they were "still working on coordinating dates for the depositions of Teri Sundh and Jeff Hays that you have noticed for September 5th and 6th." [Miclean Decl. ¶ 6.] Having received no further communication from Podfitness regarding this matter for approximately two weeks, Apple followed up on September 5, 2007 with another email requesting proposed dates for the depositions. [Miclean Decl. ¶ 6.] Podfitness' outside counsel merely responded with a promise to be in touch with Podfitness that week to finalize deposition dates. [Miclean Decl. ¶ 6.]

Following this exchange, Podfitness' counsel did not attempt to communicate with Apple until nearly a month later, on October 2, 2007, when the parties again conversed regarding

Podfitness' motion to stay proceedings and the deposition dates. These dates had still not been finalized, even though the dates for which they were noticed had passed. [Miclean Decl. ¶ 7.] Subsequently, Apple indicated its willingness to stipulate to a 30-day stay of the case so long as Podfitness agreed to set firm deposition dates for Ms. Sundh and Mr. Hays in mid-November. [Miclean Decl. ¶ 7.] Again, Podfitness fell silent. [Miclean Decl. ¶ 7.]

Thus, in the approximately four-month period since Apple issued its deposition notices, Podfitness responded only that the dates were not acceptable, ignored repeated requests to propose alternate dates, and attempted to stay the case (twice) in an effort to further postpone scheduling the depositions. [Miclean Decl. ¶ 5.] During this time period, ***not once*** did Podfitness discuss the possibility of deposing Apple's employees, though it had considerable opportunity to do so. [Miclean Decl. ¶ 8.] During this time period, ***not once*** did Podfitness serve any additional written discovery. The first time Podfitness even informally indicated that it wished to conduct a Rule 30(b)(6) deposition was on December 5, 2007. [Miclean Decl. ¶ 8.] The first time Podfitness mentioned that it wished to extend the discovery period was also on this same date. *Id.*

Podfitness provides no explanation for its sudden departure, merely ***days*** prior to the discovery cut-off in this case, from its strategy of inaction and delay for the past several months. What is certain is that after an extended period of uncooperative behavior, Podfitness is now attempting to sand-bag Apple by abruptly, and without warning, terminating all settlement discussions and issuing requests for further discovery. Such actions represent last-minute gamesmanship, pure and simple, and should be discouraged by the Court.

**II.     CONCLUSION**

For all of the above reasons, Podfitness' Motion for Administrative Relief Extending Pretrial Deadlines should be denied.

| | | |
|---|---|---|
| Dated: December 13, 2007 | | FISH & RICHARDSON P.C. |
| | | By: /s/ David J. Miclean/<br>David J. Miclean |
| | | Attorneys for Plaintiff<br>APPLE INC. |

# PROOF OF SERVICE

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On December 13, 2007, I caused a copy of the following document(s):

**APPLE INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF EXTENDING PRETRIAL DEADLINES**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| James M. Wagstaffe<br>Kerr & Wagstaffe LLP<br>100 Spear Street, Suite 1800<br>San Francisco, CA 94105-1528<br>Telephone: (415) 371-8500<br>Facsimile: (415) 371-0500 | Attorneys For Defendant<br>PODFITNESS, INC. |
| James E. Magleby<br>Jason A. McNeill<br>Magleby & Greenwood, P.C.<br>170 South Main Street, Suite 350<br>Salt Lake City, UT 84101-3606<br>Telephone: (801) 359-9000<br>Facsimile: (801) 359-9011 | Attorneys For Defendant<br>PODFITNESS, INC. |

[X] **MAIL:** Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

[ ] **ELECTRONIC MAIL:** Such document was transmitted by electronic mail to the addressees' email addresses as stated above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on December 13, 2007, at San Diego, California.

/s/Nicole C. Pino
Nicole C. Pino