David J. Miclean (#115098/miclean@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff and
Counterclaim Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> PODFITNESS, INC., and DOES 1-100, inclusive, <br><br> Defendants. | Case No. C 06-5805 SBA <br><br> **APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH PODFITNESS' NOTICE OF DEPOSITION UNDER RULE 30(b)(6)** <br><br> Date: <br> Time: <br> Courtroom: A, 15th Floor <br> Judge: Honorable Joseph C. Spero |
| PODFITNESS, INC., <br><br> Counterclaim Plaintiff <br><br> v. <br><br> APPLE INC., <br><br> Counterclaim Defendant | |

1

APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH
PODFITNESS' NOTICE OF DEPOSITION UNDER RULE 30(b)(6)
Case No. C 06-5805 SBA

Dockets.Justia.com

TO DEFENDANT PODFITNESS, INC. ("PODFITNESS") AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that before the Honorable Joseph C. Spero, Plaintiff Apple Inc. ("Apple") will move this Court for an order granting its Motion To Quash Podfitness' Notice Of Deposition Under Rule 30(b)(6) (attached hereto as **Exhibit A**). The motion will be based upon this Notice of Motion and Motion, the Declaration of Lisa M. Martens, the pleadings and documents on file in this case and on any evidence as may be presented at the hearing on this motion.

Because of the timing of Podfitness' proposed deposition, which has been noticed for December 13, 2007, Apple requests that the hearing for this motion be conducted telephonically and scheduled on an expedited basis. If the Court requires additional time for the review of the motion and Podfitness' opposition (if any), Apple requests that Podfitness' Notice Of Deposition Under Rule 30(b)(6) be set aside until a ruling is made at the later scheduled hearing.

## I. ARGUMENT

### A. Podfitness' Deposition Notice Should Be Quashed Because It Is Unreasonable and Untimely.

Federal Rule of Civil Procedure 30 requires that "[a] party desiring to take the deposition of any person upon oral examination shall give *reasonable notice* in writing to every other party to the action." (emphasis added). Far from providing the reasonable notice required by Rule 30, Podfitness unilaterally, and without consultation with Apple's counsel in violation of Civil L.R. 30-1[1], served notice on December 7, 2007, for the deposition of Apple's corporate representative on December 13, 2007, giving Apple only ***six days notice*** of the deposition. Moreover, the noticed date is a mere ***one day*** prior to the discovery cut-off for this case.

In *Ultratech, Inc. v. Tamarack Scientific Co.*, 2005 WL 696979, *1 (N.D. Cal. 2005), this Court previously interpreted the requirement of "reasonable notice" set forth in Federal Rule of Civil Procedure 30 under similar circumstances. In that case, the defendant also failed to abide

---

[1] Civil L.R. 30-1 provides: "For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel..."

by Civil L.R. 30-1 and unilaterally noticed two depositions, the latter set for the date of discovery cut-off, a mere *six days* after the notice. The Court held that such notice was *not* reasonable, and rejected the defendant's request to take the depositions. *Id.* See also Federal Civil Procedure Before Trial, 11-164 (2007) (10 days is minimum "reasonable" notice); *In re Sulfuric Acid Antitrust Litig.*, 231 FRD 320, 327 (N.D. Ill. 2005) (10 days notice not reasonable where the case is complex and the depositions are to occur just before the discovery cut-off).

The lack of consultation and reasonable notice on the part of Podfitness is especially egregious in view of its actions over of the past four months. As a point of comparison, Apple has been attempting to take the depositions of Podfitness' key employees for the past *four months*, since July 2007. However, Podfitness failed to respond each and every time to Apple's numerous attempts to meet and confer regarding mutually convenient dates to schedule the depositions. [Martens Decl. ¶ 2.] On July 27, 2007, Apple formally noticed the depositions of Teri Sundh and Jeff Hays for the dates of September 5-6, 2007. [Martens Decl. ¶ 2.]

On August 22, 2007, Podfitness' outside counsel emailed Apple's outside counsel, stating that they were "still working on coordinating dates for the depositions of Teri Sundh and Jeff Hays that you have noticed for September 5th and 6th." [Martens Decl. ¶ 3.] Having received no further communication from Podfitness regarding this matter for approximately two weeks, Apple followed up on September 5, 2007 with another email requesting proposed dates for the depositions. [Martens Decl. ¶ 3.] Podfitness' outside counsel merely responded with a promise to be in touch with Podfitness that week to finalize deposition dates. [Martens Decl. ¶ 3.]

