# Exhibit A

JAMES M. WAGSTAFFE (95535)
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Fax: (415) 371-0500

JAMES E. MAGLEBY (*pro hac vice* application pending)
JASON A. MCNEILL (*pro hac vice* application pending)
**MAGLEBY & GREENWOOD, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101
Telephone: (801) 359-9000
Fax: (801) 359-9011

ATTORNEYS FOR DEFENDANT
PODFITNESS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| APPLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> PODFITNESS, INC., and DOES 1-100, Inclusive <br><br> Defendants. | Case No. 4:06-cv-05805 SBA <br><br> **FED. R. CIV. P. 30(b)(6) DEPOSITION NOTICE OF APPLE, INC.** |

PLEASE TAKE NOTICE that Defendant and Counterclaim Plaintiff Podfitness, Inc. ("Podfitness"), by and through counsel of record MAGLEBY & GREENWOOD, P.C. and KERR & WAGSTAFFE, LLP, will take the deposition of Apple, Inc. ("Apple") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. In accordance with Rule 30(b)(6), Apple is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the following matters:

1. All facts and documents, including the particular control nos. of any documents upon which Apple intends to rely to support the claim, which support Apple's claim that there is a likelihood of confusion between the mark PODFITNESS and IPOD, including as alleged in ¶¶ 89, 90, and 91 of the First Amended Complaint.

2. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity or any other party to this case, which Apple contends support or reflect actual confusion between the mark PODFITNESS and IPOD, including as alleged in ¶ 91 of the First Amended Complaint.

3. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which support the allegations of ¶ 29, including that "the POD mark has been used by consumers and industry publications as a slang term for the IPOD mark and products."

4. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which support the allegations of ¶ 78 of the First Amended Complaint, that "Defendant's use of the Infringing Marks and Defendant's actions described herein are likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry, and all channels of trade for Apple's IPOD goods and related services."

5. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which support the allegations of ¶ 79 of the First Amended Complaint, that "Defendant's use of the Infringing Marks and Defendant's actions described herein cause dilution of the famous IPOD mark."

6. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which support the allegations of ¶ 81 of the First Amended Complaint, including the assertion that "Apple has sustained and will continue to sustain irreparable injury as a result of Defendant's conduct, which injury is not compensable by the award of monetary damages."

7. All facts and documents, including the particular control nos. of any documents produced by Apple, which support any claim by Apple that is has made commercial use of the term "POD: as a stand-alone mark (as opposed to "IPOD").

8. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which support the statements made to the PTO in the July 16, 2001 "Amendment" filed in response to the PTO's office action.

9. All facts and documents, including the particular control nos. of any documents produced by Apple, which reflect the corporate decision making process which led to the filing of this lawsuit, including without limitation all communications about Podfitness, the Podfitness advertising, the Podfitness reference to Steve Jobs, and every person who was involved in making the decision.

10. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which reflect Apple's licensing of the IPOD mark in general, but in particular all efforts by Apple to police, monitor, or supervise the use of the IPOD mark by any licensee.

—2—
CASE NO. C 06-5805 SBA                                    DEPO. NT. OF APPLE, INC.

11. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which reflect the use of the term "IPOD" by the general public and persons or entities who have not entered into licensing agreements with Apple.

12. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which relate to the dispute between Apple and an entity sometimes known generally as "Apple Records."

13. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which relate to the dispute between Apple and Cisco, over the use by Apple of the term/mark "IPHONE."

14. Apple's damages claims, including without limitation the amount of damages sought for each of Apple's claims in the First Amended Complaint, the particular calculation of each damages figure, and the basis for each element of such calculation. This topic includes, without limitation all general and specific damages categories sought by Apple for each of Apple's claims, including any claim by Apple to actual damages. This topic includes all facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which supports or relates to the alleged damages.

15. All facts and documents, including the particular control nos. of any documents produced by Apple or any other person or entity, which reflect or relate to contacts or communications by Apple or its agents about Podfitness, with any vendors, customers, or other persons or entities with actual or potential business relationships with Podfitness, including without limitation W Hotels; Lifetime Entertainment Services, and Marware.

The Rule 30(b)(6) deposition will be commence on Thursday, December 13, 2007, commencing at 9:00 a.m. and continuing from day-to-day thereafter until completion, at the

CASE NO. C 06-5805 SBA — DEPO. NT. OF APPLE, INC.

offices of KERR & WAGSTAFFE LLP, 100 Spear Street, Suite 1800, San Francisco, CA 94105–1528, Telephone: (415) 371-8500.

The deposition will be conducted pursuant to the Federal Rules of Civil Procedure before a notary public of the state of California or such other officer authorized by law to administer

Dated: December 7, 2007

By /s/
JAMES M. WAGSTAFFE

Attorneys for Defendant, **PODFITNESS, INC.**

31632.doc

# PROOF OF SERVICE

I, Maryann Milla, declare that I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Kerr & Wagstaffe LLP, 100 Spear Street, Suite 1800, San Francisco, California 94105.

On, December 7, 2007 I served the following document(s):

1. **FED. R. CIV. P. 30(b)(6) DEPOSITION NOTICE OF APPLE, INC.**

on the parties listed below as follows:

| | |
|---|---|
| David J. Miclean<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>miclean@fr.com | Lisa M. Martens<br>Andrew M. Abrams<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, CA 92130<br>martens@fr.com |
| William S. Farmer<br>Jacob Alpern<br>Collette Erickson Farmer & O'Neill LLP<br>235 Pine Street, Suite 1300<br>San Francisco, CA 94104-2733<br>wfarmer@collette.com | Charles J. Veverka<br>Robert A. Aycock<br>Mark W. Ford<br>Brett I. Johson<br>Workman, Nydegger & Seeley P.C.<br>1000 Eagle Gate Tower<br>60 East South Temple<br>Salt Lake City, UT 84111<br>cveverka@wnlaw.com |
| James E. Magleby<br>Jason A. McNeill<br>Magleby & Greenwood, P.C.<br>170 South Main Street, Suite 350<br>Salt Lake City, Utah 84101<br>jmagleby@MGPCLAW.com | |

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at San Francisco, California.

☒ **By electronic email:** wfarmer@collette.com; martens@fr.com, pino@fr.com; cveverka@wnlaw.com; jwarner@wnlaw.com; jmagleby@MGPCLAW.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 7, 2007, at San Francisco, California.

_____
MARYANN MILLA

PROOF OF SERVICE