David J. Miclean (#115098/miclean@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff and
Counterclaim Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| APPLE INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>PODFITNESS, INC., and DOES 1-100, inclusive,<br><br>       Defendants.<br><br>PODFITNESS, INC.,<br><br>       Counterclaim Plaintiff<br><br>  v.<br><br>APPLE INC.,<br><br>       Counterclaim Defendant | Case No. C 06-5805 SBA<br><br>**DECLARATION OF LISA M. MARTENS IN SUPPORT OF APPLE INC.'S MOTION TO QUASH PODFITNESS' NOTICE OF DEPOSITION UNDER RULE 30(b)(6)**<br><br>Date:<br>Time:<br>Courtroom: A, 15th Floor<br>Judge: Honorable Joseph C. Spero |

I, Lisa M. Martens, declare as follows:

1. I am a principal of Fish & Richardson P.C., counsel of record in this action for

1     DECLARATION OF LISA M. MARTENS IN SUPPORT OF APPLE INC.'S MOTION TO QUASH PODFITNESS' NOTICE OF DEPOSITION UNDER RULE 30(b)(6)

Dockets.Justia.com

Apple Computer, Inc. ("Apple"). I am a member of the Bar of the State of California and am admitted to this Court. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2. After Defendant's outside counsel failed to return multiple voice and email messages attempting to meet and confer regarding scheduling the depositions of Defendant's employees, on July 27, 2007 Apple noticed the depositions of Defendant's CEO, Teri Sundh, and its President, Jeff Hays. The depositions were noticed for the dates of September 5-6, 2007. In the three months after Apple issued the notices, Defendant stated only that the dates are not acceptable, ignored repeated requests to propose alternate dates, and attempted to stay the case in an effort to further postpone the depositions.

3. On August 22, 2007 Defendant's outside counsel emailed my firm, stating that they were "still working on coordinating dates for the depositions of Teri Sundh and Jeff Hays that you have noticed for September 5th and 6th." We followed up on September 5, 2007 with another email requesting proposed dates for the depositions. Defendant's outside counsel responded on that day with a promise to be in touch with Podfitness that week to get deposition dates. Defendant did not attempt to get in touch with Apple after this communication.

4. On October 2, 2007, we discussed with Podfitness' then-in-house counsel, Steve Hutchinson, Podfitness' motion to stay proceedings and the deposition dates, which had still not been finalized, even though the dates for which they were noticed had passed. On October 3, 2007, we sent an email to Mr. Hutchinson, recapping the October 2, 2007 conversation. In the email, we stated our willingness to stipulate to a 30-day stay of the case so long as Podfitness agreed to set firm deposition dates for Ms. Sundh and Mr. Hays in mid-November. Then, on October 4, 2007, Mr. Hutchinson replied to this email, stating that Podfitness would evaluate the offer and get back to us with its answer shortly. Having received no further answer from Podfitness regarding our proposal, Apple was forced to file an opposition to Podfitness' motion to stay.

5. Apple was forced to file a Motion to Compel the Depositions of Jeff Hays and Teri Sundh on October 30, 2007, and the Court granted Apple's motion on December 10, 2007.

1       6.     From July 2007 until December 5, 2007, not once did Podfitness discuss the possibility of deposing Apple's employees, though it had ample opportunity to do so.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed this 13th day of December, 2007, at San Diego, California.

      /s/ Lisa M. Martens  
      Lisa M. Martens

10793937.doc

# PROOF OF SERVICE

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On December 13, 2007, I caused a copy of the following document(s):

**DECLARATION OF LISA M. MARTENS IN SUPPORT OF APPLE INC.'S MOTION TO QUASH PODFITNESS' NOTICE OF DEPOSITION UNDER RULE 30(b)(6)**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| James M. Wagstaffe<br>Kerr & Wagstaffe LLP<br>100 Spear Street, Suite 1800<br>San Francisco, CA 94105-1528<br>Telephone: (415) 371-8500<br>Facsimile: (415) 371-0500 | Attorneys For Defendant<br>PODFITNESS, INC. |
| James E. Magleby<br>Jason A. McNeill<br>Magleby & Greenwood, P.C.<br>170 South Main Street, Suite 350<br>Salt Lake City, UT 84101-3606<br>Telephone: (801) 359-9000<br>Facsimile: (801) 359-9011 | Attorneys For Defendant<br>PODFITNESS, INC. |

[X] **MAIL:** Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

[ ] **ELECTRONIC MAIL:** Such document was transmitted by electronic mail to the addressees' email addresses as stated above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on December 13, 2007, at San Diego, California.

/s/Nicole C. Pino
Nicole C. Pino