# Exhibit 6

1  FOLGER LEVIN & KAHN LLP
   Michael A. Kahn (SB# 057432, mkahn@flk.com)
2  Gregory D. Call (SB# 120483, gcall@flk.com)
   Michael F. Kelleher (SB# 165493, mkelleher@flk.com)
3  Beatrice B. Nguyen (SB# 172961, bnguyen@flk.com)
   Embarcadero Center West
4  275 Battery Street, 23rd Floor
   San Francisco, CA  94111
5  Telephone: (415) 986-2800
   Facsimile: (415) 986-2827
6
   Attorneys for Plaintiffs
7  CISCO SYSTEMS, INC., CISCO TECHNOLOGY, INC.,
   and CISCO-LINKSYS LLC
8

9

10            UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12                    C 07  0198

13  CISCO SYSTEMS, INC., a California            Case No.
    Corporation; CISCO TECHNOLOGY, INC., a
14  California Corporation; CISCO-LINKSYS LLC,    **COMPLAINT FOR**
    a California Limited Liability Corporation,   **TRADEMARK INFRINGEMENT,**
15                                                **UNFAIR COMPETITION, FALSE**
                          Plaintiffs,             **DESCRIPTION, AND INJURY TO**
16                                                **BUSINESS REPUTATION**
           v.
17                                                **DEMAND FOR JURY TRIAL**
    APPLE INC., a California Corporation, formerly
18  known as APPLE COMPUTER, INC.,

19                        Defendant.

20

21

22

23

24

25

26

27

28

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE
DESCRIPTION, AND INJURY TO BUSINESS REPUTATION; CASE NO.

1    Plaintiffs CISCO SYSTEMS, INC., CISCO TECHNOLOGY, INC., and CISCO-

2  LINKSYS LLC (hereinafter "Plaintiffs" or "Cisco"), by their attorneys, as and for their

3  Complaint against Defendant, APPLE INC., allege as follows:

4

5                          **I.      JURISDICTION AND VENUE**

6          1.      This is a complaint for Trademark Infringement, Unfair Competition, and False

7  Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark

8  Infringement) and 1125(a) (Unfair Competition and False Description), for Unfair Business

9  Practice arising under California Business and Professions Code § 17200 *et seq*., and for injury

10  to business reputation.

11          2.      This Court has original subject matter jurisdiction over this action pursuant to

12  28 U.S.C. § 1338(a) and 15 U.S.C. § 1121.  This Court has related claim jurisdiction over the

13  state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

14          3.      This Court has personal jurisdiction over the defendant Apple Inc. because Apple

15  maintains its principal place of business in the State of California.

16          4.      Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a

17  substantial part of the events or omissions giving rise to the claims occurred in this district, a

18  substantial part of the property that is the subject of the action is situated in this district, and the

19  defendant maintains its principal place of business in this district.

20

21                          **II.      INTRADISTRICT ASSIGNMENT**

22          5.      This is a trademark case subject to district-wide assignment under Local

23  Rule 3-2(c).

24

25                          **III.      THE PARTIES**

26          6.      Plaintiff Cisco Systems, Inc. is, and at all times mentioned herein was, a

27  corporation organized and existing under the laws of the State of California, having a principal

28  place of business at 170 W. Tasman Drive, San Jose, California 95134.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE
DESCRIPTION, AND INJURY TO BUSINESS REPUTATION; CASE NO.

1    7.    Plaintiff Cisco Technology, Inc. ("CTI") is, and at all times mentioned herein

2    was, a corporation organized under the laws of the State of California, having a principal place of

3    business at 170 W. Tasman Drive, San Jose, California 95134.

4    8.    Plaintiff Cisco-Linksys LLC is a wholly-owned subsidiary of Cisco Systems

5    headquartered at 121 Theory Drive, Irvine, California 92617.

6    9.    Upon information and belief, Defendant Apple Inc. is, and at all times mentioned

7    herein was, a corporation organized and existing under the laws of the State of California, having

8    a principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple Inc.

