# Exhibit 18



T 801.359.9000 : F 801.359.9011 : www.mgpclaw.com
170 South Main Street, Suite 350 : Salt Lake City, Utah 84101

James E. Magleby
magleby@mgpclaw.com

January 17, 2008

*Via Electronic Mail Only*                *Via Electronic Mail Only*

Lisa M. Martens                           David J. Miclean
 martens@fr.com                            miclean@fr.com
Andrew M. Abrams                          FISH & RICHARDSON P.C.
 abrams@fr.com                            500 Arguello Street, Suite 500
FISH & RICHARDSON P.C.                    Redwood City, California 94063
12390 El Camino Real
San Diego, California 92130

    Re:    *Podfitness, Inc. adv. Apple, Inc.*
                United States District Court; Northern District of California; Oakland Division
                Case No. C 06-5805 SBA; Honorable Saundra B. Armstrong

Dear Apple Counsel:

       Pursuant to Federal Rule of Civil Procedure 37, I write to meet and confer with regard to certain of the answers given by your client, Apple, Inc. ("Apple") in response to Defendant Podfitness' First Set of Interrogatories to Plaintiff Apple ("Podfitness' 1st Interrogatories"), contained in Plaintiff Apple's Objections and Responses to Defendant Podfitness' First Set of Interrogatories ("Apple's 1st Answers").

       Please note that our client, Podfitness, Inc. does not waive the right to raise additional issues with respect to Apple's 1st Answers in the future, if necessary and appropriate. Rather, this meet and confer effort is, as you will see below, limited in scope.

       For clarity, we reproduce each of the Interrogatories at issue from Podfitness' 1st Interrogatories:

       **Interrogatory No. 12:** State all facts that form the basis of why Apple and/or its predecessors chose to use the name IPOD.

       **Interrogatory No. 14:** State all facts upon which you rely to support your assertion that the term "pod" is slang for the mark IPOD.

Lisa M. Martens  
Andrew M. Abrams  
FISH & RICHARDSON P.C.  
January 17, 2008  
Page 2

David J. Miclean  
FISH & RICHARDSON P.C.  
January 17, 2008  
Page 2

**Interrogatory No. 15:** Specify the amount of money Apple spent on a month-by-month basis to promote, market, and/or advertise the goods and services offered under the IPOD mark during the period Apple alleges trademark infringement.

In each instance, Apple answered to the effect that it would "produce documents from which the answer to this interrogatory may be ascertained pursuant to Fed. R. Civ. P. 33(d)." [*See* Apple's 1st Answers at 45-46].

However, in order to invoke the advantages offered by Rule 33(d), Apple is required to give an answer "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . ." Fed. R. Civ. P. 33(d)(1). It is not enough for Apple to simply refer generally to its document production. See *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902 (9th Cir. 1983); *see also Lucero v. Valdez*, 240 F.R.D. 591, 595 (D. N.M. 2007) (simply referring a party to a mass of records, or offering to make a party's records generally available, not sufficient under Rule 33(d); *United States v. Los Angeles County*, 235 F.R.D. 675 (E.D. Cal. 2006) (noting that if "the records are voluminous, the responding party must produce an index designed to guide the searcher to the documents responsive to the interrogatories.").

Accordingly, we write to ask that Apple comply with the requirements of Rule 33(d) within ten (10) business days, on or before February 1, 2008, by providing an index specifically identifying the Control Nos. that are responsive to each Interrogatory. If, however, Apple determines that it will not comply with Rule 33(d), then please provide us with notice of this decision as soon as it is made, rather than wait until the tenth business day after our request.

Thank you for your time and consideration.

Sincerely,

MAGLEBY & GREENWOOD, P.C.

James E. Magleby

JEM/bl  
cc: James M. Wagstaffe