David J. Miclean (#115098/miclean@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff and
Counterclaim Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> PODFITNESS, INC., and DOES 1-100, inclusive, <br><br> Defendants. | Case No. C 06-5805 SBA <br><br> **APPLICATION FOR DISCLOSURE OF THE REDACTED INFORMATION IN DOCUMENT NUMBER PF001014 (REDACTED VERSION)** <br><br> Judge: Honorable Joseph C. Spero |
| PODFITNESS, INC., <br><br> Counterclaim Plaintiff <br><br> v. <br><br> APPLE INC., <br><br> Counterclaim Defendant | |

1

APPLICATION FOR DISCLOSURE OF THE REDACTED
INFORMATION IN DOCUMENT NUMBER PF001014 (REDACTED
VERSION)
Case No. C 06-5805 SBA

1   Pursuant to the Order re Joint Letter issued by this Court on February 4, 2008, Plaintiff Apple Inc. ("Apple") hereby submits its Application For Disclosure Of The Redacted Information In Document Number PF001014.  [The Joint Letter can be viewed at Docket Nos. 44 (sealed) and 54 (public).]

**I.    INTRODUCTION**

At issue in this particular discovery dispute is Apple's allegation that the PODFITNESS.COM & Earbud Logo used by Defendant Podfitness, Inc. ("Defendant" or "Podfitness") is confusingly similar to Apple's white earbud trade dress ("Earbud Trade Dress"). Defendant's PODFITNESS.COM & Earbud Logo is shown below on the left, and Apple's Earbud Trade Dress is depicted on the right.

  

In its Answer to Apple's First Amended Complaint and throughout this proceeding, Podfitness has repeatedly disputed Apple's claim of ownership of trade dress rights in the ear buds that are marketed and sold with Apple's iPod products.  Additionally, Podfitness admits to modifying an image of Apple's Earbud Trade Dress in order to create its PODFITNESS.COM & Earbud Logo, but alleges that this was done for aesthetic reasons, and not in an attempt to skirt liability for trade dress infringement.

**REDACTED – [FILED UNDER SEAL]**
, which is why Podfitness is fighting so hard to suppress its full disclosure.

**REDACTED – [FILED UNDER SEAL]**    The notes set forth as follows:

///

///

///

INFORMATION IN DOCUMENT NUMBER PF001014 (REDACTED VERSION)
Case No. C 06-5805 SBA

**REDACTED – [FILED UNDER SEAL]**

In the Order re Joint Letter issued on February 4, 2008, this Court ordered the redaction of a portion of the second sentence of the second paragraph, namely: REDACTED – [FILED UNDER SEAL] However, the Court further indicated that Apple "may make an application for disclosure of the redacted information if [a] deposition and other information establishes that [Dave] Malone was not employed by Defendant at the time of the meeting in question."

Apple has obtained unequivocal evidence, through the deposition testimony of Podfitness' founder Jeff Hays as well as from Podfitness' supplemental document production, that Dave Malone was *not* employed by Podfitness at the time of REDACTED – [FILED UNDER SEAL] Accordingly, his presence at the meeting caused the waiver of any privilege that may have existed, and Document Number PF001014 must be produced without redaction.

## II. ARGUMENT AND SUPPORTING FACTS

### A. Any Privilege Which May Have Existed Has Been Waived

Any claim of privilege on the part of Podfitness is deemed waived due to the presence of a third party at the November 29, 2005 marketing meeting. The law of the 9th Circuit is unambiguous that the disclosure of a privileged attorney-client communication to a third party

waives such a privilege. *United States v. Plache*, 913 F.2d 1375, 1379 (9th Cir. 1990); *Regents of University of California v. Micro Therapeutics Inc.*, 2007 WL 1670120, *3 (N.D. Cal. 2007).

Podfitness acknowledges that the "Dave" referenced in the notes is Dave Malone, who at the time of the meeting served as the Creative Director of third party Power Music, Inc. ("Power Music"). Mr. Malone served on behalf of Power Music as an independent marketing consultant to Podfitness and was <u>not</u> an employee of Podfitness at the time of the November 29, 2005 marketing meeting. In his deposition testimony, Podfitness' founder Jeff Hays admits that Mr. Malone did not become an employee of Podfitness until <u>June of 2006</u>. (*See* Hays Deposition Transcript, p. 28:19-24 at **Exhibit A**.)

