1  James M. Wagstaffe (95535)
   **KERR & WAGSTAFFE LLP**
2  100 Spear Street, Suite 1800
   San Francisco, CA 94105–1528
3  Telephone: 415.371.8500
   Fax: 415.371.0500
4

5  James E. Magleby (Utah Bar No. 7247, admitted *pro hac vice*)
   Jason A. McNeill (Utah Bar No. 9711, admitted *pro hac vice*)
6  **MAGLEBY & GREENWOOD, P.C.**
   170 South Main Street, Suite 350
7  Salt Lake City, Utah 84101-3605
   Telephone: 801.359.9000
8  Facsimile: 801.359.9011

9  Attorneys for Defendant and
10   Counterclaim Plaintiff Podfitness, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OKLAND DIVISION

| | |
|---|---|
| APPLE COMPUTER, INC., | Case No. C 06-05805 SBA |
| Plaintiff, | **DECLARATION OF JEFF HAYS** |
| v. | Hon. Saundra Brown Armstrong |
| PODFITNESS, INC., and DOES 1-100, Inclusive, | |
| Defendants. | |
| PODFITNESS, INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| APPLE COMPUTER, INC., | |
| Counterclaim Defendants. | |

- 1 -

CASE NO. C 06-05805 SBA                                                                 DECLARATION OF JEFF HAYS

KERR & WAGSTAFFE LLP

I, JEFF HAYS, hereby declare and say as follows:

1. I am over the age of eighteen (18) years of age and have person acknowledge of the facts set forth in this Affidavit. If asked to testify, I could and would testify as to the matters set forth below.

2. At all times, I have been the President of Podfitness, Inc. As such, I was personally involved in the discussions and relationship with Power Music in 2005 and 2006.

3. In or about September or October 2005, Podfitness joined with Power Music to pursue the Podfitness business.

4. At that time, Power Music and Podfitness desired to advance their joint interest in developing and promoting the business of Podfitness. Thus, we struck an agreement, which, although not immediately reduced to writing as is common in startup businesses, provided for Power Music to join Podfitness in pursuing its business, and would allow Power Music to have ownership in Podfitness.

5. The Power Music participation with Podfitness included using Power Music's existing infrastructure to support Podfitness, including its employees, office space, computers, money resources, support, etc., all of which added monetary value to the business and our common goal in growing the Podfitness business.

6. From the onset of this relationship, Podfitness began operating out of Power Music's office. Power Music and Podfitness also shared key employees, and additional employees were undertaken at Power Music's expense to service this venture. Power Music also designed, placed, and paid for Podfitness advertisements.

7. At the time it partnered with Podfitness, Dave Malone was employed by Power Music, overseeing art and design with Power Music and was part of the executive team who reported directly to Power Music's owner, Richard Petty. After commencing its relationship with Podfitness, Dave Malone became part of the executive team for Podfitness, reporting directly to me as Podfitness' art director, and taking on the responsibility for the design and use of Podfitness' brand and logos on the company's web site, packaging and marketing materials.

8. In this shared employment, while Dave Malone was technically on the payroll of Power Music, Dave Malone was actually an employee of the Podfitness/Power Music partnership, and a "de facto" or "functional equivalent" of a Podfitness employee in the September/October 2005 through May 2006 time period.

9. While serving in this capacity, on November 29, 2005, Dave Malone met with me and Teri Sundh, our CEO, regarding (among other things) the design of Podfitness' logo for its marketing efforts.

10. In that meeting, as the person responsible for the design and implementation of Podfitness design work, we discussed certain legal advice given in connection with the Podfitness design work to be used or modified.

11. The legal advice communicated to Dave Malone dealt specifically with those functions of which Dave Malone bore primary responsibility and implementation over, to which he was to report to me. His involvement was necessary to carry out the purpose of that legal advice.

12. The relationship between Podfitness and Power Music and acquisition of Podfitness shares which began in September/October 2005 was later memorialized in January 2006, when a Letter of Agreement and Stock Purchase Agreement were executed.

13. Later on, in or about mid 2006, Power Music and Podfitness separated much of their business, and many of the business functions such as customer service and other services performed with Power Music were transitioned to Podfitness, although Power Music retained its ownership interest in Podfitness.

14. In or about June 2006, Dave Malone was placed on the Podfitness payroll and became a formal employee of Podfitness.

DATED this 18th day of April 2008.

_____
Jeff Hays

# PROOF OF SERVICE

I, Bethany Layton, declare that I am a resident of the State of Utah, over the age of eighteen years, and not a party to the within action. My business address is MAGLEBY & GREENWOOD, P.C., 170 South Main Street, Suite 350, Salt Lake City, Utah 84101

On April 18, 2008, I served the following document(s):

- **Declaration of Jeff Hays**

on the parties listed below as follows:

| | |
|---|---|
| Lisa M. Martens<br>　martens@fr.com<br>Andrew M. Abrams<br>　abrams@fr.com<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, California 92130 | David J. Miclean<br>　miclean@fr.com<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, California 94063 |
| James M. Wagstaffe<br>　wagstaffe@kerrwagstaffe.com<br>KERR & WAGSTAFFE LLP<br>100 Spear Street, Suite 1800<br>San Francisco, CA 94105-1528 | |

☒　　Via CM/ECF System

I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct.

Executed on April 18, 2008, at Salt Lake City, Utah.

_____
Bethany Layton