| | |
|---|---|
| David J, Miclean<br>(#115098/miclean@fr.com)<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, California 94063<br>Telephone: (650) 839-5070<br>Facsimile: (650) 839-5071<br><br>Lisa M. Martens<br>(#195824/martens@fr.com)<br>Andrew M. Abrams<br>(#229698/abrams@fr.com)<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, California 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Attorneys for Plaintiff<br>APPLE INC. | James M. Wagstaffe<br>Kerr & Wagstaffe LLP<br>100 Spear Street, Suite 1800<br>San Francisco, CA 94105-1528<br>Telephone: (415) 371-8500<br>Facsimile: (415) 371-0500<br><br>James E. Magleby<br>Jason A. McNeill<br>Magleby & Greenwood, P.C.<br>170 South Main Street, Suite 350<br>Salt Lake City, UT 84101-3606<br>Telephone: (801) 359-9000<br>Facsimile: (801) 359-9011<br><br>Attorneys for Defendant<br><br>PODFITNESS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PODFITNESS, INC., and DOES 1-100, inclusive,<br><br>    Defendants.<br><br>PODFITNESS, INC.,<br><br>    Counterclaim Plaintiff<br><br>v.<br><br>APPLE INC.,<br><br>    Counterclaim Defendant | Case No. C 06-5805 SBA<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Apple Inc. ("Plaintiff" or "Apple") filed its Complaint on September 21, 2006 against Defendant Podfitness, Inc. ("Defendant" or "Podfitness") and Does 1 to 100, inclusive. In the Complaint, Apple alleges trademark infringement, trade dress infringement, unfair competition, and trademark dilution in violation of the Lanham Act, as well as other violations under California law arising out of Defendant's alleged infringement of Apple's trademarks, and alleged attempt to give the impression of an association between Apple and Defendant's web-based business.

Specifically, Apple alleges that Defendant's "POD" series of trademarks, including PODFITNESS, PODFITNESS.COM & Earbud Logo, PODPOCKET, and PODWORKOUT (collectively, the "Podfitness Marks") are confusingly similar to Apple's "POD" series of trademarks, including IPOD, IPOD NANO, MADE FOR IPOD & Design, IPOD SOCKS, IPOD HI-FI, and POD (collectively, the "Apple Marks"), that the PODFITNESS.COM & Earbud Logo used by Defendant is confusingly similar to Apple's white earbuds trade dress ("Earbud Trade Dress"), and that the use of the Podfitness Marks constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), federal dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and violations of related state laws. Apple also alleges that Defendant's use of the *podfitness.com* domain name, the content of the website located at *www.podfitness.com*, and Defendant's use of various paid search engine keywords and metatags that incorporate the Apple Marks infringe and dilute Apple's rights. Defendant was properly served with the Summons and Complaint on October 2, 2006. Defendant filed its Answer on November 13, 2006. Apple filed its First Amended Complaint on August 1, 2007, reflecting Apple's corporate name change and adding new causes of action for breach of contract and cybersquatting.

Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, IT IS ORDER, ADJUDGED, AND DECREED:

1. Plaintiff Apple Inc. is a corporation organized under the laws of California, with a business address at 1 Infinite Loop, Cupertino, California, 95014.

2. Defendant Podfitness, Inc. is a corporation organized under the laws of Nevada, with a business address at 235 West Sego Lily Drive, 2nd Floor Sandy, Utah 84070.

3. The Court has personal jurisdiction over Defendant based upon the fact that Defendant conducts business in California. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

4. Since October 2001, Apple has continuously and extensively promoted, offered and sold its iPod players, and related goods and services, in interstate commerce under the iPod mark.

5. Apple is the owner of the trademark iPod for use in connection with various consumer electronics goods and services and related clothing and accessories.

6. By virtue of the long, continuous and exclusive use by Apple of the iPod mark, the extensive and costly national and international marketing efforts and repeated association of Apple's goods and services with the iPod mark, and the sale of over 100 million iPod players worldwide since its introduction on October 23, 2001, Apple's mark has become famous all over the world.

7. As a result of Apple's long and continuous use and promotion of the iPod mark in connection with its consumer electronics goods and services and related clothing and accessories, the iPod mark has become distinctive of Apple's goods and serves to identify Apple's such goods and services and to distinguish them from consumer electronics goods and services sold by others.

8. The iPod mark is a distinctive, valid, and protectable trademark of Apple.

9. Apple has asserted that it is the owner of the trademark POD for use in connection with portable and handheld digital electronic devices based on the rights acquired through its United States and foreign trademark filings for the POD mark as well as the fact that consumers and industry publications have recognized, adopted and extensively used the term "POD" in the marketplace as slang for the mark iPod, to refer to Apple's iPod player.

10. Apple has asserted that the POD mark is a distinctive, valid, and protectable trademark of Apple.

11. Apple has asserted that it is the owner of common law rights throughout the United States in the trade dress of its white earbuds, which have been prominently displayed in its advertising for the iPod player, and, most famously, are featured in Apple's popular silhouette advertising campaigns.

