David J, Miclean
(#115098/miclean@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Lisa M. Martens
(#195824/martens@fr.com)
Andrew M. Abrams
(#229698/abrams@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff
APPLE INC.

James M. Wagstaffe
Kerr & Wagstaffe LLP
100 Spear Street, Suite 1800
San Francisco, CA 94105-1528
Telephone: (415) 371-8500
Facsimile: (415) 371-0500

James E. Magleby
Jason A. McNeill
Magleby & Greenwood, P.C.
170 South Main Street, Suite 350
Salt Lake City, UT 84101-3606
Telephone: (801) 359-9000
Facsimile: (801) 359-9011

Attorneys for Defendant

PODFITNESS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (OAKLAND DIVISION)

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> PODFITNESS, INC., and DOES 1-100, inclusive, <br><br> Defendants. <br><br> PODFITNESS, INC., <br><br> Counterclaim Plaintiff <br><br> v. <br><br> APPLE INC., <br><br> Counterclaim Defendant | Case No. C 06-5805 SBA <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Apple Inc. ("Plaintiff" or "Apple") filed its Complaint on September 21, 2006 against Defendant Podfitness, Inc. ("Defendant" or "Podfitness") and Does 1 to 100, inclusive. In the Complaint, Apple alleges trademark infringement, trade dress infringement, unfair competition, and trademark dilution in violation of the Lanham Act, as well as other violations under California law arising out of Defendant's alleged infringement of Apple's trademarks, and alleged attempt to give the impression of an association between Apple and Defendant's web-based business. Specifically, Apple alleges that Defendant's "POD" series of trademarks, including PODFITNESS, PODFITNESS.COM & Earbud Logo, PODPOCKET, and PODWORKOUT (collectively, the "Podfitness Marks") are confusingly similar to Apple's "POD" series of trademarks, including IPOD, IPOD NANO, MADE FOR IPOD & Design, IPOD SOCKS, IPOD HI-FI, and POD (collectively, the "Apple Marks"), that the PODFITNESS.COM & Earbud Logo used by Defendant is confusingly similar to Apple's white earbuds trade dress ("Earbud Trade Dress"), and that the use of the Podfitness Marks constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), federal dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and violations of related state laws. Apple also alleges that Defendant's use of the *podfitness.com* domain name, the content of the website located at *www.podfitness.com*, and Defendant's use of various paid search engine keywords and metatags that incorporate the Apple Marks infringe and dilute Apple's rights. Defendant was properly served with the Summons and Complaint on October 2, 2006. Defendant filed its Answer on November 13, 2006. Apple filed its First Amended Complaint on August 1, 2007, reflecting Apple's corporate name change and adding new causes of action for breach of contract and cybersquatting.

Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, IT IS ORDER, ADJUDGED, AND DECREED:

1.     Plaintiff Apple Inc. is a corporation organized under the laws of California, with a business address at 1 Infinite Loop, Cupertino, California, 95014.

2.     Defendant Podfitness, Inc. is a corporation organized under the laws of Nevada, with a business address at 235 West Sego Lily Drive, 2nd Floor Sandy, Utah 84070.

3.     The Court has personal jurisdiction over Defendant based upon the fact that Defendant conducts business in California.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

4.     Since October 2001, Apple has continuously and extensively promoted, offered and sold its iPod players, and related goods and services, in interstate commerce under the iPod mark.

5.     Apple is the owner of the trademark iPod for use in connection with various consumer electronics goods and services and related clothing and accessories.

6.     By virtue of the long, continuous and exclusive use by Apple of the iPod mark, the extensive and costly national and international marketing efforts and repeated association of Apple's goods and services with the iPod mark, and the sale of over 100 million iPod players worldwide since its introduction on October 23, 2001, Apple's mark has become famous all over the world.

7.     As a result of Apple's long and continuous use and promotion of the iPod mark in connection with its consumer electronics goods and services and related clothing and accessories, the iPod mark has become distinctive of Apple's goods and serves to identify Apple's such goods and services and to distinguish them from consumer electronics goods and services sold by others.