Following this exchange, Podfitness counsel ceased all communications with Apple. Nearly a month later, on October 2, 2007, the parties again conversed regarding Podfitness' motion to stay proceedings and the deposition dates, which had still not been finalized, even though the dates for which they were noticed had passed. [Martens Decl. ¶ 4.] Subsequently, Apple indicated its willingness to stipulate to a 30-day stay of the case so long as Podfitness agreed to set firm deposition dates for Ms. Sundh and Mr. Hays in mid-November. [Martens Decl. ¶ 4.] Again, Podfitness fell silent. [Martens Decl. ¶ 4.] Finally, Apple was forced to file a

Motion to Compel the Depositions of Jeff Hays and Teri Sundh, and the Court granted Apple's motion on December 10, 2007. [Martens Decl. ¶ 5.]

As shown by the timeline above, Podfitness has time and time again refused or utterly ignored even the most reasonable requests. In the approximately four months since Apple issued its deposition notices, Podfitness responded only that the dates are not acceptable, ignored repeated requests to propose alternate dates, and attempted to stay the case in an effort to further postpone scheduling the depositions. [Martens Decl. ¶ 2.] During this time period, *not once* did Podfitness discuss the possibility of deposing Apple's employees, though it had ample opportunity to do so. [Martens Decl. ¶ 6.] The first time Podfitness even informally indicated that it wished to conduct a Rule 30(b)(6) deposition was on December 5, 2007. [Martens Decl. ¶ 6.]

Podfitness provides no explanation for its sudden departure, a mere week prior to the discovery cut-off in this case, from its strategy of inaction and delay for the past four months. What is certain is that after months of uncooperative behavior, Podfitness is now attempting to sand-bag Apple by presenting it with an unreasonable and unrealistic time-frame for the preparation of an appropriate witness to be deposed as Apple's corporate representative. Apple respectfully requests that the Court discourage such last-minute gamesmanship and quash Podfitness' untimely Deposition Notice.

**B.  Podfitness' Deposition Notice Should Be Quashed Because It Is Overbroad and Requests Privileged Information.**

Apple further requests that the Court quash Podfitness' untimely Notice of Deposition under Rule 30(b)(6) as it is overly broad, oppressive, unduly burdensome, seeks information that is not relevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Apple objects to Podfitness' Notice of Deposition under Rule 30(b)(6) to the extent it seeks information protected from disclosure by the attorney-client privilege, information protected from disclosure by the work-product doctrine, trial preparation materials protected under Fed. R. Civ. P. 26(b)(3), or information protected from disclosure by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or any other applicable

privilege, immunity, protection, statute, or case law.  Should the Court grant Podfitness the opportunity to take the deposition of Apple's corporate representative, Apple does not waive any objections and reserves the right to set forth detailed objections to the form and content of Podfitness' Notice of Deposition under Rule 30(b)(6).

## II.  CONCLUSION

According to the foregoing facts and legal authority, the six days notice provided by Podfitness is not a reasonable time period in which Apple's counsel could identify and prepare a corporate representative to testify as to the topics set forth by Podfitness.  Therefore, this Court should quash Podfitness's untimely Deposition Notice.

Dated:  December 13, 2007                    FISH & RICHARDSON P.C.


                                             By:  /s/ Lisa M. Martens/
                                                  Lisa M. Martens

                                             Attorneys for Plaintiff
                                             APPLE INC.

10793903.doc

# **PROOF OF SERVICE**

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On December 13, 2007, I caused a copy of the following document(s):

**APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH PODFITNESS' NOTICE OF DEPOSITION UNDER RULE 30(b)(6)**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| James M. Wagstaffe<br>Kerr & Wagstaffe LLP<br>100 Spear Street, Suite 1800<br>San Francisco, CA 94105-1528<br>Telephone: (415) 371-8500<br>Facsimile: (415) 371-0500 | Attorneys For Defendant<br>PODFITNESS, INC. |
| James E. Magleby<br>Jason A. McNeill<br>Magleby & Greenwood, P.C.<br>170 South Main Street, Suite 350<br>Salt Lake City, UT 84101-3606<br>Telephone: (801) 359-9000<br>Facsimile: (801) 359-9011 | Attorneys For Defendant<br>PODFITNESS, INC. |

[X] **MAIL:** Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

[ ] **ELECTRONIC MAIL:** Such document was transmitted by electronic mail to the addressees' email addresses as stated above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on December 13, 2007, at San Diego, California.

/s/Nicole C. Pino
Nicole C. Pino