9    announced its new name yesterday.  Previously, the company was known as Apple Computer,

10    Inc.

11

12    ## IV.    FACTUAL BACKGROUND

13    10.    Cisco Systems is a pioneer in the invention, sale and marketing of devices

14    which are transforming the way people around the world connect, communicate and collaborate

15    using the Internet and global information networks.  Cisco's products are used every day to

16    transport voice, data and video to and over the Internet.  Cisco came to its position of

17    technological leadership by hard work, substantial investment in research and development

18    and through acquisition of companies with complementary technology.  As a result of its

19    endeavors, Cisco has created and owns valuable intellectual property in the form of patents,

20    trademarks, copyrights and trade secrets.

21    11.    Cisco was among the first companies to see the potential for voice communication

22    using the Internet and other global information networks, commencing internal development

23    efforts in the mid 1990s.  In an interview in the September 15, 1997 edition of CIO Magazine,

24    Cisco's then- and present Chief Executive officer John T. Chambers said he "believes the next

25    step in networking's evolution will be increasing integration of data, voice and video traffic over

26    the Internet."  In 1998, Cisco began acquiring companies which added complementary voice

27    technology to its Internet equipment and internal voice development efforts.  In May, 1998, the

28    company referred to "a three-prong Internet voice strategy."

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE
DESCRIPTION, AND INJURY TO BUSINESS REPUTATION; CASE NO.

12.     Cisco also allied itself very early with pioneers in offering innovative Internet voice services for consumers. One such pioneer was InfoGear Technology Corporation of Redwood City, California.  InfoGear developed and offered to consumers devices which were designed to provide easy access to the Internet without the need for a personal computer.

13.     To identify to its customers its innovative blend of the global information network with a traditional telephone, InfoGear created and, on March 20, 1996, applied to register the iPhone mark with the United States Patent and Trademark Office (the "PTO").  On November 16, 1999, the PTO approved the application and issued a Certificate of Registration under Registration Number 2,293,011.  A copy of the registration certificate is attached as Exhibit A.

14.     Cisco Systems acquired the rights to the iPhone trademark in June 2000, as part of its acquisition of InfoGear Technology Corporation.  Cisco Systems assigned the iPhone mark to CTI, which licenses the iPhone mark to Cisco-Linksys LLC.  The Patent and Trademark Office record reflecting these transfers is attached as Exhibit B.

15.     InfoGear first began selling iPhone-branded devices in 1997.  The original iPhone was a device that combined a telephone and a dialup Internet portal.  Today, Cisco continues to use the iPhone mark for its family of voice over IP telephones and other telephony equipment distributed by Cisco-Linksys LLC.

16.     For most of its existence, Defendant Apple Inc. has been known primarily as a manufacturer of personal computers and software.  In the last several years, Apple has expanded into consumer audio devices and music distribution.  Apple has not—until now—had any presence in the field of internet or telephonic voice services or devices.

17.     Fully aware that Cisco owned the rights to the iPhone mark, Apple first approached Cisco in 2001 about the possibility of acquiring or licensing the rights to iPhone. Apple has continued making such requests to Cisco through the present, including several times in 2006.  Each time, Apple was told that Cisco was not interested in ceding the mark to Apple.

18.     Apparently dissatisfied with Cisco's refusal to allow Apple to use the mark iPhone for products that would conflict directly with Cisco's current use of the mark, Apple

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE
DESCRIPTION, AND INJURY TO BUSINESS REPUTATION; CASE NO.

1    began a surreptitious effort to attempt to obtain rights to use the name "iPhone" in connection

2    with the very products, telephones using cellular voice and data networks, for which it had asked

3    Cisco for rights.

4         19.    On September 26, 2006, an entity calling itself Ocean Telecom Services LLC

5    filed an Intent to Use (ITU) application for the mark iPhone pursuant to 35 U.S.C. § 1051(b).  A

6    copy of the application is attached as Exhibit C.

7         20.    The Ocean Telecom application claimed a priority date of March 27, 2006,

8    pursuant to 35 U.S.C. § 1126(d), based on the filing of application number 37090 in Trinidad and

9    Tobago.

10        21.    On September 19, 2006, Apple filed an application to register the trademark

11   iPhone in Australia.  The IP Australia record reflecting this application is attached as Exhibit D.