Further, Podfitness produced in discovery a Letter Agreement, Stock Purchase Agreement and Voting Agreement formalizing Power Music's purchase of a 20% equity ownership in Podfitness. The effective dates of the agreements demonstrate that the transaction did not occur until <u>January of 2006</u>, again, subsequent to the date of the marketing meeting in question. (*See* PF005120-5122, 5134-5142, 5145-5150 at **Exhibit B**.) Any so-called "shared employment" situation did not commence until <u>May of 2006</u> according to the Power Music/Podfitness Employee Sharing agreement. (*See* PF005198 at **Exhibit C**.) Thus, Podfitness' arguments in the Joint Letter that Power Music was an owner of Podfitness and that Mr. Malone was a "shared employee" of the two companies do not tell the whole story. Whether or not Mr. Malone was an employee of Podfitness at *some point* is entirely irrelevant; for the purposes of this dispute, the appropriate question is whether he was an employee as of November 29, 2005. He was not. This fact is further confirmed by a resume of Mr. Malone which indicates that he was employed by Power Music as its Creative Director from February 2005 to May 2006, and that he did not commence working for Podfitness until after this time period. (*See* **Exhibit D**.)

**B. The "Common Interest" Doctrine is Inapplicable**

The "common interest" doctrine does not bring Mr. Malone, a third party, into the scope of the attorney-client privilege. In *Burroughs v. DeNardi*, 167 F.R.D. 680, 685 (S.D. Cal. 1996),

4 APPLICATION FOR DISCLOSURE OF THE REDACTED
INFORMATION IN DOCUMENT NUMBER PF001014 (REDACTED
VERSION)
Case No. C 06-5805 SBA

the court stated that the common interest privilege, otherwise known as the "joint defense" privilege, applies only when (1) the communications were made in the course of a joint defense (or prosecution); (2) the statements were designed to further a joint defense or prosecution effort; and (3) the privilege has not been waived. *See also Baden Sports, Inc. v. Kabushiki Kaisha Molten*, 2007 WL 1185680, *1 (W.D.Wash. 2007). The "interest" in common must thus represent a shared <u>legal</u> interest akin to that "shared by allied lawyers and clients who are working together in prosecuting or defending a lawsuit or in certain other legal transactions...." *Baden Sports, Inc.*, , 2007 WL at *1, *quoting United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D.Cal. 2003). A mere desire for common commercial goals, such as the success of a company, is not sufficient. *See U.S. Fire Ins. Co. v. Bunge North America, Inc.*, 2006 WL 3715927, *1 (D. Kan. 2006); *Bank Brussels Lambert v. Credit Lyonnais*, 160 F.R.D. 437, 447 (S.D.N.Y.1995) ("the common interest doctrine does not encompass a joint business strategy which happens to include as one of its elements a concern about litigation").

Here, Podfitness has not met the standard for the application of the joint defense privilege, as it has not set forth any facts demonstrating that Mr. Malone actively participated in requesting or formulating a legal opinion as part of an ongoing and joint effort to set up a common defense strategy. In fact, Apple did not issue its first cease and desist letter to Podfitness until months after the November 29, 2005 meeting, so Podfitness had not yet begun preparing for this litigation. All of the available evidence suggests that Mr. Malone was merely a third party marketing consultant who was retained by Podfitness to participate in purely commercial undertakings such as the design of its logo.

### IV. CONCLUSION

In view of the foregoing, any legal information which was disclosed to Mr. Malone should be considered information which is not subject to a claim of attorney-client privilege. Accordingly, Apple respectfully requests that the Court order the disclosure of Document Number PF001014 in its entirety, without redaction.

| | | |
|---|---|---|
| 1 | Dated: April 4, 2008 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: /s/ David J. Miclean |
| | | David J. Miclean |
| 4 | | Lisa M. Martens |
| | | Andrew M. Abrams |
| 5 | | |
| 6 | | Attorneys for Plaintiff |
| | | APPLE INC. |

6

APPLICATION FOR DISCLOSURE OF THE REDACTED INFORMATION IN DOCUMENT NUMBER PF001014 (REDACTED VERSION)
Case No. C 06-5805 SBA

# PROOF OF SERVICE

I am employed in the County of San Diego, my business address is Fish & Richardson P.C., 12390 El Camino Real. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On April 4, 2008, I caused a copy of the following document(s):

**APPLICATION FOR DISCLOSURE OF THE REDACTED INFORMATION IN DOCUMENT NUMBER PF001014 (REDACTED VERSION)**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| James E. Magleby<br>Jason A. McNeill<br>Magleby & Greenwood, P.C.<br>170 South Main Street, Suite 350<br>Salt Lake City, UT 84101<br>(801) 359-9011 (facsimile) | Attorneys for Defendant<br>PODFITNESS, INC. |
| James M. Wagstaffe<br>Kerr & Wagstaffe LLP<br>100 Spear Street, Suite 1800<br>San Francisco, CA 94105-1528<br>(415) 371-0500 (facsimile) | Attorneys for Defendant<br>PODFITNESS, INC. |

    **MAIL:**    Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

[ X ]  **FEDERAL EXPRESS:**    Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on April 4, 2008, at San Diego, California.

                                            /s/Nicole C. Pino
                                              Nicole C. Pino