12. Apple has asserted that the Earbud Trade Dress has become distinctive of Apple's digital music products and services, and distinguishes Apple's goods and services from those offered by others.

13. Plaintiff and Defendant have agreed to settle and resolve this lawsuit as part of a separate confidential settlement agreement. As part of that agreement, Defendant Podfitness has agreed and stipulated to entry of this Consent Judgment, and its related prohibitions and restrictions upon Podfitness' conduct. More specifically, Defendant, together with all of its officers, agents, servants, employees, representatives, attorneys and assigns, and all other persons, firms, or companies in active concert or participation with it are permanently enjoined and restrained from directly or indirectly:

 a. Using the iPod and POD marks in any way or using any word, words, phrases, symbols, logos, or any combination of words or symbol that would create a likelihood of confusion, mistake, or deception therewith, including, without limitation, the Podfitness Marks, in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of goods and/or services in commerce;

    b.  Marketing or promoting its product in a manner that is an infringement of, or is likely to cause confusion with, the iPod and POD marks and Earbud Trade Dress;

    c.  Unfairly competing with Apple in any manner whatsoever;

    d.  Doing any other act likely to induce the mistaken belief that Defendant or its goods or services or commercial activities are in any way affiliated, connected, or associated with Apple or its goods or services;

    e.  Causing likelihood of confusion, injury to Apple's business reputation, or dilution of the distinctiveness of Apple's iPod mark, symbols, labels, or forms of advertisement;

    f.  Committing trademark infringement, trade dress infringement, trademark dilution, false advertising, false designation of origin, false descriptions, unfair competition, and/or interference with prospective economic advantage and/or any other act or making any other statement that infringes or dilutes Apple's trademarks or trade dress or constitutes an act of infringement, dilution, unfair competition, untrue and misleading advertising, and/or interference with prospective economic advantage, under federal law and/or the laws of the state of California; and

    g.  Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) through (f).

  14.  In the event Defendant breaches any term of this Consent Judgment and Permanent Injunction, or otherwise infringes or dilutes Apple's trademark or trade dress rights, Apple shall be entitled to injunctive relief, damages, and profits, and Defendant shall pay Apple's attorneys' fees and costs incurred as a result of such infringement, dilution, and/or breach, including investigative costs incurred in the discovery of such infringement, dilution, and/or breach.

  15.  Podfitness agrees that the federal or state courts in California shall have personal jurisdiction over Podfitness in any dispute involving this Consent Judgment and Permanent Injunction and any future violation of Apple's trademark or trade dress rights.

  16.  The Permanent Injunction shall remain in full force and effect until modified by order of this Court.

17. The parties shall bear their own fees and costs for this action.

**IT IS SO ORDERED.**

Dated: _____

_____
The Honorable Saundra B. Armstrong
United States District Judge

## CONSENT TO ENTRY

The parties hereby consent to the terms and conditions of this Consent Judgment and Permanent Injunction as set forth herein and consent to entry thereof.

Dated: May 22, 2008

APPLE INC.

By: [signature]
Name: Kevin Saul
Title: Assistant Secretary

Dated: May 22, 2008

FISH & RICHARDSON P.C.

By: /David J. Miclean/
David J. Miclean
Lisa M. Martens
Andrew M. Abrams
Attorneys for Plaintiff
APPLE INC.

Dated: May 22, 2008

PODFITNESS, INC.

By: [signature]
Name: Jeff Hays
Title: President

Dated: May 22, 2008

MAGLEBY & GREENWOOD, P.C.

By: /s/ James E. Magleby
James E. Magleby

Attorneys for Defendant
PODFITNESS, INC.

10757585.doc

# PROOF OF SERVICE

I am employed in the County of San Mateo, my business address is Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, California 94063. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On May 28, 2008, I caused a copy of the following document(s):

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| James E. Magleby<br>Jason A. McNeill<br>Magleby & Greenwood, P.C.<br>170 South Main Street, Suite 350<br>Salt Lake City, UT 84101<br>(801) 359-9011 (facsimile) | Attorneys for Defendant<br>PODFITNESS, INC. |
| James M. Wagstaffe<br>Kerr & Wagstaffe LLP<br>100 Spear Street, Suite 1800<br>San Francisco, CA 94105-1528<br>(415) 371-0500 (facsimile) | Attorneys for Defendant<br>PODFITNESS, INC. |

[X] **MAIL:** Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL:** Such envelope was delivered by hand to the offices of the addressee.

[ ] **FACSIMILE:** Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.

[ ] **ELECTRONIC MAIL:** Such document was transmitted by electronic mail to the addressees' email addresses as stated above.

[ ] **FEDERAL EXPRESS:** Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express.

1

| | | |
|---|---|---|
| 1 | ☐ **EXPRESS MAIL:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service. |
| 2 | | |
| 3 | ☐ **OVERNIGHT DELIVERY:** | Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents. |
| 4 | | |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on May 28, 2008, at Redwood City, California.

_____
Diane M. Arceo-Lowenstein

50488240.doc