8.     The iPod mark is a distinctive, valid, and protectable trademark of Apple.

9.     Apple is the owner of the trademark POD for use in connection with portable and handheld digital electronic devices based on the rights acquired through its United States and foreign trademark filings for the POD mark as well as the fact that consumers and industry

publications have recognized, adopted and extensively used the term "POD" in the marketplace as slang for the mark iPod, to refer to Apple's iPod player.

10.     The POD mark is a distinctive, valid, and protectable trademark of Apple.

11.     Apple is the owner of common law rights throughout the United States in the trade dress of its white earbuds, which have been prominently displayed in its advertising for the iPod player, and, most famously, are featured in Apple's popular silhouette advertising campaigns.

12.     The Earbud Trade Dress has become distinctive of Apple's digital music products and services, and distinguishes Apple's goods and services from those offered by others.

13.     Defendant has sold customized audio workout files and related services under the PODFITNESS mark.

14.     The Podfitness Marks, and the PODFITNESS trade name and domain name are confusingly similar to the Apple Marks.

15.     Defendant uses, or intends to use, the Podfitness Marks on goods and services in interstate commerce that are identical, or at least highly related, to Apple's iPod goods and services.

16.     Defendant's promotion and sales of its goods and services under the Podfitness Marks are directed to consumers of Apple's iPod goods and services and are conducted through the same channels of trade as are used by Apple to promote and sell its iPod goods and related services.

17.     Defendant's use of the Podfitness Marks and Defendant's marketing tactics which have utilized images and references to Apple's iPod player are likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry, and all channels of trade for Apple's iPod goods and related services.

18.     Defendant's use of the Podfitness Marks on and in connection with its goods and services and Defendant's marketing tactics which have utilized images and references to Apple's iPod player are likely to cause confusion, to cause mistake, or to deceive customers and potential customers as to the source of Defendant's goods and services, as to an affiliation or connection

between Apple's iPod player and Defendant's goods and services, as to an affiliation or connection between Apple and Defendant's goods and services, or as to Apple's approval, endorsement, or sponsorship of Defendant's goods and services.

19.     Based on Apple's trademark rights in the Apple Marks, Defendant's use of the Podfitness Marks on its goods and services is likely to cause consumers to believe that Apple is the source of Defendant's goods and services or that Defendant's goods and services are sponsored by, affiliated with, or otherwise approved or endorsed by Apple.

20.     Defendant's use of the PODFITNESS.COM & Earbud Logo, which incorporates the dominant elements comprising the Earbud Trade Dress, is likely to cause confusion, to cause mistake, or to deceive as to the source of the goods and services by Defendant, or as to affiliation, connection, association, sponsorship, or approval of such goods and services.

21.     Defendant's use of the PODFITNESS.COM & Earbud Logo, which incorporates the dominant elements comprising the Earbud Trade Dress, is likely to cause the public to believe that the goods and services Defendant is offering originate from Apple or are associated with Apple.

22.     Defendant's use of the Podfitness Marks on and in connection with its goods and services is likely to dilute the distinctive quality of Apple's iPod trademark.

23.     Defendant's use of the Podfitness Marks on and in connection with its goods and services is likely to injure the business reputation of Apple.

24.     Defendant, together with all of its officers, agents, servants, employees, representatives, attorneys and assigns, and all other persons, firms, or companies in active concert or participation with it are permanently enjoined and restrained from directly or indirectly:

a.     Using the iPod and POD marks or any confusingly similar marks in any way or using any word, words, phrases, symbols, logos, or any combination of words or symbol that would create a likelihood of confusion, mistake, or deception therewith, including, without limitation, the Podfitness Marks, in connection with or in the marketing, offering, selling,

disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of goods and/or services in commerce;

  b. Maintaining any materials in its possession or under its control that contain infringements of, or things likely to cause confusion with, the iPod and POD marks and Earbud Trade Dress;