12        22.    Like the Ocean Telecom application, Apple's Australian application claimed a

13   priority date of March 27, 2006, based on the filing of application number 37090 in Trinidad and

14   Tobago.

15        23.    The goods and services description in the Ocean Telecom ITU application is

16   practically identical to the description found in Apple's Australian application.

17        24.    Upon information and belief, Ocean Telecom Services LLC is owned or

18   otherwise controlled by Apple and is the alter ego of Apple.

19        25.    Upon information and belief, the Ocean Telecom ITU application is being held up

20   in the United States Patent and Trademark Office because Cisco already has a registration for the

21   same mark.

22        26.    On January 9, 2007, Apple CEO Steve Jobs publicly announced, with great

23   fanfare, the introduction of a new Apple product named "iPhone."  The announcement was made

24   during the keynote speech of the Macworld Conference & Expo, an annual event to exhibit

25   Apple products, which speech receives widespread international press.  Apple's "iPhone"

26   combines MP3 and video playback capabilities with computer hardware and software for

27   providing integrated telephone communication via both cellular networks and computerized

28   global information networks, an internet browser, camera, and personal digital assistant

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE
DESCRIPTION, AND INJURY TO BUSINESS REPUTATION; CASE NO.

1  functions.  Details regarding pricing, availability, and retail distribution partners included with

2  the product announcement demonstrate Apple's use of Cisco's mark in connection with the sale,

3  offering for sale, distribution, or advertising of the Apple product.



14      27.     Apple's use of "iPhone" in its product promotion and advertising at Macworld

15  constitutes the use in commerce of a colorable imitation, copy and reproduction of Cisco's

16  iPhone mark.  Upon information and belief, the two marks will share an identical sight and sound

17  and a strong similarity of meaning.  Apple's use of "iPhone" for a cellular and internet phone

18  device is deceptively and confusingly similar to Cisco's long-standing trademark for an internet-

19  based telephony device.

20      28.     Apple's "iPhone" device will be distributed and sold in the same types of retail

21  channels and to the same classes of purchasers as Cisco's iPhone family of products and

22  services.

23      29.     Apple's use of Cisco's mark is likely to cause confusion, mistake, or deception in

24  the minds of the public.

25      30.     Apple's infringement constitutes a willful and malicious violation of Cisco's

26  trademark rights, aimed at preventing Cisco from continuing to build a business around a mark

27  that it has long possessed.

28  / / /

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE
DESCRIPTION, AND INJURY TO BUSINESS REPUTATION; CASE NO.

1

**FIRST CLAIM**
2    **TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32**

3          31.       Plaintiffs repeat and hereby incorporate herein by reference, as though

4    specifically pleaded herein, the allegations of paragraphs 1 through 30.

5          32.       Apple's use of the iPhone brand name comprises an infringement of Cisco's

6    registered trademark iPhone and is likely to cause confusion, mistake and deception of the public

7    as to the identity and origin of Cisco's goods, causing irreparable harm to Cisco for which there

8    is no adequate remedy at law.

9          33.       By reason of the foregoing acts, Apple is liable to Cisco for trademark

10   infringement under 15 U.S.C. § 1114.

11

**SECOND CLAIM**
12   **UNFAIR COMPETITION UNDER LANHAM ACT § 43**

13         34.       Plaintiffs repeat and hereby incorporate herein by reference, as though

14   specifically pleaded herein, the allegations of paragraphs 1 through 33.

15         35.       Apple's use of the iPhone mark to promote, market, or sell telephony products or

16   services in direct competition with Cisco's iPhone products and services constitutes Unfair

17   Competition pursuant to 15 U.S.C. § 1125(a).  Apple's use of the iPhone mark is likely to cause

18   confusion, mistake, and deception among consumers.  Apple's unfair competition has caused and

19   will continue to cause damage to Cisco, and is causing irreparable harm to Cisco for which there

20   is no adequate remedy at law.

21

22         **THIRD CLAIM**
     **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS**
23   **AND PROFESSIONS CODE § 17200 *et seq.***

24         36.       Plaintiffs repeat and hereby incorporate herein by reference, as though

25   specifically pleaded herein, the allegations of paragraphs 1 through 35.