  c. Unfairly competing with Apple in any manner whatsoever;

  d. Doing any other act likely to induce the mistaken belief that Defendant or its goods or services or commercial activities are in any way affiliated, connected, or associated with Apple or its goods or services;

  e. Causing likelihood of confusion, injury to Apple's business reputation, or dilution of the distinctiveness of Apple's iPod mark, symbols, labels, or forms of advertisement;

  f. Committing trademark infringement, trade dress infringement, trademark dilution, false advertising, false designation of origin, false descriptions, unfair competition, and/or interference with prospective economic advantage and/or any other act or making any other statement that infringes or dilutes Apple's trademarks or trade dress or constitutes an act of infringement, dilution, unfair competition, untrue and misleading advertising, and/or interference with prospective economic advantage, under federal law and/or the laws of the state of California; and

  g. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) through (f).

 25. In the event Defendant breaches any term of this Consent Judgment and Permanent Injunction, or otherwise infringes or dilutes Apple's trademark or trade dress rights, Apple shall be entitled to injunctive relief, damages, and profits, and Defendant shall pay Apple's attorneys' fees and costs incurred as a result of such infringement, dilution, and/or breach, including investigative costs incurred in the discovery of such infringement, dilution, and/or breach.

26.     Podfitness agrees that the federal or state courts in California shall have personal jurisdiction over Podfitness in any dispute involving this Consent Judgment and Permanent Injunction and any future violation of Apple's trademark or trade dress rights.

27.     The Permanent Injunction shall remain in full force and effect until modified by order of this Court.

28.     The parties shall bear their own fees and costs for this action.

**IT IS SO ORDERED.**

Dated: <u>6/6/08</u>                          _____

The Honorable Saundra B. Armstrong
United States District Judge

## CONSENT TO ENTRY

The parties hereby consent to the terms and conditions of this Consent Judgment and Permanent Injunction as set forth herein and consent to entry thereof.

Dated:  May 22, 2008                    APPLE INC.

By: _____

Name: _____

Title: _____


Dated:  May 22, 2008                    FISH & RICHARDSON P.C.


By:  /David J. Miclean/_____
    David J. Miclean
    Lisa M. Martens
    Andrew M. Abrams
Attorneys for Plaintiff
APPLE INC.


Dated:  May 22, 2008                    PODFITNESS, INC.

By: _____

Name: _____

Title: _____


Dated: May 22, 2008                     MAGLEBY & GREENWOOD, P.C.


By:  /s/ James E. Magleby_____
    James E. Magleby

Attorneys for Defendant
PODFITNESS, INC.

50488397.doc

# PROOF OF SERVICE

I am employed in the County of San Mateo, my business address is Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, California 94063.  I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On June 6, 2008, I caused a copy of the following document(s):

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| James E. Magleby | Attorneys for Defendant |
| Jason A. McNeill | PODFITNESS, INC. |
| Magleby & Greenwood, P.C. | |
| 170 South Main Street, Suite 350 | |
| Salt Lake City, UT  84101 | |
| (801) 359-9011 (facsimile) | |
| | |
| James M. Wagstaffe | Attorneys for Defendant |
| Kerr & Wagstaffe LLP | PODFITNESS, INC. |
| 100 Spear Street, Suite 1800 | |
| San Francisco, CA 94105-1528 | |
| (415) 371-0500 (facsimile) | |

[X] **MAIL:** Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL:** Such envelope was delivered by hand to the offices of the addressee.

[ ] **FACSIMILE:** Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above.  Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.

[ ] **ELECTRONIC MAIL:** Such document was transmitted by electronic mail to the addressees' email addresses as stated above.

CONSENT JUDGMENT AND PERMANENT INJUNCTION
Case No. C 06-5805 SBA

| | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| --- | --- | --- |
| | **EXPRESS MAIL:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service. |
| | **OVERNIGHT DELIVERY:** | Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents. |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on June 6, 2008, at Redwood City, California.

_____
Diane M. Arceo-Lowenstein