26         37.       Apple's actions discussed herein constitute unfair competition within the meaning

27   of California Business and Professions Code § 17200.

28   / / /

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE
DESCRIPTION, AND INJURY TO BUSINESS REPUTATION; CASE NO.

1    38.    Pursuant to California Business and Professions Code § 17203, Cisco is entitled

2    to preliminary and permanent injunctive relief ordering Apple to cease this unfair competition, as

3    well as disgorgement of all of Apple's profits associated with this unfair competition.

4

5                                    **FOURTH CLAIM**
                                 **FALSE DESCRIPTION**

6

7    39.    Plaintiffs repeat and hereby incorporate herein by reference, as though

8    specifically pleaded herein, the allegations of paragraphs 1 through 38.

9    40.    Apple's iPhone mark is such a colorable imitation and copy of Cisco's trademark

10   established in the market for telephony-related consumer products that Apple's use thereof in the

11   context of cellular phone devices is likely to create confusion, or to cause mistake, or to deceive

12   consumers as to the affiliation, connection or association of Cisco's products, or to deceive

13   consumers as to the origin, sponsorship or approval of Cisco's products.

14   41.    Cisco avers that Apple's use of the term iPhone comprises a false description or

15   representation of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the

16   Lanham Act).

17

18                                    **FIFTH CLAIM**
                   **COMMON LAW INJURY TO BUSINESS REPUTATION**

19

20   42.    Plaintiffs repeat and hereby incorporate herein by reference, as though

21   specifically pleaded herein, the allegations of paragraphs 1 through 41.

22   43.    Cisco alleges that Apple's use of Cisco's trademark inures and creates a

23   likelihood of injury to Cisco's business reputation because persons encountering Cisco and its

24   products and services will believe that Cisco is affiliated with or related to or has the approval of

25   Apple, and any adverse reaction by the public to Apple and the quality of its products and the

26   nature of its business will injure the business reputation of Cisco and the goodwill that it enjoys

27   in connection with its iPhone trademark.

28   / / /

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE
DESCRIPTION, AND INJURY TO BUSINESS REPUTATION; CASE NO.

1    WHEREFORE, Plaintiffs pray:

2    1.    That Defendant Apple Inc. and its agents, officers, employees, representatives,

3    successors, assigns, attorneys and all other persons acting for, with, by, through or under

4    authority from Defendant, and each of them, be preliminarily and permanently enjoined from:

5    (a)    using Cisco's trademark depicted in Exhibit A, or any colorable imitation

6    thereof;

7    (b)    using any trademark that imitates or is confusingly similar to or in any

8    way similar to Cisco's trademark iPhone, or that is likely to cause confusion, mistake, deception,

9    or public misunderstanding as to the origin of Cisco's products or their connectedness to

10    Defendant.

11    2.    That Defendant be required to file with the Court and serve on Cisco within

12    thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail

13    the manner and form in which Defendant has complied with the Injunction;

14    3.    That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages

15    suffered by Cisco resulting from the acts alleged herein;

16    4.    That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to Cisco

17    for any and all profits derived by it from its illegal acts complained of herein;

18    5.    That the Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for

19    destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising,

20    promotional material or the like in possession, custody or under the control of Defendant bearing

21    a trademark found to infringe Cisco's iPhone trademark rights, as well as all plates, matrices, and

22    other means of making the same;

23    6.    That the Court declare this to be an exceptional case and award Cisco its full costs

24    and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

25    7.    That the Court grant Cisco any other remedy to which it may be entitled as

26    provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

27    / / /

28    / / /

8

1    8.    For such other and further relief as the Court deems just and proper.

2

3    Dated:  January 10, 2007                    FOLGER LEVIN & KAHN LLP

4                                               *Michael A. Kahn* (signature)

5                                               Michael A. Kahn
                                                Attorneys for Plaintiffs
6                                        Cisco Systems, Inc., Cisco Technology, Inc.,
                                                and Cisco-Linksys LLC
7

8

9                            **JURY DEMAND**

10    Plaintiffs hereby demand a trial by jury of all issues triable before a jury.

11

12    Dated:  January 10, 2007                    FOLGER LEVIN & KAHN LLP

13                                               *Michael A. Kahn* (signature)

14                                               Michael A. Kahn
                                                Attorneys for Plaintiffs
15                                       Cisco Systems, Inc., Cisco Technology, Inc.,
                                                and Cisco-Linksys LLC
16

17

18          **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

19    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

20    named parties, there is no such interest to report.

21

22    Dated:  January 10, 2007                    FOLGER LEVIN & KAHN LLP

23                                               *Michael A. Kahn* (signature)

24                                               Michael A. Kahn
                                                Attorneys for Plaintiffs
25                                       Cisco Systems, Inc., Cisco Technology, Inc.,
                                                and Cisco-Linksys LLC
26

27    00001\0079\529062.1

28

---

9

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE
DESCRIPTION, AND INJURY TO BUSINESS REPUTATION; CASE NO.

# EXHIBIT A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

**United States Patent and Trademark Office**

Reg. No. 2,293,011

Registered Nov. 16, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## IPHONE

INFOGEAR TECHNOLOGY CORPORATION
(CALIFORNIA CORPORATION)
1775 WOODSIDE ROAD
REDWOOD CITY, CA 94061

FOR: COMPUTER HARDWARE AND SOFT-WARE FOR PROVIDING INTEGRATED TELE-PHONE COMMUNICATION WITH COMPUTER-IZED GLOBAL INFORMATION NETWORKS , IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).
FIRST USE 6–6–1997; IN COMMERCE 6–6–1997.

SN 75–076,573, FILED 3–20–1996.

RUSS HERMAN, EXAMINING ATTORNEY

# EXHIBIT B



### United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > **Trademark Query**

# Trademark Assignment Abstract of Title

**Total Assignments: 7**
**Serial #:** <u>75076573</u>     **Filing Dt:** 03/20/1996          **Reg #:** <u>2293011</u>          **Reg. Dt:** 11/16/1999
**Registrant:** INFOGEAR TECHNOLOGY CORPORATION
**Mark:** IPHONE

**Assignment: 1**
**Reel/Frame:** <u>1678/0099</u>     **Received:** 01/27/1998          **Recorded:** 01/09/1998          **Pages:** 4
**Conveyance:** CHANGE OF NAME
**Assignor:** <u>ACKERMAN ACQUISITION CORPORATION</u>                    **Exec Dt:** 03/27/1996
                                                                       **Entity Type:** CORPORATION
                                                                       **Citizenship:** CALIFORNIA

**Assignee:** <u>INFOGEAR TECHNOLOGY CORPORATION</u>          **Entity Type:** CORPORATION
          1775 WOODSIDE ROAD                             **Citizenship:** CALIFORNIA
          REDWOOD CITY, CALIFORNIA 94061
**Correspondent:** HOWARD, RICE, NEMEROVSKI, ET AL.
          SHIRLEY J. SU
          THREE EMBARCADERO CENTER
          7TH FLOOR
          SAN FRANCISCO, CALIFORNIA 94111

**Assignment: 2**
**Reel/Frame:** <u>1785/0504</u>     **Received:** 09/09/1998          **Recorded:** 09/03/1998          **Pages:** 11
**Conveyance:** SECURITY AGREEMENT
**Assignor:** <u>INFOGEAR TECHNOLOGY CORPORATION</u>                    **Exec Dt:** 07/31/1998
                                                                       **Entity Type:** CORPORATION
                                                                       **Citizenship:** DELAWARE

**Assignee:** <u>SILICON VALLEY BANK</u>                      **Entity Type:** CORPORATION
          3003 TASMAN DRIVE                               **Citizenship:** DELAWARE
          SANTA CLARA, CALIFORNIA 95054
**Correspondent:** SILICON VALLEY BANK
          JOSEPHINE M. CARINO
          3003 TASMAN DRIVE, NC816
          SANTA CLARA, CA 95054

**Assignment: 3**
**Reel/Frame:** <u>1835/0375</u>     **Received:** 01/05/1999          **Recorded:** 12/31/1998          **Pages:** 21
**Conveyance:** SECURITY INTEREST
**Assignor:** <u>INFOGEAR TECHNOLOGY CORPORATION</u>                    **Exec Dt:** 10/21/1998
                                                                       **Entity Type:** CORPORATION
                                                                       **Citizenship:** NONE

**Assignee:** <u>SILICON VALLEY BANK</u>                      **Entity Type:** CORPORATION
          3003 TASMAN DRIVE                               **Citizenship:** CALIFORNIA
          SANTA CLARA, CALIFORNIA 95054

Correspondent: SILICON VALLEY BANK
MAGGIE GARCIA
3003 TASMAN DRIVE
SANTA CLARA, CA 95054

**Assignment: 4**

Reel/Frame: <u>2133/0678</u>    **Received:** 09/13/2000    **Recorded:** 08/15/2000    **Pages:** 12

Conveyance: MERGER

Assignor: <u>INFOGEAR TECHNOLOGY CORPORATION</u>    **Exec Dt:** 06/05/2000
**Entity Type:** CORPORATION
**Citizenship:** CALIFORNIA

Assignee: <u>CISCO SYSTEMS, INC.</u>    **Entity Type:** CORPORATION
170 WEST TASMAN DRIVE    **Citizenship:** CALIFORNIA
SAN JOSE, CALIFORNIA 95134-1706

Correspondent: COOLEY GODWARD LLP
JANET L. CULLUM
FIVE PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

**Assignment: 5**

Reel/Frame: <u>2421/0265</u>    **Received:** 01/14/2002    **Recorded:** 01/07/2002    **Pages:** 5

Conveyance: ASSIGNS THE ENTIRE INTEREST

Assignor: <u>CISCO SYSTEMS, INC.</u>    **Exec Dt:** 07/30/2001
**Entity Type:** CORPORATION
**Citizenship:** NONE

Assignee: <u>CISCO TECHNOLOGY, INC.</u>    **Entity Type:** CORPORATION
170 WEST TASMAN    **Citizenship:** CALIFORNIA
SAN JOSE, CALIFORNIA 95134

Correspondent: BROBECK, PHLEGER & HARRISON, LLP
ROCHELLE D. ALPERT
SPEAR STREET TOWER
ONE MARKET
SAN FRANCISCO, CA 94105

**Assignment: 6**

Reel/Frame: <u>3198/0622</u>    **Received:** 08/01/2005    **Recorded:** 07/29/2005    **Pages:** 2

Conveyance: RELEASE BY SECURED PARTY

Assignor: <u>SILICON VALLEY BANK</u>    **Exec Dt:** 07/22/2005
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

Assignee: <u>INFOGEAR TECHNOLOGY CORPORATION</u>    **Entity Type:** CORPORATION
170 W TASMAN DRIVE    **Citizenship:** NONE
SAN JOSE, CALIFORNIA 95134

Correspondent: SILICON VALLEY BANK
LOAN DOCUMENTATION HA155
3003 TASMAN DR.
SANTA CLARA, CA 95054

**Assignment: 7**

**Reel/Frame:** 3198/0624    **Received:** 08/01/2005    **Recorded:** 07/29/2005    **Pages:** 2

**Conveyance:** RELEASE BY SECURED PARTY

**Assignor:** SILICON VALLEY BANK

**Exec Dt:** 07/22/2005

**Entity Type:** CORPORATION

**Citizenship:** DELAWARE

**Assignee:** INFOGEAR TECHNOLOGY CORPORATION
170 W TASMAN DRIVE
SAN JOSE, CALIFORNIA 95134

**Entity Type:** CORPORATION

**Citizenship:** NONE

**Correspondent:** SILICON VALLEY BANK
3003 TASMAN DR.
LOAN DOCUMENTATION HA155
SANTA CLARA, CA 95054

Search Results as of: 01/08/2007 06:43 PM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350.

Web interface last modified: July 26, 2006 v.1.10

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

# EXHIBIT C

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 77007808**
**Filing Date: 09/26/2006**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77007808 |
| **MARK INFORMATION** | |
| *MARK | iPhone |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | iPhone |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Ocean Telecom Services LLC |
| *STREET | 1209 Orange Street |
| INTERNAL ADDRESS | Corporation Trust Center, Room 123 |
| *CITY | Wilmington |
| *STATE (Required for U.S. applicants) | Delaware |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 19801 |
| EMAIL ADDRESS | jjohnstonoctelecom@gmail.com |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | LIMITED LIABILITY COMPANY |
| *STATE/COUNTRY UNDER WHICH ORGANIZED | Delaware |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 009 |
| DESCRIPTION | handheld and mobile digital electronic devices for the sending and receiving of telephone calls, faxes, electronic mail, and other digital data; MP3 and other digital format audio players; handheld computers, personal digital assistants, electronic organizers, electronic notepads; magnetic data carriers; telephones, mobile phones, computer gaming machines, |

| | videophones, cameras; prerecorded computer programs for personal information management, database management software, electronic mail and messaging software, paging software, database synchronization software, computer programs for accessing, browsing and searching online databases, computer software and firmware, namely operating system programs, data synchronization programs, and application development tool programs for personal and handheld computers; electronic handheld units for the wireless receipt and/or transmission of data that enable the user to keep track of or manage personal information; software for the redirection of messages, Internet e-mail, and/or other data to one or more electronic handheld devices from a data store on or associated with a personal computer or a server; and software for the synchronization of data between a remote station or device and a fixed or remote station or device; computer hardware and software for providing integrated telephone communication with computerized global information networks |
|---|---|
| FILING BASIS | SECTION 1(b) |
| FILING BASIS | SECTION 44(d) |
| FOREIGN APPLICATION NUMBER | 37090 |
| FOREIGN APPLICATION COUNTRY | Trinidad and Tobago |
| FOREIGN FILING DATE | 03/27/2006 |

## GOODS AND/OR SERVICES SECTION

| | |
|---|---|
| INTERNATIONAL CLASS | 028 |
| DESCRIPTION | hand-held unit for playing electronic games |
| FILING BASIS | SECTION 1(b) |
| FILING BASIS | SECTION 44(d) |
| FOREIGN APPLICATION NUMBER | 37090 |
| FOREIGN APPLICATION COUNTRY | Trinidad and Tobago |
| FOREIGN FILING DATE | 03/27/2006 |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | James Johnston |
| FIRM NAME | Ocean Telecom Services LLC |
| STREET | 1209 Orange Street |
| INTERNAL ADDRESS | Corporation Trust Center, Room 123 |
| CITY | Wilmington |
| STATE | Delaware |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 19801 |
| EMAIL ADDRESS | jjohnstonoatelecom@gmail.com |

| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
|---|---|
| **CORRESPONDENCE INFORMATION** | |
| NAME | James Johnston |
| FIRM NAME | Ocean Telecom Services LLC |
| STREET | 1209 Orange Street |
| INTERNAL ADDRESS | Corporation Trust Center, Room 123 |
| CITY | Wilmington |
| STATE | Delaware |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 19801 |
| EMAIL ADDRESS | jjohnstonoctelecom@gmail.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| NUMBER OF CLASSES | 2 |
| FEE PER CLASS | 325 |
| TOTAL FEE DUE | 650 |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Tue Sep 26 16:20:01 EDT 2006 |
| TEAS STAMP | USPTO/BAS-204.155.226.2-2<br>0060926162001309163-77007<br>808-35079923aef25239279b0<br>5a72157d6b5d-DA-301-20060<br>926152514021927 |

PTO Form 1478 (Rev 9/2006)

OMB No. 0651-0709 (Exp 09/30/2006)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 77007808**
**Filing Date: 09/26/2006**

## To the Commissioner for Trademarks:

**MARK:** iPhone (Standard Characters, see mark)

The literal element of the mark consists of iPhone. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Ocean Telecom Services LLC, a limited liability company organized under the laws of Delaware, having an address of Corporation Trust Center, Room 123, 1209 Orange Street, Wilmington, Delaware, United States, 19801, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

International Class 009: handheld and mobile digital electronic devices for the sending and receiving of telephone calls, faxes, electronic mail,

and other digital data; MP3 and other digital format audio players; handheld computers, personal digital assistants, electronic organizers, electronic notepads; magnetic data carriers; telephones, mobile phones, computer gaming machines, videophones, cameras; prerecorded computer programs for personal information management, database management software, electronic mail and messaging software, paging software, database synchronization software, computer programs for accessing, browsing and searching online databases, computer software and firmware, namely operating system programs, data synchronization programs, and application development tool programs for personal and handheld computers; electronic handheld units for the wireless receipt and/or transmission of data that enable the user to keep track of or manage personal information; software for the redirection of messages, Internet e-mail, and/or other data to one or more electronic handheld devices from a data store on or associated with a personal computer or a server; and software for the synchronization of data between a remote station or device and a fixed or remote station or device; computer hardware and software for providing integrated telephone communication with computerized global information networks

Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

Priority based on foreign filing: Applicant has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services and asserts a claim of priority based on Trinidad and Tobago application number, 37090, filed 03/27/2006.15 U.S.C. Section 1126(d), as amended.

    International Class 028:  hand-held unit for playing electronic games

Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

Priority based on foreign filing: Applicant has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services and asserts a claim of priority based on Trinidad and Tobago application number, 37090, filed 03/27/2006.15 U.S.C. Section 1126(d), as amended.

The applicant hereby appoints James Johnston of Ocean Telecom Services LLC, Corporation Trust Center, Room 123, 1209 Orange Street, Wilmington, Delaware, United States, 19801 to submit this application on behalf of the applicant.

Correspondence information:      James Johnston
                                    Corporation Trust Center, Room 123
                                    1209 Orange Street
                                    Wilmington, Delaware 19801
                                    jjohnstonoctelecom@gmail.com (authorized)

A fee payment in the amount of $650 will be submitted with the application, representing payment for 2 class(es).

### Declaration

RAM Sale Number: 301
RAM Accounting Date: 09/27/2006
Serial Number: 77007808
Internet Transmission Date: Tue Sep 26 16:20:01 EDT 2006
TEAS Stamp: USPTO/BAS-204.155.226.2-2006092616200130
9163-77007808-35079923aef25239279b05a721
57d6b5d-DA-301-20060926152514021927

iPhone

# EXHIBIT D

# Trade Mark Details

## Trade Mark : 1136410

**Word:** IPHONE
**Image:**
**Lodgement Date:** 19-SEP-2006
**Convention Details:** 27-MAR-2006
37090
TRINIDAD AND TOBAGO
**Class/es:** 9
**Status:** Indexing Approved
**Kind:** n/a
**Type:** Fancy Series

```
IPHONE
iPhone
```

**Owner/s:**      **Apple Computer, Inc.**
1 Infinite Loop,
Cupertino,
California 95014,
UNITED STATES OF AMERICA

**Address for Service: Clayton Utz**
PO Box H3
AUSTRALIA SQUARE
1215,NSW

## Goods & Services

**Class: 9** Handheld and mobile digital electronic devices for the sending and receiving of telephone, calls, faxes, electronic mail, and other digital data MP3 and other digital format audio players; handheld computers, personal digital assistants, electronic organizers, electronic notepads; magnetic data ewers; telephones, mobile phones, computer gaming machines, videophones, cameras; pre recorded computer programs for personal information management database management software, electronic mail and messaging software, paging software, database synchronization software, computer programs far accessing, browsing and searching online databases, computer software and firmware, namely operating system programs, data synchronization programs, and application development tool programs for personal and handheld computers; electronic handheld units for the wireless receipt and/or transmission of data that enable the user to keep track of or manage personal information; software for the redirection of messages, Internet mail, and/or other data to me or more electronic handheld devices from a data store on or associated with a personal computer or a server; and software for the synchronization of data between a remote station or device and a fixed or remote station or device; computer hardware and software for providing integrated telephone communication with computerized global, information networks

## Indexing Details - Word Constituents
| | |
|---|---|
| I | IPHONE |
| LTR | PHONE |

## Indexing Details - Image Constituents